**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| **DARRELL KIMBROUGH, MSN, FNP-C** § § § | |
| **Plaintiff,** § § | |
| V. § | Civil No. _____ |
| § | |
| **NAEEM KAHN, M.D. and AMARILLO URGENT CARE, LLC** § § § § | |
| **Defendants.** § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Plaintiff Darrell Kimbrough, MSN, FNP-C ("Kimbrough" or "Plaintiff") files this Original Complaint against Defendant Naeem Kahn, M.D. ("Dr. Kahn") and Amarillo Urgent Care, LLC, ("AUC") (collectively the "Defendants") and for causes of action shows as follows:

**I. SUMMARY**

1. This is a straight-forward case of the Defendants' failure to pay Plaintiff overtime and pay him for all hours worked while in Defendants' employ in violation of the Fair Labor Standards Act ("FLSA").

2. Defendants paid Plaintiff as a non-exempt employee on an hourly rate. Plaintiff regularly worked in excess of 40 hours a week, but was not paid the legally mandated overtime premium. Moreover, Plaintiff regularly worked "off the clock" for the clinic, but he was not paid either straight time or overtime for those hours.

3. Defendants' failure to pay Plaintiff for all hours worked and their failure to pay the one and one-half rate overtime premium is a plain and simple violation of the FLSA.

4. Plaintiff has also been subjected to retaliatory conduct for asserting his rights under the FLSA. The retaliation occurred while Plaintiff was employed and has continued since his employment ended.

## II. PARTIES

5. Plaintiff Darrell Kimbrough is an individual residing in Amarillo, Texas. Plaintiff worked for Defendants as an employee within the meaning of FLSA, 29 U.S.C. § 203(e)(1).

6. Defendant Dr. Kahn is an individual who, based on information and belief, resides at 7415 Woodmont Drive, Amarillo, Texas 79119. Defendant Kahn is a doctor licensed to practice in the State of Texas, practices in Amarillo, Texas, and is the director and CEO of AUC. Dr. Kahn is an employer within the meaning of FLSA, 29 U.S.C. § 203(d) and is subject to individual liability in this case. *See e.g. Irizarry v. Catsimatidis,* 722 F.3d 99 (2nd Cir. 2013).

7. Defendant Amarillo Urgent Care, LLC d/b/a Amarillo Urgent Care ("AUC") is a Texas limited liability company with its principal place of business and principal office located at 1915 S. Coulter Street, Suite 200, Amarillo, Texas 79106. AUC is an employer within the meaning of FLSA, 29 U.S.C. § 203(d).

8. AUC is a walk-in urgent care center. Plaintiff was employed by Defendants as a nurse practitioner. AUC is exclusively owned and operated by Dr. Kahn. All business practices, acts and omissions and decisions which adversely affecting Plaintiff were committed by Dr. Kahn or at Dr. Kahn's direction.

## III. JURISDICTION AND VENUE

9. This Court has original subject matter jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*

10. Venue is proper because the events, acts and omissions complained of occurred within this federal district.

11. Defendants are subject to this Court's personal jurisdiction.

12. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's claims of interference and defamation because those claims are so related to the claims within the Court's original jurisdiction (failure to pay worktime and overtime/retaliation) that they form part of the same case or controversy under Article 3 of the U.S. Constitution.

### IV. FACTUAL BACKGROUND

#### A. Plaintiff's Employment with Defendants

13. In September of 2016, Kimbrough, an optimistic, newly licensed Family Nurse Practitioner, accepted his first position as a nurse practitioner with AUC pursuant to the terms of a letter agreement dated September 29, 2016 ("AUC Employment Agreement").

14. Kimbrough began working as a Nurse Practitioner at AUC on February 1, 2017.

15. Kimbrough was not exempt from the FLSA and its overtime mandate because he was paid on an hourly basis and therefore was entitled to receive the one and one-half times rate for all hours worked in excess of 40 hours in a work week.

16. Moreover, like physician assistants, nurse practitioners are not exempt under the 29 U.S.C. § 541.314(e) salary basis exemptions. *See e.g. Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) and *Cuttic v. Crozer-Chester Medical Center,* 806 F. Supp.2d 796 (E.D. Pa. 2011).

17. Unfortunately, Plaintiff's employment with Defendants was fraught with issues, difficulties and sharp differences in professional and ethical standards. The intolerable working conditions caused Plaintiff to become fearful not only of jeopardizing his own career but also of jeopardizing the safety of the patients treated at AUC. The deplorable practices he observed and

the lack of standards at AUC compelled Plaintiff to file a complaint with the Texas Medical Board and Texas Board of Nursing on January 29, 2018, citing the inappropriate acts observed and describing the hostile work environment to which he was subjected.

18. During a conversation with Dr. Kahn on January 26, 2018, Dr. Kahn made several false statements attacking Plaintiff's professional conduct and character. Plaintiff has since learned that, following his termination, Dr. Kahn has continued to communicate these false statements regarding Plaintiff's character and conduct to other health care professionals.

19. Plaintiff was therefore subjected to a constructive discharge on January 27, 2018.

**B. Plaintiff's Compensation while Employed at AUC**

20. In addition to the issues described in the preceding paragraphs, Defendants knowingly and willfully failed to pay Plaintiff in compliance with the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA").

21. While employed, Kimbrough was designated as non-exempt and paid an hourly rate of $48.08 per hour. However, during his employment with AUC, Plaintiff regularly worked in excess of thirty-six hours in workweeks. In addition to Plaintiff's patient load, he was required by Defendants to regularly work off-the-clock in order to comply with charting and related responsibilities—in fact, Defendant Kahn discouraged his employees from charting while on-the-clock. Specifically, during the last year, Plaintiff worked a minimum of 50 hours per workweek and upwards of 75 hours in certain workweeks. In light of this fact, Kimbrough is entitled to straight time for all unpaid hours up to 40 hours in each workweek of his employment and the overtime premium for all hours worked in excess of 40 hours in each of those workweeks.

22.     Defendants failed to pay Plaintiff one-and-one-half time his regular rate of pay for each hour worked over forty in a workweek resulting in Plaintiff working 735 uncompensated hours. Of 735 total uncompensated hours, 134 hours should have been paid at straight time ($48.08) and the remainder at the overtime rate ($72.12).

23.     Defendants' misclassification constitutes a willful violation of the FLSA for purposes of limitations and remedies recoverable. Defendants as the employer bear the legal burden of establishing whether an exemption applies to a specific employee.  This burden includes the duty to review applicable legal standards and guidance which are applied narrowly. Consequently, Defendants' misclassification was either performed without proper review or with intentional disregard as to the application of legal standards and guidance.

**C. Defendants' Non-Compete Provision and Subsequent Interference with Plaintiff's Employment**

  1. <u>Defendants' Conduct was Intentional</u>

24.     On January 5, 2018, Plaintiff accepted an offer of employment from Occupational Health Centers of the Southwest, P.A. (TX) a managed professional affiliate of Concentra Health Services, Inc. ("Concentra") ("Concentra Offer Letter"). Before accepting Concentra's employment offer, Plaintiff sought and obtained permission from Defendants to undertake the employment.

25.     The Concentra Offer Letter provided Plaintiff the option of working in either Concentra's Lubbock, Texas center or its Amarillo, Texas center. The Plaintiff began working on a part-time basis at Concentra's Lubbock location on or about January 30, 2018.  Lubbock is outside the non-competition area recited in the AUC Employment Agreement.

26.     However, after Plaintiff complained to Dr. Kahn about the working conditions and the failure to pay him properly, Defendants interfered with Plaintiff's relationship with

Concentra. Based on information and belief, Concentra received a communication from or on behalf of Defendants asserting falsely that Plaintiff's employment with Concentra was in violation of the non-compete provision in his AUC Employment Agreement. The following day, March 12, 2018, Concentra removed Plaintiff from the schedule and he has been unable to work at Concentra thereafter. This interference, which occurred on or about March 12, 2018, directly resulted in Plaintiff's discharge from any Concentra location.

2. <u>Plaintiff's Employment with Concentra did not Violate the Non-Compete Provision in the AUC Employment Agreement</u>

27. The AUC Employment Agreement's Non-Compete clause reads as follows: "**Non-Compete**. It is expressly understood that should the Employee leave AUC, the Employee shall be bound by a restrictive covenant, not to practice in an urgent care setting within a 60 mile radius of AUC for a period of 90 days following the termination of employment with AUC. Employee may work part-time at another non urgent care setting with the approval of the CEO." ("AUC Non-Compete Clause")

28. The AUC Non-Compete Clause (which is unenforceable on its face) is wholly inapplicable to Plaintiff's employment with Concentra. For obvious reasons, Defendants lacked a good-faith belief that the AUC Non-Compete Clause applied to Plaintiff's employment with Concentra: sitting approximately 120 miles south of Amarillo, Lubbock is well beyond the 60 mile radius limitation the Non-Compete Clause seeks to impose.

### V. CONDITIONS PRECEDENT

29. All conditions precedent to the fling of this suit have been satisfied.

### VI. CAUSES OF ACTION

**A. Count One – Back Wages Under the FLSA**

30. Plaintiff incorporates its allegations as set forth above as if set forth fully herein.

31. At all times during the term of Plaintiff's employment by Defendants, Plaintiff was Defendants' "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

32. At all times during the term of Plaintiff's employment by Defendants, Defendants were Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

33. Plaintiff regularly worked for Defendants in excess of 40 hours per work, thereby entitling him to regular wages and overtime wages for hours worked in excess of 40 as provided by the FLSA.

34. No provision was made by Defendants to pay Plaintiff regular wages or overtime wages and such wages were not paid to Plaintiff by Defendants.

35. Defendants' failure to properly pay Plaintiff constitutes a violation of the FLSA and resulted in Plaintiff sustaining a loss of wages owed.

36. Plaintiff has sustained damages which were proximately caused by Defendants' wrongful actions.

37. Plaintiff seeks unpaid wages going back to his date of hire or the statutory maximum of three (3) years, whichever is longer, along with liquidated damages, attorney fees, and all other relief permitted.

**B. Count Two – Retaliation**

38. Plaintiff incorporates its allegations as set forth above as if set forth fully herein.

39. After Plaintiff asserted his rights under the FLSA and made demand that Defendants pay his earned but unpaid wages, Defendants engaged in retaliatory conduct.

40. Plaintiff was engaged in protected activity under the FLSA.

41. Plaintiff suffered adverse employment and post-employment action by Defendants.

42. There is a casual connection between Plaintiff's protected conduct and the adverse action of the Defendants.

43. Plaintiff has sustained damages which were proximately caused by Defendants' unlawful conduct.

**C. Count Three – Defamation (Per Se and Per Quod)**

44. Plaintiff incorporates its allegations as set forth above as if set forth fully herein.

45. On information and belief, Defendants have repeatedly and intentionally published false statements about the Plaintiff in response to Plaintiff's complaints as to the working conditions and practices engaged in by Defendants.

46. Defendants first made these statements on or about January 26, 2018, and Defendants have continued to issue the defamatory statements since that time.

47. Defendant Kahn issued these statements as an individual and also as the CEO of Defendant AUC.

48. Defendants have caused damages and such statements will continue to damage Plaintiff's personal and professional reputation.

49. Plaintiff has sustained damages which were proximately caused by Defendants' wrongful actions.

**D. Count Four – Tortious Interference with Existing Contract**

50. Plaintiff incorporates its allegations as set forth above as if set forth fully herein.

51. Plaintiff and Concentra entered into a valid contract for employment via the January 5, 2018 Concentra Offer Letter. Defendants had actual knowledge of Plaintiff's employment with Concentra. First, Defendants gave Plaintiff expressed permission to work at Concentra on a part-time basis. And second, Defendants' sent a letter to Concentra, on or about

March 11, 2018, claiming that Plaintiff's employment with Concentra was in violation of the Non-Compete Clause.

52. By contacting Concentra via their counsel's March 11th letter, it was Defendants intent to interfere with Plaintiff's and Concentra's performance under their contract. Defendants' interference with Plaintiff's employment was willful and intentional.

53. Defendants' interference was the proximate cause of Plaintiff's injury and damages. Were it not for Defendants' interference, Plaintiff would still be employed at Concentra.

54. As a result of Plaintiff's loss of employment—caused by Defendants' interference, Plaintiff has suffered actual damages in the form of lost wages in an amount to be proven at trial.

### E. Count Five – Fraudulent Misrepresentation

55. Plaintiff incorporates its allegations as set forth above as if set forth fully herein.

56. Defendants materially misrepresented to Concentra that Plaintiff was violating the Non-Compete Clause in the AUC Employment Agreement.

57. Defendants knew when they represented that Plaintiff was violating the Non-Compete Clause that this statement was false. In the alternative, if Defendants did not know it was false, Defendants made the statement recklessly and without any regard for ascertaining the truth behind their assertion. Defendants knew or should have known that Plaintiff was working at Concentra's Lubbock location which was well beyond the 60 mile restriction in the Non-Compete Clause.

58. Defendants made the representation for no other purpose than with the intent that Concentra would act upon the Defendants' statement. And, Concentra did, in fact, act upon

Defendants false representation. Concentra immediately removed Plaintiff from its schedule following receipt of Defendants' false statement.

59. Plaintiff has sustained damages which were proximately caused by Defendants' wrongful conduct. As a result of Defendants' misrepresentation, Plaintiff has been unable to work and has suffered actual damages in the form of lost wages in an amount to be proven at trial.

### VII. ATTORNEYS' FEES AND COSTS

60. As a result of Defendants' conduct, Plaintiff has been required to retain counsel and has agreed to pay this counsel a reasonable fee. Plaintiff specifically pleads that he is entitled to and seeks recover of its costs and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b)

### VIII. JURY TRIAL

61. Plaintiff requests a trial by jury.

### PRAYER FOR RELIEF

WHERFORE, Plaintiff requests that:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate for each hour worked over forty which is an amount in excess of **$50,000.00**.

2. Judgment against Defendants that their violation of the FLSA was willful; therefore, a Judgment against Defendants for an equal amount to the wage damages which are in excess of **$50,000** as liquidated damages;

3. Judgment against Defendants for an amount equal to Plaintiff's lost wages, both past and future, for their retaliatory interference with Plaintiff's employment with Concentra;

4. Judgment in an amount to be determined by a jury against Defendants for the emotional pain and suffering;

5. Judgment in an amount to be determined by a jury against Defendants for damage to Plaintiff's reputation;

6. Judgment for pre- and post-judgment interest;

7. All costs incurred and reasonable attorneys' fees for prosecuting these claims;

8. For such further relief as the Court deems just and equitable.

Dated: April 27, 2018

        Respectfully submitted,

        **MULLIN HOARD & BROWN, LLP**

        /s/ Shawn D. Twing
        Shawn D. Twing
        Texas Bar No. 00798008
        Elizabeth A. Chermel
        Texas Bar No. 24074026
        500 South Taylor, Suite 800
        Amarillo, Texas  79101
        (806) 372-5050 Telephone
        (806) 372-5086 Facsimile
        stwing@mhba.com
        bchermel@mhba.com

        /s/Shawn D. Twing
        SHAWN D. TWING
        ATTORNEYS FOR PLAINTIFF