**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **DARRELL KIMBROUGH, MSN, FNP-C** § | | |
| Plaintiff § | | |
| § | | |
| Vs. § | **CIVIL NO. 2:18-CV-00082-D** | |
| § | | |
| **NAEEM KAHN, M.D. and** § | | |
| **AMARILLO URGENT CARE, LLC** § | | |

**ANSWER OF DEFENDANTS NAEEM KHAN, M.D. AND
AMARILLO URGENT CARE, LLC**

NOW COMES Defendants Naeem Khan, M.D. (herein "Dr. Khan") and Amarillo Urgent Care, LLC (herein "AUC"), (collectively referred to herein as "Defendants"), and file this their Answer to Plaintiff's complaint.

### I.   Defendant(s)' Responses to Plaintiff's Allegations

1. Defendants deny each and every allegation not specifically admitted to.

2. Regarding the allegations raised in Paragraph 1, Defendants specifically deny that Plaintiff regularly worked in excess of 40 hours a week, was not paid the legally mandated overtime premium, that Plaintiff regularly worked off the clock for the clinic and that he was not paid either straight time or overtime for those hours.

3. The allegation raised in Paragraph 3 is a legal conclusion which Defendants specifically deny.

4. Defendants specifically deny the allegations raised in Paragraph 4.

5. Defendants neither admit nor deny that Plaintiff resides in Amarillo, Texas and that Plaintiff was an employee within the meaning of FLSA, 29 U.S.C., Sec. 203(e)(1), and leave Plaintiff to his proof thereof.

6. Defendant Dr. Khan admits he resides at 7415 Woodmont Drive, Amarillo, Texas and that he is a doctor licensed to practice in the state of Texas, practices in Amarillo, Texas and is the director and CEO of Amarillo Urgent Care. The remaining allegations of the paragraph are legal conclusions which Dr. Khan denies.

7. Defendant Amarillo Urgent Care admits it is a Texas LLC with its principal place of business and principal office located at 1915 S. Coulter Street, Suite 200, Amarillo, Tex 79106. The remaining allegation in this paragrh is a legal conclusion which Amarillo Urgent Care denies.

8. Defendant AUC admits it is a walk-in clinic and that Plaintiff was employed as a nurse practitioner and that AUC is exclusively owned and operated by Dr. Khan. Defendants deny that any business practices, acts and omissions and decisions adversely affected Plaintiff and further deny that Plaintiff was in any way adversely affected by Dr. Khan or at Dr. Khan's direction.

9. Defendants neither admit nor deny the allegations of Paragraph 9 and leave Plaintiff to his proof thereof.

10. Defendants neither admit nor deny the allegations of Paragraph 10 and leave Plaintiff to his proof thereof.

11. Defendants neither admit nor deny the allegations of Paragraph 11 and leave Plaintiff to his proof thereof.

12. Paragraph 12 contains legal conclusions which Defendants deny.

13. Defendants admit the allegations contained in Paragraph 13.

14. Defendants admit the allegations contained in Paragraph 14.

15. Paragraph 15 contains a legal conclusion which Defendants deny.

16. Paragraph 16 contains a legal conclusion which Defendants deny.

17. Defendants admit that Plaintiff filed a complaint with the Texas Medical Board and Texas Board of Nursing. Defendants deny the existence of a hostile working environment at AUC. Defendants further aver that to the extent Plaintiff found intolerable working conditions at AUC, such condition was the result of Plaintiff's own conduct.

18. Defendant Dr. Khan denies each and every allegation contained in Paragraph 18.

19. Defendants deny that Plaintiff was subjected to a constructive discharge. Plaintiff was a no-call, no-show for work on both January 27th and 28th, 2018.

20. Defendants deny each and every allegation contained in paragraph 20.

21. Defendants deny the Paragraph 21 allegations that employees were required to work off-the-clock for any reason. Defendants neither admit nor deny the number of hours which Plaintiff worked and leave Plaintiff to his proof. Defendants deny the remaining allegations contained in Paragraph 21.

22. Defendants deny the allegations and calculations contained in Paragraph 22.

23. Paragraph 23 contains legal conclusions which Defendants deny.

24. Defendants are without knowledge to admit or deny Plaintiff's start date with Concentra.

25. Defendants are without knowledge to admit or deny the allegations contained in Paragraph 25.

26. To the extent Defendants communicated with Concentra, such communication was for the purpose of enforcing Defendants rights pursuant to its agreement with Plaintiff, of which

Plaintiff was fully aware and into which Plaintiff willingly entered. Defendants are without sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 26.

27. Defendants admit that Paragraph 27 expresses AUC's non-compete agreement.

28. Paragraph 28 contains legal conclusions which Defendants deny. Defendants deny they were aware Plaintiff worked in Lubbock. In fact, counsel for Defendants sent letter Concentra's Amarillo location.

29. Defendants are without knowledge to admit or deny the allegation contained in Paragraph 29.

30. Paragraph 30 does not require a response.

31. Paragraph 31 contains a legal conclusion which Defendants deny.

32. Paragraph 32 contains a legal conclusion which Defendants deny.

33. Defendants deny the allegations contained in Paragraph 33.

34. Defendants deny the allegations contained in Paragraph 34.

35. Paragraph 35 contains a legal conclusion which Defendants deny.

36. Defendants deny that any damages sustained by Plaintiff are caused by any act/omission on the part of Defendants.

37. Paragraph 37 does not require a response.

38. Paragraph 38 does not require a response.

39. Defendants deny the allegations in Paragraph 39.

40. Paragraph 40 is a legal conclusion which Defendants deny.

41. Defendants deny the allegations contained in paragraph 41.

42. Paragraph 42 contains a legal conclusion which Defendants deny.

43. Defendants deny the allegations contained in paragraph 43.

44. Paragraph 44 does not require a response.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny that they have made any defamatory statements at any time.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in paragraph 48.

49. Defendants deny that they have caused Plaintiff any damages.

50. Paragraph 50 does not require a response.

51. Defendants are without knowledge to admit or deny the circumstances of Plaintiff's employment with Concentra as contained in Paragraph 51. Defendants admit they sent a letter to Concentra's Amarillo location to ensure Defendants' legal rights were protected.

52. Defendants deny that they contacted Concentra to interfere with Plaintiff's contract. Defendants admit they contacted Concentra's Amarillo location in an effort to protect their legal rights.

53. Defendant's deny the Paragraph 53 allegations that their actions are the cause, legal or proximate, of Plaintiff's alleged damages.

54. Defendants aver that if Plaintiff lost his job with Concentra, such was the result of Plaintiff's violation of his legal obligations to Defendants.

55. Paragraph 55 does not require a response.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny that its representations to Concentra regarding the Non-compete agreement were made in any manner other than a good-faith effort to enforce and protect their rights.

58. Defendants deny any ill purpose in communicating with Concentra's Amarillo location. Defendants communicated with Concentra in an effort to protect their legal rights.

59. Defendants deny that they are in any way liable or responsible for Plaintiff's alleged damages.

60. Defendants are without knowledge to admit or deny the allegations contained in Paragraph 60.

## II.   ADDITIONAL DEFENSES

Defendants allege and assert the following additional defenses (in addition to those stated above), undertaking the burden of proof only as to those defenses which are affirmative defenses under the law. In addition to the defenses asserted below, Defendants specifically reserve all rights to assert any other or additional defenses that are now or may become available or appear during, or as a result of, the proceedings or further investigation in this action.

### First Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The Complaint fails to state a claim for joint employer liability under Iqbal/Twombly or otherwise.

### Third Defense

Plaintiff has not been an "employee" who have performed "work" as those terms are defined by the FLSA. Accordingly, he is not entitled to the FLSA's protections.

**Forth Defense**

To the extent the FLSA applies to the claims raised in the Complaint, at all pertinent hereto, Defendants have acted in good faith and not in willful violation of the FLSA.

**Fifth Defense**

To the extent the FLSA applies to the claims raised in the Complaint, any and all deductions any of the Defendants made from Plaintiff's wages were lawful under the FLSA.

**Sixth Defense**

Claims raised by Plaintiff are barred by the applicable statute of limitations.

**Seventh Defense**

Plaintiff unreasonably failed to take advantage of appropriate opportunities to prevent, mitigate, accommodate, and/or correct any damages, harmful conduct, problem, or complaint.

**Eighth Defense**

Any damage, loss, or injury Plaintiff has suffered were not caused by or attributable to Defendants.

**Ninth Defense**

To the extent the FLSA applies to the claims raised in the Complaint, Defendants are entitled to a credit towards the minimum wage for the proper deductions they have made from Plaintiffs' pay in accordance with the FLSA.

**Tenth Defense**

To the extent the FLSA applies to the claims raised in the Complaint, Defendants are entitled to a set off of any damages to which some or all of the Plaintiffs may be entitled.

**Eleventh Defense**

As a separate alternative defense, Defendants allege that Plaintiffs' claims may be barred by any or all of the defenses set forth in Rule 8(c) of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred by one or more of said defenses not specifically set out above cannot be determined until Defendants have had an opportunity to complete discovery. Defendants, therefore, incorporate all such affirmative defenses as fully set forth therein.

**Twelfth Defense**

Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA").

**Thirteenth Affirmative**

At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

**Fourteenth Defense**

Defendants did not know or show reckless disregard for whether their conduct was prohibited by the FLSA.

**Fifteenth Defense**

This action is barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

**Sixteenth Defense**

In the alternative, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

### Seventeenth Defense

To the extent that Plaintiff may seek punitive damages, Plaintiff's recovery is limited by applicable provisions of the FLSA and the Texas and/or United States Constitutions. Any award of punitive damages to Plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provided to Defendants under the Constitution of the United States and/or the laws of the State of Texas.

### Eighteenth Defense

Plaintiff is not entitled to punitive/liquidated damages as Defendants did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

### Nineteenth Defense

Plaintiff's action is barred because he seeks to recover for time that is de minimus work time and thus not compensable under the FLSA.

### Twentieth Defense

To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery.

### Twenty-first Defense

Without assuming the burden of proof, Plaintiffs were compensated for all hours worked in excess of 40 hours in any particular workweek (as Plaintiffs themselves reported their time worked) at a rate not less than that set forth by the overtime provisions of the FLSA.

### Twenty-Second Defense

Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

### Twenty-Third Defense

The Plaintiff's claims are estopped by the submission of his/their own time records, for which Defendants compensated them for all overtime worked and claimed.

### Twenty-Fourth Defense

The alleged time for which Plaintiffs seek compensation is irregular as well as practically and administratively difficult to record.

### Twenty-Fifth Defense

Plaintiffs have failed to mitigate their alleged damages.

### Twenty-Sixth Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel and/or laches.

### Twenty-Seventh Defense

Some or all of Plaintiff's claims are barred by accord and satisfaction, settlement and/or payment and release.

### Twenty-Eighth Defense

Plaintiff has failed to exhaust administrative remedies.

### Twenty-Ninth Defense

Defendants' actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

### Thirtieth Defense

Defendants reserve the right to assert further affirmative defenses as they become evident through discovery investigation.

### Thirty-First Defense

All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

### Thirty-Second Defense

The Complaint, and each purported claim for relief alleged therein, is barred to the extent that Plaintiff's own acts or omissions, including Plaintiff's own failure to follow instructions, policies, or procedures of her employer, caused or contributed to her claims

### Thirty-Third Defense

Plaintiff's claims are barred because Plaintiff and the individuals she seeks to represent consented to, acquiesced in, and/or ratified through express or implied agreement the conduct of which they now complain and/or to the extent that their actions were voluntary.

### Thirty-Fourth Defense

Subject to proof through discovery, some or all of the claims asserted by Plaintiff and/or potential collective action members, are barred in whole or in part by the doctrines of after-acquired evidence and/or unclean hands.

### Thirty-Fifth Defense

Subject to proof through discovery, some or all of Plaintiff's and/or any potential collective action members' claims are barred in whole or in part by the doctrines of estoppel, quasi-estoppel, and/or equitable estoppel.

### Thirty-Sixth Defense

The Defendants show that the Plaintiff cannot satisfy his burden of proof under the sections of the FLSA applicable to this case.

**WHEREFORE,** Defendants respectfully demand judgment in their favor and against Plaintiffs on all claims in the Complaint plus costs and all other relief that the Court deems just and proper.

    RESPECTFULLY SUBMITTED,
    Attorney for Defendants

    /s/  Bryan Owens

    Bryan Patrick Owens
    Texas State Bar Number 24049229
    2608 Hibernia St., Suite 105
    Dallas, TX 75204
    Tel: 214-304-5429
    Email: bryan@owenscriminaldefense.com

## **CERTIFICATION**

Undersigned counsel certifies that all interested parties have been served with this Answer by the processes of the U.S. Court system's e-filing system.

    /s/  Bryan Owens