IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL KIMBROUGH, | § | |
| | § | |
| | § | |
| Plaintiff, | § | 2:18-CV-82 |
| | § | |
| v. | § | |
| | § | |
| AMARILLO URGENT CARE, LLC et al., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**ORDER TO SUBMIT JOINT PROPOSED SCHEDULING ORDER
AND SETTING RULE 16 SCHEDULING CONFERENCE**

**\* Joint Proposed Scheduling Order Due Date:  July 30, 2018 \***
**\* Rule 16 Scheduling Conference:  August 2, 2018 @ 11:00 a.m. \***

This order is entered to facilitate entry of a Scheduling Order pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and the Northern District's Civil Justice Expense and Delay Reduction Plan (the "Plan").  This order also contains preliminary information intended to help the parties comply with applicable rules and procedures.  The Federal Rules of Civil Procedure and the local civil rules in effect on the date of this order, together with amendments to these rules that take effect while this case is pending, apply to this case.

I. DUE DATE FOR JOINT PROPOSED SCHEDULING ORDER

If this case is not settled or otherwise resolved **before July 30, 2018**, the "Joint Proposed Scheduling Order Due Date," then the parties must submit a Joint Proposed Scheduling Order that contains the matters set out in Section V. below.  Because of the Court's Rule 16(b)(2) deadline for issuing a Scheduling Order, any request for an extension of the Joint Proposed Scheduling Order Due Date must be made by written motion and be supported by good cause.

II. INITIAL DISCLOSURE REQUIREMENTS
AND OBJECTION PROCEDURE

The initial disclosure requirements of Federal Rule of Civil Procedure 26(a)(1) apply to this case unless Rule 26(a)(1)(B) exempts disclosure or the parties stipulate otherwise. If, during the Rule 26(f) conference process, a party objects that initial disclosures are not appropriate and states the objection in the Joint Proposed Scheduling Order, *see* Rule 26(a)(1)(C), the party must file a separate letter with the proposed order that alerts the Court to the fact that the objection has been made.

### III. RULE 26(f) CONFERENCE

No later than four (4) business days before the Joint Proposed Scheduling Order Due Date, lead counsel for each party (or a designee attorney with appropriate authority) must meet in person at a mutually agreeable location, and confer on the matters specified in Rule 26(f)(2) and this order. Under Rule 26(f)(2) "[t]he court may order the parties or attorneys to attend the conference in person." The Court rarely excuses the attorneys from the requirement that they meet "in person," and it never does so unless a party obtains advance approval. However, if a party has retained local counsel, then local counsel is permitted to attend the conference in person instead of lead counsel, with lead counsel also attending by telephone.

The requirement of an in-person meeting does not apply, however, if one or more parties are proceeding pro se. In that instance, the Rule 26(f) conference may be conducted telephonically, by mail, or by other means that will accomplish the conference requirement.

### IV. MOTIONS FILED PRIOR TO REMOVAL

**If this is a removal case**, and the parties filed *any* motions in state court prior to removal to this Court, and those motions were not ruled on at the state court, *it is the responsibility of the parties to re-urge any pending motion with this Court*. The Clerk of the Northern District is *not* responsible for docketing pending motions when cases are removed. If parties do not re-urge any pending state court motions, this Court will not consider those motions.

### V. CONTENTS OF JOINT PROPOSED SCHEDULING ORDER

If the parties disagree about a particular proposal, they must provide their respective recommendations and explain their disagreement. The parties shall submit their proposals in the form of a pleading rather than as an order for the Court to sign. The Court will enter its own Scheduling Order after the Rule 16 Scheduling Conference is completed. If a party fails to participate in the proposal process, the Court will enter a Scheduling Order without that party's proposals.

A. *Required Contents*.

The Joint Proposed Scheduling Order **must** contain:

1. a brief statement of the nature of the case, including the contentions of the parties;

2. any challenge to jurisdiction or venue;

3. a statement as to the likelihood that other parties will be joined;

4. proposed time deadlines:

    a. to join other parties;
    b. for parties seeking affirmative relief to designate expert witnesses;
    c. for parties seeking affirmative relief to make the expert disclosures required by Rule 26(a)(2);
    d. for parties opposing affirmative relief to designate expert witnesses;
    e. for parties opposing affirmative relief to make the expert disclosures required by Rule 26(a)(2);
    f. for all parties to designate rebuttal expert witnesses; and
    g. to object to experts (*i.e., Daubert* and similar motions);
    h. to amend the pleadings;
    i. to complete discovery;
    j. to file dispositive motions, including motions for summary judgment;
    k. to file all other motions except motions in limine;
    l. for filing Rule 26(a)(3) disclosures.

5. the parties' views and proposals on each of the matters listed in Rule 26(f)(3)(A)-(F), listed under six separate subheadings corresponding with the above-listed subsections of Rule 26;

6. under separate headings, the parties shall include:

    a. a statement as to whether all the parties consent to referring this case to a magistrate judge for jury or nonjury trial pursuant to 28 U.S.C. § 636(c) (unless all parties consent, the statement need not identify the parties who do not consent);

    b. the current status of settlement negotiations, and a statement as to whether and when it is advisable to refer the case for alternative dispute resolution (*see* Plan § III) or conduct a court-supervised settlement conference;

    c. a proposed trial date if the parties <u>have</u> consented to referral to the magistrate judge per paragraph 6.a. above. If the parties <u>have not</u> so consented, then a "ready for trial" date the district judge may use to determine when the case will be set for trial. Under this heading, also provide an estimate of the number of trial days and indicate whether a jury has been demanded;

    d. if a party is required under N.D. Tex. Civ. R. 83.10(a) to have local counsel, the date local counsel entered an appearance or that the party moved for leave to proceed without local counsel; and

    e. the date a certificate of interested persons required under N.D. Tex. Civ. R. 3.1(c), 3.2(e), 7.4, or 81.1(a)(3)(D) was filed by a party or the party adopted another party's certificate of interested persons.

    B.    *Permitted Contents*.

The Joint Proposed Scheduling Order **may** contain:

1. proposed modifications of the timing of disclosures under Rule 26(a) and Rule 6(e)(1);

2. proposed modifications of the extent of discovery otherwise permitted under the Rules;

3. proposals for disclosure, discovery, or preservation of electronically stored information;

4. any agreements the parties have reached for asserting claims of privilege or of protection as trial-preparation material after information is produced, including agreements reached under Fed. R. Evid. 502;

5. a proposed procedure for requiring that, before moving for an order relating to discovery, the movant must request a conference with the magistrate judge;

6. proposed dates for any pretrial conferences, if needed, for a final pretrial conference, and for trial, keeping in mind that if the parties have not consented to referral to the magistrate judge per paragraph 6.a. above, then the undersigned cannot set the dates referenced in this paragraph; nevertheless, those proposed dates will still be useful to the District Judge in determining a trial schedule for the case;

7. proposals pertaining to any other appropriate matters.

## VI.  RULE 16 SCHEDULING CONFERENCE

Counsel shall appear at an initial pretrial and scheduling conference before the undersigned on **August 2, 2018 at 11:00 a.m.** in the Third Floor Courtroom of the United States Courthouse, 205 S.E. 5th Ave., Amarillo, Texas. Counsel for each party who appears at the conference must have (a) *full* knowledge of the case and (b) authority to bind the client.

Because of the Court's Rule 16(b)(2) deadline for issuing a Scheduling Order, any request for an extension of the Rule 16 Scheduling Conference must be made by written motion and be supported by good cause.

After that conference, the Court will enter a Scheduling Order pursuant to Rule 16(b) of the Federal Rules of Civil Procedure. Without filing a motion, the parties may agree to the extension of any date in the Scheduling Order, except for the dispositive motion deadline, pretrial material filing deadline, pretrial conference date and trial date. However, the Court will not give effect to any extensions agreed upon without the necessity of a motion unless the parties file with the Court prompt written notice confirming the existence of the extension.

The Rule 16 Scheduling Conference will address the matters listed in V.A. and B. above and set forth in the parties' Joint Proposed Scheduling Order. For the convenience of out-of-town

counsel, the Court will allow participation by telephone if requested by letter to the Court's Courtroom Deputy in writing by email at least a week in advance of the conference date. The Courtroom Deputy will respond to the email with further instructions.

IT IS SO ORDERED.

ENTERED on June 22, 2018.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE