# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **DARRELL KIMBROUGH, MSN, FNP-C** | § | |
| Plaintiff | § | |
| | § | |
| Vs. | § | CIVIL NO. 2:18-CV-00082-D |
| | § | |
| **NAEEM KAHN, M.D. and** | § | |
| **AMARILLO URGENT CARE, LLC** | § | |

## DEFENDANTS' UNOPPOSED MOTION TO CONSOLIDATE

Pursuant to Fed. R. Civ. P. 42 and Local Rule 42.1, Amarillo Urgent Care, LLC and Naeem Khan, M.D. (collectively, "the Defendants"), bring this unopposed motion to consolidate the following two actions: *Darrell Kimbrough, MSN, FNP-C v. Naeem Khan, M.D. and Amarillo Urgent Care*, No. 2:18-cv-00082-D ("Kimbrough"), filed April 27, 2018; *and Mary Benard, MSN, FNP-C and Tina Spohn-Ledford, MSN, FNP-C v. Naeem Khan, M.D. and Amarillo Urgent Care, LLC,* No. 2:18-cv-00111-M (individually, "Bernard" and Spohn-Ledford" and collectively "Benard/Spohn-Ledford"), filed June 15, 2018.

For the reasons set forth below, consolidation of the two actions into first-filed Civ. No. 2:18-cv-00082-D is appropriate because (1) both actions allege violations of identical provisions of the Fair Labor Standards Act ("FLSA") which present substantially the same legal issues, (2) to the extent the lawsuits involve different causes of action, the different causes of action are inextricably linked to plaintiff's employment with AUC; (3) discovery in both actions will involve nearly identical requests for substantially similar documentation, in form and substance; and (4) consolidation will promote the just and efficient conduct of the litigation avoiding duplicative proceedings in this District.

## I.   Background

1. Kimbrough started working for Amarillo Urgent Care, LLC (herein "AUC") in September 2016. Bernard began working for AUC in March 2016 and Spohn-Ledford began working for AUC in June 2016. All three were employed as nurse practitioners. All three were paid an hourly wage.

2. The employees worked full work weeks in the location of AUC. As part of their obligations, each was required to complete charts for patients for record-keeping and billing procedures. AUC permitted each of these employees to complete some of the charting from home, on a work-from-home basis.

3. Kimbrough filed suit alleging the following causes of action: Count 1- Back Wages Under the FLSA; Count 2- Retaliation; Count 3- Defamation ; Count 4- Tortious Interference with Existing Contract; Count 5- Fraudulent Misrepresentation

4. Benard/Spohn-Ledford filed suit alleging the following causes of action: Count 1- Back Wages Under the FLSA; and Count 2- Retaliation.

## II.   Argument

As the above stated facts show, two sets of Plaintiffs are now claiming violations of the FLSA. Both sets of Plaintiffs are bringing claims premised on their assertions that they were not paid overtime. The additional claims brought by Kimbrough involve his employment with AUC.

Federal Rule of Civil Procedure 42(a) states in pertinent part that

> if actions before the court involve a common question of law or fact,
> the court may  . . consolidate the actions.

Rule 42(a)(2). The above rule is one of convenience and exists to give the court discretion to decide how cases on its docket are to be handled so that the business of the court may be dispatched with

expedition and economy while providing justice to the parties. *See Miller v. U.S. Postal Service*, 729 F2d 1033, 1036 (5th Cir 1984); *Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 643 (E.D. Wis. 1998).

Factors the court must consider are: Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *cert.denied*, 460 U.S. 1102 (1983) and 464 U.S. 1040 (1984)).

Here, all of the factors weigh in favor of consolidation. Consolidation poses no risk of confusion to the parties as the substantive claims are largely the same. A failure to consolidate does however, risk inconsistent adjudications on common legal issues and would burden the parties and witnesses with unnecessary and largely duplicative discovery. "District court judges in this circuit have been urged to make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Young v. City of Augusta ex rel. DeVaney*, 59 F.3d 1160, 1169 (11th Cir. 1995).

Here, where both actions allege the same conduct and are premised on the same or closely related legal theories, consolidation is appropriate. While there are some differences with respect to the additional claims included in the *Kimbrough* complaint that are not included in the *Benard/Spohn-Ledford* action, the witnesses and evidence is expected to largely overlap. The consolidation and merger of the instant case with *Mary Benard, MSN, FNP-C and Tina Spohn-Ledford, MSN, FNP-C v. Naeem Khan, M.D. and Amarillo Urgent Care, LLC,* No. 2:18-cv-00111-

M will facilitate witness convenience, minimize the cost of litigation, and eliminate any potential confusion and possible inconsistencies that two cases may cause. Pursuant to FED. R. CIV. P. 42, the cases should be consolidated.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully urge that the Court grant this motion, and consolidate and merge *Mary Benard, MSN, FNP-C and Tina Spohn-Ledford, MSN, FNP-C v. Naeem Khan, M.D. and Amarillo Urgent Care, LLC,* No. 2:18-cv-00111-M.

Dated: July 26, 2018

RESPECTFULLY SUBMITTED,

MULLIN, HOARD & BROWN, LLP

| /s/ Elizabeth A. Chermel | /s/ Bryan Owens |
|---|---|
| Shawn D. Twing, SBN 00798008 | Bryan Patrick Owens, SBN 24049229 |
| stwing@mhba.com | bryan@owenscriminaldefense.com |
| 500 South Taylor, Suite 800 | 2608 Hibernia St., Suite 105 |
| P. O. Box 31656 | Dallas, TX 75204 |
| Amarillo, Texas 79120-1656 | Phone: 214-304-5429 |
| Phone: (806) 372-5050 | |
| Fax: (806) 372-5086 | *Attorney for Defendants* |
| Elizabeth A. Chermel, SBN 24064027 | |
| bchermel@mhba.com | |
| 2515 McKinney Avenue, Suite 900 | |
| Dallas, Texas 75201 | |
| Phone: 214-754-0040 | |
| Fax: 214-754-0043 | |

*Attorneys for Plaintiff*