**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **DARRELL KIMBROUGH, MSN, FNP-C** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL NO. 2:18-CV-00082-D |
| | § | |
| **NAEEM KAHN, M.D.** and | § | |
| **AMARILLO URGENT CARE, LLC** | § | |
| | § | |
| Defendants. | § | |

## JOINT STATUS REPORT AND SCHEDULING ORDER

Pursuant to the Court's June 22, 2018 Order (Doc. 9), Plaintiff, Darrell Kimbrough, ("Plaintiff") and Defendants, Dr. Naeem Khan and Amarillo Urgent Care, LLC (collectively "Defendants") submit this Joint Status Report and Scheduling Order. Plaintiff's counsel met and conferred with Defendant's counsel on July 11, 2018, and the parties further conferred through electronic mail to propose the following:

### A. Required Contents

**(1) A Brief Statement of the Claims and Defenses.**

   (a) <u>Plaintiff's Statement.</u> Plaintiff has brought claims against the Defendants for failure to pay Plaintiff for all hours worked, including regular hours and overtime hours, in violation of the Fair Labor and Standards Act ("FLSA") while Plaintiff was an employee of Defendants. Plaintiff has also brought claims against Defendant for retaliation under the FLSA, defamation, tortious interference with an existing contract and fraudulent misrepresentation based on Defendants' conduct following the termination of Plaintiff's employment with Defendants.

(b) <u>Defendant's Statement.</u>  Defendant denies any and all allegations, expressed or implied, that Defendant violated the Fair Labor and Standards Act ("FLSA"). Defendant also denies any claims of retaliation under the FLSA, defamation, tortious interference with an existing contract and fraudulent misrepresentation.

**(2) Challenge to Jurisdiction or Venue.**

There are no challenges to this Court's jurisdiction or to venue.

**(3) Likelihood that Other Parties will be Joined.**

Neither party anticipates joining any additional parties. Therefore, the likelihood of joinder of other parties is extremely low.

**(4) Proposed Time Deadlines.**

The parties propose the following deadlines subject to Defendants' Unopposed Motion to Consolidate and the parties' Joint Motion to Stay Scheduling Deadlines, both filed July 29, 2018. Out of an abundance of caution, the parties submit this proposed scheduling order to comply with the Court's June 22nd Order.

(a) To join other parties—**August 30, 2018.**

(b) For parties seeking affirmative relief to designate expert witnesses—**November 1, 2018**.

(c) For parties seeking affirmative relief to make the expert disclosures required by Rule 26(a)(2)—**December 1, 2018**.

(d) For parties opposing affirmative relief to designate expert witnesses—**January 1, 2018**.

(e) For parties opposing affirmative relief to make the expert disclosures required by Rule 26(a)(2)—**February 1, 2019**.

(f) For all parties to designate rebuttal expert witnesses—**March 1, 2019**.

    (g) For all parties to object to experts—**May 12, 2019**.

    (h) For all parties to amend the pleadings—**July 12, 2019**.

    (i) To complete discovery—**April 12, 2019**

    (j) To file dispositive motions, including motions for summary judgment—**June 12, 2019**.

    (k) To file all other motions except motions in limine—**September 1, 2019**.

    (l) For filing Rule 26(a)(3) disclosures—**September 9, 2019**.

**(5) Proposals as to Matters Listed in Rule 26(f)(3) (A)-(F).**

**(A) Changes that should be made in timing, form or requirement for disclosures under Rule 26(a).**

Initial Disclosures shall be made by **September 10, 2018**. No changes in timing, form or requirement for disclosures are foreseen by the parties.

**(B) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues**.

The claims and defenses asserted in this case will set the scope of discovery needed.

**(C) Issues about disclosure, discovery, or preservation of electronically stored information.**

The Parties are unaware of any issues relating to disclosure or discovery of electronically store information. The Parties will work together to resolve any issues that might arise and will develop and ESI protocol, if necessary.

**(D) Issues about claims of privilege or of protections as trial preparation materials.**

The Parties agree to redact any confidential information, such as social security numbers or health issues. Otherwise, the Parties do not anticipate the introduction of privileged or confidential information.

**(E) Changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules.**

The Parties do not anticipate any changes will be needed regarding limitations on discovery as imposed under the FRCP or the Local Rules.

**(F) Any other orders the Court should enter.**

On July 29, 2018, Defendants filed their Unopposed Motion to Consolidate (Doc. 10). Also on July 29, 2018, the Parties filed a Motion to Stay Scheduling Deadlines (Doc. 11). The parties request the Court enter orders on these two motions.

**(6) Additional Required Items.**

(a) The parties do not consent to referring this case to a magistrate judge.

(b) The parties have discussed engaging in alternative dispute resolution and anticipate setting a date for mediation in the next few months.

(c) The parties propose a ready for trial date of November 9, 2019.

(d) Neither party is required to have local counsel under N.D. Tex. Civ. R. 83.10(a).

(e) A certificate of interested persons was filed by Plaintiff on April 27, 2018 (Doc. 2) and by Defendants on June 8, 2018 (Doc. 8) pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Texas.

### B. Permitted Contents

**(1) Proposed modifications of the timing of disclosures under Rule 26(a) and Rule 26(e) 1.**

There are no proposed modifications of the timing of disclosures under Rule 26(a) and Rule 26(e)(1) subject to Defendant's contention that the timing of these disclosures may need to be modified pending the Court's ruling on the pending motions mentioned in Section 4(F), above.

**(2) Proposed modifications of extent of discovery otherwise permitted.**

None anticipated at this time.

**(3) Proposal for disclosure, discovery or preservation of electronically stored information.**

None at this time, except as described in Section (A)(5)(C) above.

**(4) Agreements regarding claims of privilege or protection as trial preparation materials.**

No agreements have been reached at this time.

**(5) Proposed procedure for conference with magistrate judge before requesting court orders on discovery.**

The parties are agreeable to this arrangement.

**(6) Proposed dates for pretrial conferences and final pretrial conference.**

The parties propose the dates of **September 26, 2019** for pretrial conference and **November 9, 2019** for final pretrial conference.

Dated: July 30, 2018                                          Respectfully submitted,


MULLIN, HOARD & BROWN, LLP

/s/ Elizabeth A. Chermel                                      /s/  Bryan Owens
Shawn D. Twing, SBN 00798008                                  Bryan Patrick Owens, SBN 24049229
stwing@mhba.com                                               bryan@owenscriminaldefense.com
500 South Taylor, Suite 800                                   2608 Hibernia St., Suite 105
P. O. Box 31656                                               Dallas, TX 75204
Amarillo, Texas 79120-1656                                    Phone: 214-304-5429
Phone: (806) 372-5050
Fax: (806) 372-5086                                           *Attorney for Defendants*
Elizabeth A. Chermel, SBN 24064027
bchermel@mhba.com
2515 McKinney Avenue, Suite 900
Dallas, Texas 75201
Phone: 214-754-0040
Fax: 214-754-0043

*Attorneys for Plaintiff*