IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL KIMBROUGH, MSN, FNP-C, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:18-CV-82-D |
| | § | |
| NAEEM KAHN, M.D. and | § | |
| AMARILLO URGENT CARE, LLC, | § | |
| | § | |
| Defendants. | § | |

**ORDER GRANTING DEFENDANTS'**
**UNOPPOSED MOTION TO CONSOLIDATE**

Before the Court is *Defendants' Unopposed Motion to Consolidate* filed July 29, 2018 [ECF 10]. By their motion, defendants seek to consolidate Cause No. 2:18-CV-111-D styled *Mary Benard, MSN, FNP-C and Tina Spohn-Ledford, MSN, FNP-C v. Naeem Khan, M.D. and Amarillo Urgent Care, LLC,* with the instant case. Defendants argue consolidation is appropriate "because (1) both actions allege violations of identical provisions of the Fair Labor Standards Act ("FLSA") which present substantially the same legal issues, (2) to the extent the lawsuits involve different causes of action, the different causes of action are inextricably linked to plaintiff's employment with AUC; (3) discovery in both actions will involve nearly identical requests for substantially similar documentation, in form and substance; and (4) consolidation will promote the just and efficient conduct of the litigation avoiding duplicative proceedings in this District."

Federal Rule of Civil Procedure 42(a)(2) provides that this Court may consolidate actions if they "involve a common question of law or fact." The rule is one of convenience and exists to give the Court discretion to decide how cases on its docket are to be handled so that the business of the

Court may be dispatched with expedition and economy while providing justice to the parties. *See Miller v. U.S. Postal Service*, 729 F2d 1033, 1036 (5th Cir 1984); *Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 643 (E.D. Wis. 1998).

The Court has considered the following factors:  Whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (quoting *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982), *cert.denied*, 460 U.S. 1102 (1983) and 464 U.S. 1040 (1984)). The Court finds all of the factors weigh in favor of consolidation and that consolidation poses no risk of confusion to the parties as the substantive claims in the cases are largely the same.  Moreover, both actions allege the same conduct and are premised on the same or closely related legal theories.  While there are additional claims included in the complaint filed in the instant cause that are not included in Cause No. 2:18-CV-111-D, defendants have advised they expect witnesses and evidence to largely overlap.

The Court finds the consolidation and merger of Cause No. 2:18-CV-111-D into the instant case will facilitate witness convenience, minimize the cost of litigation, and eliminate any potential confusion and possible inconsistencies that two cases may cause.  Consequently, the United States District Clerk is directed to consolidate Cause No. 2:18-CV-111-D into Cause No. 2:18-CV-82-D.

IT IS SO ORDERED.

ENTERED August 29, 2018.

*/s/ Lee Ann Reno*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE