IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL KIMBROUGH, MSN, FNP-C, § | | |
| MARY BENARD, MSN, FNP-C and § | | |
| TINA SPOHN-LEDFORD, MSN, FNP-C § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| vs. § | | CIVIL NO. 2:18-CV-00082-D |
| § | | |
| NAEEM KAHN, M.D. and § | | |
| AMARILLO URGENT CARE, LLC § | | |
| § | | |
| Defendants. § | | |

# FIRST AMENDED MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS DR. NAEEM KHAN, M.D. AND AMARILLO URGENT CARE AND MEMORANDUM IN SUPPORT

Pursuant to Local Rule 83.12 BRYAN OWENS ("Movant") hereby moves this Court for an Order permitting him to withdraw his representation of Defendants Naeem Khan, M.D. and Amarillo Urgent Care. Movant states the following grounds in support of this Motion.

1. Movant has provided Defendants by email and certified U.S. Mail Movant's Notice of Termination, pursuant to Movant's ethical obligations. The address for both defendants is as follows:

   | Amarillo Urgent Care | Dr. Naeem Khan |
   |---|---|
   | 1915 Coulter Rd. | 1915 Coulter Rd. |
   | Amarillo, TX 79106 | Amarillo, TX 79106 |
   | 806-939-3726 | 806-939-3726 |

2. Movant and Defendants have reached an insurmountable impasse regarding strategic decisions for the defense of this matter and how to further proceed in this litigation.

3. No attorney is to be substituted at this time. A copy of this Motion has been served on Defendants by email. Movant requests a hearing in the event this Court insists on Defendant's signature. Defendants did not respond to Movant's request for signature.

4. Movant's withdrawal will not cause any prejudice or delay in this case. Movant has notified defendants of the grounds for withdrawal by both email and certified U.S. Mail. Movant has provided to Defendants the names and phone numbers of numerous attorneys in the Amarillo area whose websites state they represent clients in employment-related litigation.

5. Motion to Consolidate and the parties' Joint Motion to Stay Scheduling Deadlines, both filed Julys 29, 2018. Out of an abundance of caution, the parties submit this proposed scheduling order to comply with the Court's June 22nd Order.

6. The Court's scheduling Order is as follows:

   a. *Pretrial Materials due by 2/1/2019 by parties opposing affirmative relief.*

   b. *Amended Pleadings due by 8/12/2019.*

   c. *Discovery due by 5/13/2019.*

   d. *Motions for summary judgment due by 7/12/2019.*

   e. *All other motions except motions in limine due by 10/1/2019.*

   f. *Rule 26(a)(3) disclosures due by 10/9/2019.*

7. Repeated demands that failure to comply and insist upon such course of conduct will result in Movant's withdrawal.

8. *Local Rule 83.12* is entitled Withdrawal of Attorney, and reads as follows:

    Except as provided in subsection (b) or (c) of this rule, an attorney desiring to withdraw in any case must file a motion to withdraw. This motion must, in addition to the matters required by LR 7.1, specify the reasons requiring withdrawal and provide the name and address of the succeeding attorney. If the succeeding attorney is not known, the motion must set forth the name, address, and telephone number of the client and either bear the client's signature approving withdrawal or state specifically why, after due diligence, the attorney was unable to obtain the client's signature.

9. Movant represents that circumstances exist which provide Movant with sufficient grounds for withdrawal, as supplied by *Rule 1.15.(b) of the Texas Rule of Disciplinary Rules of Professional Conduct* as follows:

    a. **Withdrawal can be accomplished without material adverse effect on the interests of the client**. Movant has provided Defendants with the names of multiple lawyers in Amarillo who handle employment litigation. Further, Movant has Answered Plaintiffs' Complaints; has worked with Plaintiffs' counsel on scheduling orders; has obtained an extension of time for Defendants to respond to Plaintiffs' discovery requests; and has served discovery requests upon Plaintiffs.

There are no immediate scheduled deadlines looming; Defendants have ample time to secure subsequent counsel who can address remaining deadlines.

b. **Defendants will not be prejudiced:** Movant has reached an agreement with Plaintiffs' counsel to extend the deadline to designate expert witnesses from February 1, 2019 to March 1, 2019. Further, Plaintiffs have not designated an expert, and Movant did not intend to employ the services of any expert witnesses.

c. **Defendants insist upon pursuing an objective that the lawyer considers repugnant or imprudent or with which the lawyer has fundamental disagreement.** Defendants have insisted on a specific litigation strategy which Movant deems completely inappropriate to this specific litigation. While the strategy may be justified in other litigation, Movant firmly believes that in this case this strategy would result in the imposition of attorney fees payable by Defendants to Plaintiff, and would result in sanctions imposed upon Movant. Movant has repeatedly advised Defendants of this opinion, yet Defendants persist in their demand that Movant pursue this strategy. Defendants are convinced their strategy is the correct strategy and have on multiple occasions expressed their belief that they can convince another lawyer to pursue this strategy. Recently Defendants told Movant they would comply with their discovery obligations only if Movant agrees to pursue this strategy.

d. **The representation will result in an unreasonable financial burden on the lawyer and has been rendered unreasonably difficult by the client.** Defendants

demand that Movant pursue the above-referenced strategy place Movant at risk of sanction. Movant represents that this is an unreasonable financial burden. Defendants insistence requires Movant to expend significantly increased time and resources to this litigation over and above that to which Movant agreed with Defendants at the outset of representation. Defendant's insistence on this strategy has resulted in their avoidance and neglect of Defendants' other litigation obligations, namely response to Plaintiffs discovery requests. Further, defendants unreasonable refusal to cooperate with their discovery obligations subjects Movant to sanction by the Court.

e. **Other good cause for withdrawal exists**. Defendants have wholly shirked their obligation to cooperate in the discovery process. Defendants' continually object to providing discovery, claiming the above-referenced strategy obviates their obligation to cooperate. Since July, Movant has on multiple occasions asked Defendants for documents responsive to Plaintiffs requests. Each time, Defendants have responded with the identical production which is incomplete and non-responsive to what Movant believes are reasonable discovery requests. Movant firmly believes that Defendants will not provide responsive discovery.

Despite Movant's explicit instructions, Defendants failed to answer even one of the ten interrogatories propounded by Plaintiffs. Defendants provided documents responsive to six requests for production and wholly ignored the other 19. When Movant requested they respond to these requests, Defendants refused for various non-sensical reasons. Counsel for Plaintiffs have on numerous occasions expressed

their grave concerns with Defendants response to their discovery requests. Defendants willful failure to comply with their discovery obligations subjects Movant to sanction by the Court.

10. Movant represents that the above described circumstances render wholly untenable any further representation by Movant. Defendant has threatened Movant in an email by the following: "We will ask the federal district Judge to send a US Marshall to lock your ass up…" There exists a sense of distrust between Movant and Defendants which has resulted in a total break-down in the attorney-client relationship.

11. Regarding the conference with Plaintiffs' counsel, although opposing Counsel has opposing counsel "expressed reluctance to agree to withdrawal in the absence of Defendants' retention of substitute counsel," Movant has provided Defendants with the name of multiple attorneys who represent Defendants in FLSA claims. All of these attorneys are in Amarillo which will facilitate representation. Plaintiffs' counsel has expressed willingness to discuss settlement directly with Defendants should this Motion be granted.

12. This Motion is not filed for delay, but that justice be done.

**WHEREFORE,** Movant respectfully request that the Court enter an Order allowing Movant to withdraw from the above-styled cause, and for such other and further relief to which Movant may be justly entitled.

RESPECTFULLY SUBMITTED,

/s/  Bryan Owens
Bryan Patrick Owens
Texas State Bar Number 24049229
PO Box 1264
Longview, TX 75606
903-424-8937
Email: bryan@owenscriminaldefense.com
Attorney for Defendants.

## CERTIFICATE OF CONFERENCE

On the 14th day of January 2019, the undersigned counsel conferred with opposing counsel concerning the relief sought in this Motion, and opposing counsel "expressed reluctance to agree to withdrawal in the absence of Defendants' retention of substitute counsel."

/s/ Bryan Owens

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served January 13, 2019, to all counsel of record via the Court's ECF system. The foregoing was also sent via e-mail:

Elizabeth A. Chermel, SBN 24064027
bchermel@mhba.com
2515 McKinney Avenue, Suite 900
Dallas, Texas 75201
Phone: 214-754-0040
Fax: 214-754-0043

Further, the Motion was emailed to defendants at crisauc@yahoo.com and mailed to both defendants by postage-prepaid U.S. Mail at the following address:

1915 Coulter Rd.
Amarillo, TX 79106

/s/ Bryan Owens