## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | | |
|---|---|---|
| **DARRELL KIMBROUGH, MSN, FNP-C,** | § | |
| **MARY BENARD, MSN, FNP-C, and** | § | |
| **TINA SPOHN-LEDFORD, MSN, FNP-C;** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 2:18-CV-82-D-BR** |
| | § | |
| **NAEEM KHAN, M.D. and AMARILLO** | § | |
| **URGENT CARE, LLC** | § | |
| | § | |
| **Defendants.** | § | |

## DEFENDANTS' BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**COMES NOW**, Defendants Naeem Khan, M.D. and Amarillo Urgent Care and pursuant to Rule 56 file their motion for summary judgment.

The Court should grant summary judgment on the grounds that Plaintiffs' cannot produce a scintilla of evidence that support their FLSA claims. Plaintiffs were not employees but independent contractors who provided services under a contract. Plaintiffs' damages are entirely speculative in that they created back-dated time logs at the time they terminated their contracts.

In addition, Plaintiffs are also contributorily responsible for their alleged damages and their breaches of contract. Plaintiffs breached their contracts by taking patient charges home and thus violated the law and the clinic's HIPAA policy. Second, Plaintiffs doctored logbooks regarding alleged meetings they had with Dr. Khan. And, third, Plaintiffs' failure to timely complete patient charting violated their contracts and caused irreparable harm to Defendants.

For these reasons, summary judgment should be granted.

### Factual and Procedural Background

1)      This is a dispute over alleged violations of the Fair Labor Standards Act. Plaintiffs bring suit for unpaid overtime and for claims of retaliation.

### Summary Judgment Standard

2)      Summary judgment is proper when the pleadings, depositions, admissions, disclosure materials on file, and affidavits, if any, "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1). A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). An issue as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 489 (5th Cir. 2001) ("An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham."). To demonstrate a genuine issue as to the material facts, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The nonmoving party must show that the evidence is sufficient to support the resolution of the material factual issues in his favor. Anderson, 477 U.S. at 249 (*citing First National Bank of Arizona v. Cities Service Company*, 391 U.S. 253, 288-89, 88 S. Ct. 1575, 20 L. Ed. 2d 569 (1968)).

### No evidence of essential elements of claims

3)      The Fair Labor Standard Act (FLSA) guarantees overtime pay to employees engaged in the production of goods for commerce -- individual coverage -- or employed in an enterprise engaged in commerce or in the production of goods for commerce -- enterprise

coverage. 29 U.S.C.S. § 207(a)(1). Traylor v. Dallas Area Habitat for Humanity, Inc., 2014 U.S. Dist. LEXIS 98827 *, 2014 WL 3579810.

4)      Defendants assert that Plaintiffs cannot meet the essential elements for any FLSA claims.  For these reasons, summary judgment should be granted.

### FLSA definition for employees

5)      The definition of employee under the FLSA is particularly broad. S*ee Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326, 112 S. Ct. 1344, 117 L. Ed. 2d 581 (1992) (noting that the FLSA "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles"). To determine if a worker qualifies as an employee, we focus on whether, as a matter of economic reality, the worker is economically dependent upon the alleged employer or is instead in business for himself. *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998). To aid us in this inquiry, we consider five non-exhaustive factors: (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship. Id. No single factor is determinative. *Brock v. Mr. W Fireworks, Inc.*, 814 F.2d 1042, 1043-44 (5th Cir. 1987). Rather, each factor is a tool used to gauge the economic dependence of the alleged employee, and each must be applied with this ultimate concept in mind. *Id.*

6)      The contractual designation of [a] worker as an independent contractor is not necessarily controlling." *Thibault v. Bellsouth Telecomms., Inc.*, 612 F.3d 843, 846 (5th Cir. 2010). However, such a designation is relevant where it mirrors economic reality. Hopkins, 545 F.3d at 346.

### *Plaintiffs are independent contractors*

7)     Plaintiffs all signed contracts to work at Defendants' clinic and conducted themselves as independent contractors.   See *Declarations of Cris Rico and Dr. Naeem Khan at* Appx. 2 & 5; *Plaintiff' Mary Benard's contract* at Appx. 7-15; *Plaintiff Derrell Kimbrough's deposition* at Appx. 39, 40, 142-143, Exhibit 1 (Appx. 142-143); *Plaintiff Tina Spohn-Ledford's deposition* at Appx. 175-176, Exhibit 1 (Appx. 246-247).

8)     Plaintiffs' contracts had a set term of employment and provisions that provided for the professional and ethical standards required of licenses health care providers, the expiration or termination of their contracts, among other requirements.  Plaintiffs all worked for other clinics or providers at the same time they worked with the clinic.  By all accounts, Plaintiffs are not employees and thus exempt from the FLSA.

9)     The evidence is undisputed that Plaintiffs are independent contractors, and, therefore, their claims fail as a matter of law.

### *No evidence of damages*

10)     Rule 56(c) of the Federal Rules of Civil Procedure mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). It is undisputed that evidence of damages is an essential element of Plaintiffs' FLSA claim. See 29 U.S.C. §§ 207(a)(1); 216(b). Where the plaintiffs cannot present evidence of damages, summary judgment should be granted. See eg. Infusion Res., Inc. v. Minimed, Inc., 351 F.3d 688, 696 (5th Cir. 2003) (Plaintiff "could not show any damages resulting from its remaining non-antitrust claims. Therefore, the district court was correct in dismissing these remaining claims ...."; *TrueBeginnings, LLC v. Spark Network Servs., Inc*., 631 F. Supp. 2d 849, 858 (N.D. Tex. 2009) ("without evidence of damages, plaintiff cannot raise a genuine issue

of material fact to defeat summary judgment on its claims ...."); *Schuhart v. Chase Home Fin., LLC*, 2006 U.S. Dist. LEXIS 46574, 2006 WL 1897263, at *6 (S.D. Tex. July 10, 2006) (dismissing claims where "Plaintiffs have failed to present any evidence showing that they suffered out-of-pocket damages ...").

11)     In this case, Plaintiffs concede that they cannot present evidence of damages and that all of their damages are purported estimates they backdated.  Plaintiff Ledford prepared her own chart "estimates" at or just before the time she quit.  See Appx. 188, Exhibit 3.  Ledford admits she has no evidence to support her claims.  See Appx. 197-198, 200.  Kimbrough chart "estimates" made after he quit.  Appx. 150

Respectfully submitted.

By: _____
       **Casey Erick**
       Texas Bar No. 24028564

       **COWLES & THOMPSON, P.C.**
       901 Main Street, Suite 3900
       Dallas, TX 75202
       (214) 672-2138 (Tel)
       (214) 672-2338(Fax)
       E-mail: cerick@cowlesthompson.com

       **ATTORNEYS FOR DEFENDANTS**
       **NAEEM KHAN, M.D. and**
       **AMARILLO URGENT CARE, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I Certify that on July 12, 2019, a copy of *Defendants' Motion for Summary Judgment and Brief In Support* was served electronically on all known counsel for Plaintiffs:

Shawn D. Twing
Mullin, Hoard & Brown, LLP
500 S. Taylor, Suite 800
P. O. Box 31656
Amarillo, Texas  79120-1656
stwing@mhba.com

Elizabeth A. Chermel
Mullin, Hoard & brown, LLP
2515 McKinney Ave., Suite 900
Dallas, Texas  75201
bchermel@mhba.com

_____
Casey Erick, Esq.