IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DARRELL KIMBROUGH, MSN, FNP-C, MARY BENARD, MSN, FNP-C, and TINA SPOHN-LEDFORD, MSN, FNP-C, § § § § Plaintiffs, § § v. § § NAEEM KHAN, M.D. and § AMARILLO URGENT CARE, LLC, § § Defendants. § | 2:18-CV-82-Z-BR |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DENY DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Before the Court is Naeem Khan, M.D. and Amarillo Urgent Care, LLC's (collectively "Defendants") Motion for Summary Judgment (ECF 44). Defendants seek summary judgment on Darrell Kimbrough, MSN, FNP-C, Mary Benard, MSN, FNP-C, and Tina Spohn-Ledford, MSN, FNP-C's (collectively "Plaintiffs") claims against Defendants under the Fair Labor Standards Act ("FLSA"). (*Id.* at 1; *see* ECF 1, 31).[1] The undersigned United States Magistrate Judge recommends

---

[1] The exact number of grounds raised by Defendants in their Motion for Summary Judgment is unclear. It appears that Defendants moved for summary judgment on Plaintiffs' unpaid overtime compensation and retaliation claims under the FLSA by arguing that (1) Plaintiffs were independent contractors—not employees—of Defendants, and (2) Plaintiffs cannot demonstrate any evidence of damages. (*See* ECF 44 at 1). As such, Defendants appear to contend that Plaintiffs cannot establish a prima facie case under the FLSA. However, the Court notes that on the first page of Defendants' Motion for Summary Judgment, Defendants state: "Plaintiffs are also contributorily responsible for their alleged damages and their breaches of contract." (*See id.*). It is unclear from this statement whether Defendants are moving for summary judgment on a third—or even a fourth—ground, such as a contributory negligence defense or a breach of contract counterclaim. The Court cannot discern from this sentence or the three sentences that follow it—none of which include citations to the record, legal authority, or a list of the elements of any cause of action—what ground, if any, Defendants intended to move on. *See* Fed. R. Civ. P. 56(c)(1) (requiring a party moving for summary judgment to cite to "particular parts of materials in the record"); Fed. R. Civ. P. 56(c)(3) ("The court need only consider the cited materials"); L.R. 56.3(a)(1) (setting forth the requirements in the Northern District of Texas for a motion for summary judgment, including that the movant must "on the first page, under the heading 'summary,' state concisely the elements of each claim or defense as to which summary judgment is sought"); L.R. 56.5(a) ("A summary judgment motion and a response must be accompanied by a brief that sets forth the argument and authorities on which the party relies in support of or opposition to a motion, and must contain the matters required by LR 56.3(a) . . . ."). Accordingly, the Court declines to construe Defendants' statement that "Plaintiffs are also

the Motion for Summary Judgment be DENIED.

## I.   BACKGROUND

On April 27, 2018, Darrell Kimbrough, MSN, FNP-C ("Kimbrough") filed his Original Complaint. (ECF 1). Kimbrough alleged multiple causes of action, including unpaid overtime wages and retaliation under the FLSA, defamation, tortious interference with existing contract, and fraudulent misrepresentation. (*Id.* at 1, 6–10). Kimbrough contends that he worked as a nurse practitioner at Amarillo Urgent Care, LLC ("AUC") from February 1, 2017 until he was constructively discharged on January 27, 2018. (*Id.* at 3–4). Defendants filed an Answer to Kimbrough's Complaint on June 8, 2018 (ECF 7), a First Amended Answer on May 9, 2019 (ECF 28), and a Second Amended Answer[2] on October 23, 2019 (ECF 60).

On June 15, 2018, Plaintiffs Mary Benard, MSN, FNP-C ("Benard") and Tina Spohn-Ledford, MSN, FNP-C ("Spohn-Ledford") filed their Original Complaint[3] (ECF 30), which they amended on July 31, 2018 (ECF 31). Benard and Spohn-Ledford brought similar FLSA claims as

---

contributorily responsible for their alleged damages and their breaches of contract" as Defendants moving for summary judgment on any additional ground.

Of course, even if the Court were to construe Defendants' statement that "Plaintiffs are also contributorily responsible for their alleged damages and their breaches of contract" as Defendants moving for summary judgment on a contributory negligence theory or breach of contract counterclaim, Defendants would fail to meet their summary judgment burden to "establish beyond peradventure *all* of the essential elements of the claim or defense." *See Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original); *see also Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) (noting that unsubstantiated assertions and unsupported speculation are not competent summary judgment evidence); *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S. Ct. 98 (1992) ("Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.").

[2] As the Court noted in its Order Granting Defendants' Motion for Leave to File Second Amended Answer to Plaintiff Kimbrough's Original Complaint & First Amended Answer to Plaintiffs Benard and Spohn-Ledford's First Amended Complain (ECF 59), Defendants incorrectly titled their answer as "Defendants' *First* Amended Answer to Darrell Kimbrough, MSN, FNP-C's Original Complaint." (ECF 60) (emphasis added).

[3] The Court granted Defendants' Unopposed Motion to Consolidate (ECF 10) on August 29, 2018, consolidating Cause No. 2:18-CV-111-D, styled *Mary Benard, MSN, FNP-C and Tina Spohn-Ledford, MSN, FNP-C v. Naeem Khan, M.D. and Amarillo Urgent Care, LLC*, with the instant case. (ECF 14).

Kimbrough, alleging that Defendants violated the FLSA by failing to pay them for all their hours worked, failing to pay the one and one-half rate overtime premium, and subjecting them to retaliatory conduct for asserting their rights under the FLSA. (*Id.* at 1–2, 6–8). Benard contends that she was employed by Defendants as a nurse practitioner from June 1, 2016 until her termination on June 26, 2018. (*Id.* at 3). Spohn-Ledford contends that she was employed by Defendants as a nurse practitioner from February 1, 2017 until June 22, 2018. (*Id.* at 4). Unlike Kimbrough, Benard and Spohn-Ledford did not bring any non-FLSA claims. (*Id.* at 6–8). Defendants filed their Answer to Benard and Spohn-Ledford's First Amended Complaint[4] on June 10, 2019 (ECF 39) and a First Amended Answer on October 23, 2019 (ECF 61).

## II. <u>LEGAL STANDARD</u>

Summary judgment is appropriate when the pleadings, affidavits, and other summary judgment evidence show that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*. at 248. To determine whether there are any genuine issues of material fact, the Court must first ascertain the factual issues that are material under the applicable substantive law. *See id*.; *Lavespere v. Niagra Mach. & Tool Works*, 910 F.2d 167, 178 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076, n.14 (5th Cir. 1994). Next, the Court must review

---

[4] Defendants untimely filed a First Amended Answer on May 1, 2019. (ECF 25). Subsequently, the Court issued an Order Striking and Unfiling Defendants' First Amended Answer for failure to comply with Rule 15(a)(2) of the Federal Rules of Civil Procedure. (ECF 29 at 1). On June 10, 2019, the Court granted Defendants' Motion for Leave to File Answer. (ECF 35, 38).

the evidence on those issues, viewing the facts in the light most favorable to the nonmoving party. *Lavespere*, 910 F.2d at 178; *Newell v. Oxford Mgmt. Inc.*, 912 F.2d 793, 795 (5th Cir. 1990) (citing *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986) (internal quotation omitted)); *Medlin v. Palmer*, 874 F.2d 1085, 1089 (5th Cir. 1989). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). However, Rule 56 "does not impose upon the district court a duty to sift through the record in search of evidence to support" a party's motion for, or opposition to, summary judgment. *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16, n.7 (5th Cir. 1992). The Court should not weigh the evidence and determine the truth of the matter in determining whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.

If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, no genuine dispute for trial exists. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) (citations omitted).

If "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot*, 780 F.2d at 1194 (emphasis in original). The "beyond peradventure" standard imposes a "heavy" burden. C*ont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). If "the burden of proof at trial lies with the nonmoving party, the movant may satisfy its initial burden by showing—that is,

pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (internal quotation omitted)). The movant then "must demonstrate the absence of a genuine issue of material fact," but does not have "to negate the elements of the nonmovant's case." *Id.* (citing *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

"If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response." *Quorum Health Res., L.L.C. v. Maverick Cty. Hosp. Dist.*, 308 F.3d 451, 471 (5th Cir. 2002) (citing *Little*, 37 F.3d at 1075). On the other hand, if the movant meets its burden to show an absence of evidence supporting the nonmovant's case, then the nonmovant must go beyond his pleadings and designate specific facts showing there is a genuine issue for trial. *Little*, 37 F. 3d at 1075 (citing *Celotex*, 477 U.S. at 324). If the nonmovant cannot provide some evidence to support its claim, summary judgment is appropriate. Fed. R. Civ. P. 56(e); *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002).

### III. ANALYSIS

Defendants move for summary judgment against Plaintiffs on two grounds. Defendants argue that Plaintiffs have failed to establish a prima facie case under the FLSA because (1) Plaintiffs were independent contractors—not employees—of Defendants, and (2) Plaintiffs cannot demonstrate any evidence of damages. (ECF 44 at 1; ECF 45 at 1). The Court will first address Plaintiffs' objections to Defendants' summary judgment evidence and then address each summary judgment ground.

### A. Plaintiffs' Objections to Defendants' Summary Judgment Evidence

In addition to filing a Response to Defendants' Rule 56 Motion for Summary Judgment (ECF 49), Plaintiffs filed an Objection to Defendants' Summary Judgement [sic] Evidence (ECF 51). Plaintiffs object to two documents in Defendants' Appendix to the Motion for Summary Judgment: the declarations of Defendant Naeem Khan, M.D. ("Dr. Khan") and Defendants' office manager, Cris Rico ("Rico"). (*Id.*; *see* ECF 46 at 3–8). Plaintiffs request the Court strike the declarations from the record. (*See* ECF 51 at 4). Because the evidence at issue relates to both of Defendants' summary judgment grounds, the Court will first address Plaintiffs' objections.

Plaintiffs make three different objections to several sentences in each declaration. First, Plaintiffs object to paragraphs two, four, and seven in Dr. Khan's declaration and paragraphs seven, eight, and eleven in Rico's declaration for being "[c]ontradicted by the evidence in the case, deposition testimony." (ECF 51 at 2–3). Second, Plaintiffs object to paragraphs two and seven in Dr. Khan's declaration and paragraphs seven, eight, and eleven in Rico's declaration for being "conclusory allegation[s]" and "unsubstantiated assertion[s]." (*Id.*). Third, Plaintiffs object to paragraphs six and eight in Dr. Khan's deposition and paragraphs nine through sixteen in Rico's declaration for being "[b]reach of contract allegations" because "there are no breach of contract claims in this case." (*Id.*).

#### 1. Statements Contradicted by the Evidence

Plaintiffs' assertions that some statements are "contradicted by the evidence, deposition testimony" are insufficient objections under Rule 103. *See Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006) (holding that challenges that paragraphs in affidavits were "based on inadmissible hearsay" and "laced with conclusory, self-serving statements" did not meet the specificity requirement of Rule 103(a)(1)). "The court is not required to review large quanta of

evidence to ferret out inadmissible statements. Rather, Federal Rule of Evidence 103(a)(1) requires an objecting party to make specific objections detailing the specific evidence the party wishes to have stricken and stating the specific grounds upon which each piece of evidence should be stricken." *Id.* (citing *United States v. Avants,* 367 F.3d 433, 445 (5th Cir. 2004)); *see* Fed. R. Civ. P. 103(a)(1); *United States v. Polasek,* 162 F.3d 878, 883 (5th Cir. 1998) ("A loosely formulated and imprecise objection will not preserve error. Rather, a trial court judge must be fully apprised of the grounds of an objection." (citations omitted)). Plaintiffs failed to identify any contradictory statements in the deposition transcripts or other evidence in the case. As such, these objections do not meet the specificity requirement of Rule 103(a)(1). Even so, the Court will not consider any of Defendants' evidence that is plainly inadmissible. *See* Fed. R. Civ. P. 103(d).

### 2. Conclusory and Unsubstantiated Statements

Plaintiffs object to several statements as "conclusory allegation[s]" and "unsubstantiated assertion[s]." Specifically, Plaintiffs object to the portions of Dr. Khan's declaration stating that "Plaintiffs all worked as independent contractors," and "Plaintiffs' alleged unpaid wages are fictitious and there is no basis supporting the number of hours they claimed to have worked. As such, Plaintiffs' allegations and claimed damages are without merit." (ECF 51 at 2, ECF 26 at 3–4). Additionally, Plaintiffs object to several statements in Rico's declaration for the same reason. Rico's declaration states: "All employees and independent contractors are required to perform all work at the clinic and to report the number of hours worked by swiping an assigned timecard into the TimeTrax system," "Plaintiffs all worked as independent contractors pursuant to their employment contracts with the clinic," and "Plaintiffs' alleged unpaid wages are fictitious and there is no basis supporting the number of hours they claimed to have worked. As such, Plaintiffs' allegations and claimed damages are without merit." (ECF 51 at 3, ECF 46 at 7).

"Conclusory allegations, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence and will not defeat a motion for summary judgment." *Forage Genetics Int'l, LLC v. Kelly Green Mexicana, Inc.*, No. 2:17-CV-243-Z-BR, 2019 WL 5068583, at *1 (N.D. Tex. Oct. 9, 2019) (citing *Eason*, 73 F.3d at 1325). To the extent Dr. Khan and Rico's declarations contain conclusory allegations and legal conclusions, the Court will not consider those statements. *See Fairview Hosp., LLC v. State Bank of Texas*, No. 3:17-CV-267-BH, 2019 WL 2491970, at *2–5 (N.D. Tex. June 14, 2019); *see also Salas v. Carpenter*, 980 F.2d 299, 304 (5th Cir. 1992) (holding that a court should not strike an entire affidavit when portions are inadmissible); *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 383 (5th Cir. 1987) (holding that a court should disregard the inadmissible portions of a challenged affidavit).

### 3. Statements Regarding Defendants' Breach of Contract Counterclaims

Finally, Plaintiffs object to statements in both declarations that relate to Defendants' breach of contract counterclaims. Plaintiffs' objections are that "there are no breach of contract claims in this case." (ECF 51 at 2–3). However, since the time that Plaintiffs filed their Objection to Defendants' Summary Judgement [sic] Evidence on August 2, 2019 (ECF 51), the Court entered an Order Granting Defendants' Motion for Leave to File Second Amended Answer to Plaintiff Kimbrough's Original Complaint & First Amended Answer to Plaintiffs Benard and Spohn-Ledford's First Amended Complaint (ECF 59). In the subsequently-filed amended answers, Defendants added counterclaims against each plaintiff for breach of contract. (ECF 60 at 8, ECF 61 at 7). Still, those breach of contract counterclaims are not at issue in this motion for summary judgment. As such, these objections are moot.

### B. Employer-Employee Relationship under the FLSA

Plaintiffs have all sued Defendants under the FLSA for unpaid overtime compensation and retaliation. (*See* ECF 1 at 6–8; ECF 31 at 6–8). Defendants contend that Plaintiffs cannot establish a prima facie case under the FLSA for either unpaid wages or retaliation because Plaintiffs worked for Defendants as independent contractors—and thus are not employees under the FLSA. (ECF 45 at 1).

### 1. Employee Status Under the FLSA for Unpaid Overtime and Retaliation Claims

The FLSA provides that, with exceptions, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

Additionally, the FLSA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding related to this chapter[.]" 29 U.S.C. § 215(a)(3). A plaintiff must "demonstrate a prima facie case for retaliation by showing that (1) he engaged in protected activity, (2) an adverse employment action occurred, and (3) a causal link existed between the protected activity and the adverse employment action." *Armas v. St. Augustine Old Roman Catholic Church*, No. 3:17-CV-2383-D, 2019 WL 2929616, at *6 (N.D. Tex. July 8, 2019).

Under the FLSA, "the term 'employee' means any individual employed by an employer." 29 U.S.C. § 203(e)(1). An employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* § 203(d). The definition of the verb "employ" under the FLSA "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992). "To determine employee status under the FLSA, [courts] focus on whether the alleged employee, as a matter of economic reality, is economically dependent upon the business to which he or she renders his or her services." *Herman v. Express Sixty-Minutes Delivery Serv., Inc.*, 161 F.3d 299, 303 (5th Cir. 1998). In other words, courts must determine whether an individual is in business for himself or herself. *Id.* "In the present setting, a relevant question is whether the alleged employee so economically depends upon the business to which he renders his services, such that the individual, as a matter of economic reality, is not in business for himself." *Thibault v. Bellsouth Telecomms., Inc.*, 612 F.3d 843, 845–46 (5th Cir. 2010). "The contractual designation of the worker as an independent contractor is not necessarily controlling." *Id.*

The Fifth Circuit has identified five non-exhaustive factors: "[1] the degree of control exercised by the alleged employer; [2] the extent of the relative investments of the worker and alleged employer; [3] the degree to which the worker's opportunity for profit and loss is determined by the alleged employer; [4] the skill and initiative required in performing the job; and [5] the permanency of the relationship. No single factor is determinative." *Herman*, 161 F.3d at 303 (citations omitted).

2. **Evidence Presented by Defendants**

In support of their motion, Defendants briefly argue "Plaintiffs all signed contracts to work

10

at Defendants' clinic and conducted themselves as independent contractors." (ECF 45 at 4). Defendants claim that Plaintiffs' contracts "had a set term of employment" and provisions for "the expiration or termination of their contracts." (*Id.*). Additionally, Defendants note that the contracts set forth "professional and ethical standards required of license[d] health care providers" and that "Plaintiffs all worked for other clinics or providers at the same time they worked with the clinic." (*Id.*). For these reasons, Defendants claim that "[b]y all accounts, Plaintiffs are not employees and thus exempt from the FLSA." (*Id.*).

Defendants also generally cite to the documents contained in the Appendix in Support of the Motion for Summary Judgment. (*Id.*; *see* ECF 46). In addition to the abovementioned declarations of Dr. Khan and Rico, the Appendix contains numerous employment contracts between Plaintiffs and Defendants. There is a letter agreement dated September 29, 2016 signed by Dr. Khan and Kimbrough. (ECF 46 at 142–43). There is a letter agreement dated April 1, 2016, a second letter agreement "to extend [the] position" dated September 19, 2017, and a third employment agreement dated April 2, 2018 signed by Dr. Khan and Benard. (*Id.* at 9–16). Finally, there is a letter agreement dated February 1, 2017 that is signed by Spohn-Ledford.[5] (*Id.* at 248–49). The contracts appear to contain very similar terms, especially the Kimbrough agreement, the April 2016 Benard agreement, the September 2017 Benard agreement, and the February 2017 Spohn-Ledford agreement, which all appear to use the same form language.

To support their assertion that Plaintiffs are independent contractors, Defendants argue that "Plaintiffs' contracts had a set term of employment and provisions that provided for . . . the expiration or termination of their contracts." (ECF 45 at 4). Although Defendants do not directly address the Fifth Circuit's five non-exhaustive factors for determining whether an individual is an

---

[5] The deposition testimony included in the Appendix suggests that the agreement was signed by Dr. Khan, but Defendants' attorney "only attached the one [Spohn-Ledford] signed." (ECF 46 at 177).

11

employee or independent contractor, this assertion appears to go to the fifth factor—the permanency of the relationship. *See Herman*, 161 F.3d at 303. However, the evidence demonstrates that while the contracts were all for set terms, the contracts all also contemplated additional terms through automatic renewal provisions. (*See* ECF 46 at 12, 15, 145, 249, 278). Further, as demonstrated by the September 2017 Benard agreement, the April 2018 Benard agreement, and Spohn-Ledford's testimony that she was offered a renewal contact, the evidence presented by Defendants relating to the permanency of the relationship does not show that there is no genuine issue of material fact that Plaintiffs were not employees of Defendants. (*See id.* at 11–12, 14–16, 177).

Defendants next state that "Plaintiffs' contracts had . . . provisions that provided for the professional and ethical standards required of licenses [sic] health care providers." (ECF 45 at 4). To the extent that this argument addresses the fourth factor—the skill and initiative required in performing the job—the Court is likewise unpersuaded that the evidence demonstrates that there is no genuine issue of material fact and Defendants are entitled to judgment as a matter of law because Plaintiffs were independent contractors. *See Herman*, 161 F.3d at 303. Finally, Defendants contend that "Plaintiffs all worked for other clinics or providers at the same time they worked with the clinic." (ECF 45 at 4). Defendants have not cited to any authority to support their apparent argument that Plaintiffs' work for other individuals or businesses prevents them from qualifying as employees under the FLSA. Thus, Defendants have failed to show that there is an absence of evidence that Plaintiffs were employees—i.e., that they were so economically dependent upon Defendants, such that Plaintiffs "as a matter of economic reality, [were] not in business for [themselves.]" *See Thibault*, 612 F.3d at 845.

After examining all the evidence presented by Defendants, the Court finds that the five

factors considered by courts in the Fifth Circuit weigh against finding that Plaintiffs were not employees under the FLSA. *See Herman*, 161 F.3d at 303. Accordingly, the Court finds that Defendants have not met their initial burden to show that there is an absence of evidence to support Plaintiffs' case by arguing that Plaintiffs were not employees of Defendants under the FLSA. *See Duffie*, 600 F.3d at 371. Defendants have not shown that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. *See id.*; Fed. R. Civ. P. 56(c). As such, Defendants are not entitled to summary judgment on any of Plaintiffs' FLSA claims on this ground.

### C. Damages under the FLSA

The second summary judgment ground raised by Defendants is that "Plaintiffs' damages [as to their FLSA claims] are entirely speculative in that they created back-dated time logs at the time they terminated their contracts." (ECF 45 at 1).

### 1. Evidence of Damages Required Under the FLSA for Unpaid Overtime Claim

"An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson*, 758 F.3d at 630. Once plaintiffs establish a prima facie case, "the burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005). "If the employer fails to produce such evidence, the court may then award damages to the employee even though the result may only be approximate." *Id.*

### 2. Evidence Presented by Defendants

Defendants have presented little evidence in support of their argument that Plaintiffs' "back-dated time logs [created] at the time [Plaintiffs] terminated their contracts" amount to no evidence of damages. (ECF 45 at 1). As support for their Motion for Summary Judgment, Defendants include in their Appendix a list prepared by Spohn-Ledford and discussed at her deposition that provides an estimate for the number of days worked, number of patient charts she worked on at home, and the total estimated number of hours spent working on the charts. (ECF 46 at 190, 250–53). Defendants similarly cite to their own exhibit called "Darrell Kimbrough Chart Estimates" in which Kimbrough listed his calculations for determining that he was not compensated for 735 hours of charting completed at his home. (*Id.* at 152). In addition to attacking these exhibits to Defendants' Motion for Summary Judgment for being "handwritten time logs, written long after when the work was allegedly performed, and completed just before suit was filed," Defendants also contend that "Plaintiffs' handwritten hours worked calculation[s] depict superhuman stamina and endurance that cannot be replicated when they were working at the clinic." (ECF 53 at 4).[6]

Defendants have not met their initial burden to show that there is no evidence that Plaintiffs incurred damages relate to their FLSA claims. *See Duffie*, 600 F.3d at 371. Although Defendants attack the credibility of the time logs because they are Plaintiffs' recreation of the hours Plaintiffs' claimed to have worked at home, in considering a motion for summary judgment, the Court should

---

[6] Defendants appear to object to Plaintiffs' inclusion of Kimbrough and Spohn-Ledford's estimates in their own Appendix to their Response to the Motion for Summary Judgment. (*See* ECF 50 at 169–77). First, because the Court finds the Defendants have not met their initial burden by showing that there is an absence of evidence to support Plaintiffs' case, the Court does not need to consider the evidence presented by Plaintiffs. *See Duffie*, 600 F.3d at 371; *Little*, 37 F. 3d at 1075. Additionally, the Court notes that Defendants "object" to estimates prepared by Kimbrough, Spohn-Ledford, and Benard "and move to strike them in their entirety"—yet Defendants included two of the estimates in their own Appendix to the Motion for Summary Judgment and relied on them in their motion. (ECF 46 at 152, 250–53, ECF 45 at 5).

"refrain from making credibility determinations or weighing the evidence." *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). Essentially, Plaintiffs' time logs raise fact issues as to the actual number of hours Kimbrough, Spohn-Ledford, and Benard worked from home, if any, while employed by Defendants. Similarly, Defendants' argument that the number of hours reported by Plaintiffs is unreasonable and demonstrates "superhuman stamina and endurance" is a fact issue related to Plaintiffs' damages. Thus, Defendants are not entitled to summary judgment on any of Plaintiffs' damages claims because Defendants have failed to show that there is no genuine issue of material fact. *See Duffie*, 600 F.3d at 371. As such, the undersigned recommends that Defendants' motion for summary judgment on Plaintiffs' FLSA claims be denied.

## IV.   RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Defendants' Motion for Summary Judgment (ECF 44) be DENIED.

## V.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 19, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), as recognized in *ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).