IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DARRELL KIMBROUGH, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:18-CV-082-Z |
| NAEEM KHAN, M.D. and AMARILLO URGENT CARE, LLC, | § § § § | |
| Defendants. | § | |

**ORDER**

This case is set for a jury trial to begin on **Tuesday, March 2, 2021 at 9:00am** in the First Floor Courtroom of the J. Marvin Jones Federal Building and Mary Lou Robinson United States Courthouse at 205 E. Fifth St., Amarillo, Texas 79101. The Court has received the proposed joint pretrial order and finds that the following order should be entered.

The Court reserves the right, under Section VII of the Court's Civil Justice Expense and Delay Reduction Plan, Misc. Order No. 46, to limit the time for arguments, examining witnesses, the number of witnesses called, and may set other limits permitted by the Civil Justice Expense and Delay Reduction Plan in an effort to prevent unnecessary expense or delay. Based on the Court's review of this case, the Court anticipates each party receiving no more than **twelve (12) hours per side** to argue their case-in-chief. Time limits will be strictly enforced. In addition, the parties should anticipate that witness testimony shall be strictly limited only to the contested issues. Unnecessary background information, inappropriate argument, and redundant evidence or testimony will not be allowed.

Additionally, the Amarillo Division has concerns about COVID-19 risks, and therefore issued special orders and standing orders in accordance with CDC recommendations in an effort

to protect the health and safety of the public. But due to the inherent limitations, glitches, and changes technology imposes on a trial, *the Court will not permit any live witnesses to appear virtually*. Therefore, the parties shall make arrangements for any out-of-state live witnesses to comply with relevant travel restrictions so that the witnesses can testify in-person.

The Court received the joint pretrial order and has approved it. Therefore, in addition to the documents required to be filed according to the Court's August 20, 2020 Scheduling Order, the parties are directed to file the following documents on ECF, as separate entries, by **February 5, 2021**:

**Plaintiffs:** the Joint Pretrial Order, Plaintiffs' Witness List (Attached Ex. A-1), Plaintiffs' Witness List (Attached Ex. B), Plaintiffs' Exhibit List (Attached Ex. C-1), and Plaintiffs' Response to Defendants' Exhibit List (Attached Ex. C-4).

**Defendants:** Defendants' Witness List (Attached Ex. A-2), Defendants' Exhibit List (Attached Ex. C-3), and Defendants' Response to Plaintiffs' Exhibit List (Attached Ex. C-2).

This Court has set this case for a pretrial conference on **Wednesday, February 24, 2021 at 1:30pm** in in the First Floor Courtroom of the J. Marvin Jones Federal Building and Mary Lou Robinson United States Courthouse at 205 E. Fifth St., Amarillo, Texas 79101. Lead counsel for each party are ORDERED to be present at the pretrial conference and shall have access, by telephone or otherwise, to the individual(s) he or she represents or to a person authorized to make decisions regarding the matter before the Court on behalf of any corporate or other entity that is a party to the action. At the pretrial conference, the Court anticipates resolving any pending motions, discussing time limits for the trial, preadmitting exhibits, reading deposition excerpts into the record, discussing the potential issues due to COVID-19, and any other matter before the Court.

Finally, before **February 15, 2021**, the parties and their respective lead counsel shall meet face-to-face to discuss settlement of this action. Individual parties and their counsel shall participate in person, not by telephone or other remote means. All other parties shall participate by a representative or representatives, in addition to counsel, who shall have unlimited settlement authority and who shall participate in person, not by telephone or other remote means. If a party has liability insurance coverage as to any claim made against that party in this action, a representative of each insurance company providing such coverage who has full authority to offer to pay policy limits in settlement shall be present at, and participate in, the settlement conference in person, not by telephone or other remote means. The Court expects the parties to comply with the requirements of Local Civil Rule 16.3 which requires the parties make a good-faith effort to settle. **Within three business days** of such a conference, the parties shall jointly prepare and file a written report, which shall be signed by all counsel for each party, detailing the date on which the settlement conference was held, the persons present, including the capacity of any representative present, a statement regarding whether meaningful progress toward settlement was made, and a statement regarding the prospects of settlement. Plaintiffs' counsel is responsible for initiating the settlement conference and for filing the written report. All counsel must participate in the settlement conference and shall sign the written report.

Strict compliance with the terms of this order is required. Should any party or counsel fail to abide by these orders, such party or counsel, or both, will be subject to sanctions, including dismissal or entry of default without further notice. *See* Fed. R. Civ. P. 16(f).

**SO ORDERED.**

February 2, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3