IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL KIMBROUGH, MSN, FNP-C, MARY BENARD, MSN, FNP-C and TINA SPOHN-LEDFORD, MSN, FNP-C, <br><br>Plaintiffs, <br><br>vs. <br><br>NAEEM KHAN, M.D. and AMARILLO URGENT CARE, LLC, <br><br>Defendants. | § § § § § § § § § § § § § § | CIVIL NO. 2:18-CV-00082-D |

**PLAINTIFFS' OBJECTIONS TO
DEFENDANTS' DESIGNATED TRIAL EXHIBITS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs file the attached Objections to Defendants' Exhibit List (Exh. A). Plaintiffs file these objections pursuant to paragraph 7 of this Court's Scheduling Order (Doc. 122).

**I. DEFENDANTS' EXHIBITS**

Defendants submitted their Exhibit List in connection with the Joint Pretrial Report, which was jointly submitted by the Parties on January 26, 2021. Likewise, Plaintiffs filed and served their objections to Defendants' Exhibit List in "Plaintiffs' Response to Defendants' Exhibit List," which was also filed on January 26, 2021, as a part of the Joint Pretrial Order.

Defendants also filed and served Defendants' Second Amended Pre-Trial Disclosures on January 26, 2021 pursuant to paragraph 7 of the Court's Scheduling Order (Doc. 122). In compliance with paragraph 7 of this Court's Scheduling Order (Doc. 122), Plaintiffs file and serve the objections to Defendants' Exhibit List as reflected on the document attached hereto as Exhibit 1.

Dated: February 2, 2021

Respectfully submitted,

MULLIN HOARD & BROWN, LLP
Shawn D. Twing
Texas SBN: 00798008
Oklahoma SBN: 015865
Arkansas SBN: 93089
stwing@mhba.com
500 S. Taylor, Suite 800
P.O. Box 31656
Amarillo, Texas 79120-1656
(806) 372-5050
(806) 372-5086 – facsimile

Elizabeth A. Chermel
Texas SBN 24064027
bchermel@mhba.com
2515 McKinney Avenue, Suite 900
Dallas, Texas 75201
(214) 754-0040
(214) 754-0043 – facsimile

/s/ Shawn D. Twing
Shawn D. Twing

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following counsel of record via the court's CM/ECF electronic filing system on February 2, 2021:

Casey S. Erick
COWLES & THOMPSON
901 Main St, Suite 3900
Dallas, TX 75202
cerick@cowlesthompson.com

                                                                      /s/ *Leslie Ogle*

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBIT LIST**

| Def's Ex. No. | Document Description | Bates | Bates | Agreed or Disputed | Basis for Objection |
|---|---|---|---|---|---|
| 1. | Combined payroll records | D 1  893 | | Disputed | Plaintiffs object to the admissibility of Defendants No. 7 because such evidence is simply a citation to the entirety of Defendants' February 15, 2019 production which contains numerous documents within the 900 pages. Defendants do not specify or identify any particular document and therefore this evidence is vague and global. Plaintiffs object to Defendants' designation of these records as Defendants' failure to adequately identify specific records prevents Plaintiffs from evaluating these records in order to assess their potential admissibility and make proper objections under the Federal Rules of Evidence. |
| 2. | Concentra | D 896 | | Disputed | Plaintiffs object to the admissibility of this document on the grounds of completeness under Federal Rule of Evidence 106. To the extent it is the same as Plaintiffs Trial Exhibit 19 Plaintiffs have no objection |
| 3. | Plaintiff employee records | D 894-903 and 910-913 | | Disputed | Plaintiffs object to the admissibility of these documents because such evidence is simply a citation to the entirety of Defendants' April 29, 2019 .pdf production. Defendants do not specify or identify any particular document and therefore this evidence is vague. Plaintiffs object as Defendants' failure to adequately identify specific records prevents Plaintiffs from evaluating these records in order to assess their potential admissibility in order to make proper objections under the Federal Rules of Evidence. |
| 4. | Flu chart | D 902 - 2 | | Disputed | Plaintiffs object to the admissibility of this exhibit because: (a) such evidence is irrelevant as it does not relate to number of |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBIT LIST**

| # | Description | Bates | | Status | Objection |
|---|---|---|---|---|---|
| | | | | | hours worked by Plaintiffs, wages owed, or whether Defendants' conduct was willful, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; and (b) such evidence contains hearsay without exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 5. | Cough, Fever chart | D 901 - 1 | | Disputed | Plaintiffs object to the admissibility of this exhibit because: (a) such evidence is irrelevant as it does not relate to number of hours worked by Plaintiffs, wages owed, or whether Defendants' conduct was willful, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; and (b) such evidence contains hearsay without exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 6. | Supplement to Ledford records | D 1022-1034 | | Agreed | |
| 7. | Defs Initial Disclosures | 1-259 | | Disputed | This is not an identifiable bates range and appears to be a compilation of various records produced by Defendants. This exhibit lacks proper description of the documents Defendants propose to use as a trial exhibit. |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBIT LIST**

| # | Description | Bates | | Status | Objection |
|---|---|---|---|---|---|
| 8. | Supplemental Ledford Records | D 194-198 | | Disputed | Plaintiffs object to the admissibility of Defendants No. 8 because such evidence is incomplete, and, therefore, is not admissible pursuant to FRE 403 or FRE 106. Defendants No. 8 includes four pages from within a larger set of documents correctly identified as Plaintiffs No. 32 and No. 33 – Tina Spohn-Ledford Detailed Payroll History, D*000156-198, D*1025-1034. |
| 9. | Video_Apr_16_19 04-54-37 PM | D 909 | | Disputed | Plaintiffs object to the admissibility of this exhibit because: (a) such evidence is irrelevant as it does not relate to the number of hours worked by Plaintiffs, wages owed, or whether Defendants' conduct was willful, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; (b) such evidence is hearsay without exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 10. | Video entering EMR data | D 906 - M2U00003 | | Disputed | Plaintiffs object to the admissibility of this exhibit because: (a) such evidence is irrelevant as it does not relate to the number of hours worked by Plaintiffs, wages owed, or whether Defendants' conduct was willful, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; (b) such evidence is hearsay without exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBIT LIST**

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  | has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 11. | Hours worked estimates | D 914-971 |  | Disputed | Plaintiffs object to the admissibility of this exhibit because this entry is simply a citation to the entirety of Defendants' May 6, 2019 production. The May 6, 2019 production contains numerous documents and Defendants do not specify or identify any particular document and therefore this evidence is vague. Plaintiffs object to Defendants No. 19 as Defendants' failure to adequately identify specific records prevents Plaintiffs from evaluating these records in order to assess their potential admissibility and make proper objections under the Federal Rules of Evidence. |
| 12. | Video entering EMR data | D 905 - M2U00002 |  | Disputed | Plaintiffs object to the admissibility of this exhibit because: (a) such evidence is irrelevant as it does not relate to the number of hours worked by Plaintiffs, wages owed, or whether Defendants' conduct was willful, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; (b) such evidence is hearsay without exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 13. | Huerta Statment | D 894 |  | Disputed | Plaintiffs object to the admissibility of Defendants exhibit because: (a) such evidence is irrelevant as it does not relate to the number of hours worked by Plaintiffs, wages owed, or whether Defendants' |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBIT LIST**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | conduct was willful and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; (b) such evidence is hearsay without exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 14. | Video entering EMR data | D 904 - M2U00001 | | Disputed | Plaintiffs object to the admissibility of this exhibit because: (a) such evidence is irrelevant as it does not relate to the number of hours worked by Plaintiffs, wages owed, or whether Defendants' conduct was willful, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; (b) such evidence is hearsay without exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 15. | Charts - exemplar MB-TSL | D 910 - 913 | | Disputed | Plaintiffs object to the admissibility of this exhibit because: (a) such evidence is irrelevant as it does not relate to the number of hours worked by Plaintiffs, wages owed, or whether Defendants' conduct was willful, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; (b) such evidence is hearsay without |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBIT LIST**

| | | | | | |
|---|---|---|---|---|---|
| | | | | | exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 16. | Huerta-Catano DK chart totals | D 895 | | Disputed | Plaintiffs object to the admissibility of this exhibit because: (a) such evidence is irrelevant as it does not relate to number of hours worked by Plaintiffs, wages owed, or whether Defendants' conduct was willful, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; and (b) such evidence contains hearsay without exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 17. | Video_Apr_16_19 04-50-02 PM | D 908 | | Disputed | Plaintiffs object to the admissibility of this exhibit because: (a) such evidence is irrelevant as it does not relate to the number of hours worked by Plaintiffs, wages owed, or whether Defendants' conduct was willful, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; (b) such evidence is hearsay without exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 18. | Toe injury chart | D 903 - 3 | | Disputed | Plaintiffs object to the admissibility of this exhibit because: (a) such evidence is |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBIT LIST**

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  | irrelevant as it does not relate to number of hours worked by Plaintiffs, wages owed, or whether Defendants' conduct was willful, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; and (b) such evidence contains hearsay without exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 19. | Video_Apr_16_19 04-42-45 PM | D 907 |  | Disputed | Plaintiffs object to the admissibility of this exhibit because: (a) such evidence is irrelevant as it does not relate to the number of hours worked by Plaintiffs, wages owed, or whether Defendants' conduct was willful, and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or waste of time pursuant to Federal Rules of Evidence 401-403; (b) such evidence is hearsay without exception pursuant to Federal Rules of Evidence 801 and 802; and (c) such evidence has not been properly authenticated pursuant to Federal Rules of Evidence 901 and 902. |
| 20. | NonCompete to Concentra_3.12.18 | D 898 |  | Disputed | Plaintiffs object to admissibility of this exhibit on the grounds of completeness under Federal Rule of Evidence 106. To the extent this document is the same as Plaintiffs' Trial Exhibit 20, Plaintiffs agree as to its admissibility. |
| 21. | New EMR login information | D 1001-1021 |  | Agreed |  |

| | | | | | |
|---|---|---|---|---|---|
| 22. | Amarillo Urgent Care and Dr. Khan Employee Handbook | D*000830 | Ending Bates | Disputed | The bates range fails to adequately and properly identify which document Defendants intend to use at trial, and, as a result, Plaintiffs are unable to assess the potential admissibility of this proposed Exhibit at trial |
| 23. | October 2017 - June 2018 calendars with providers scheduled | D*000205 | D*000842 | Disputed | The bates range fails to adequately and properly identify which document Defendants intend to use at trial, and, as a result, Plaintiffs are unable to assess the potential admissibility of this proposed Exhibit at trial. |
| 24. | Calendars with providers scheduled (various months) | P-000001 | D*000213 | Disputed | The bates range fails to adequately and properly identify which document Defendants intend to use at trial, and, as a result, Plaintiffs are unable to assess the potential admissibility of this proposed Exhibit at trial. |
| 25. | Darrell Kimbrough Employment Agreement | D*000235 | P-000014 | Disputed | The bates range fails to adequately and properly identify which document Defendants intend to use at trial, and, as a result, Plaintiffs are unable to assess the potential admissibility of this proposed Exhibit at trial. |
| 26. | Darrell Kimbrough 2016 W-4 | D*000494 | D*000236 | Disputed | The bates range fails to adequately and properly identify which document Defendants intend to use at trial, and, as a result, Plaintiffs are unable to assess the potential admissibility of this proposed Exhibit at trial. |
| 27. | Darrell Kimbrough 2017 and 22018 W-2 | DK-000019 | D*000494 | Disputed | The bates range fails to adequately and properly identify which document Defendants intend to use at trial, and, as a result, Plaintiffs are unable to assess the |

| | | | | | |
|---|---|---|---|---|---|
| | | | | | potential admissibility of this proposed Exhibit at trial. |
| 28. | Darrell Kimbrough Payroll Register | D*00077 | DK-000019 | Disputed | The bates range fails to adequately and properly identify which document Defendants intend to use at trial, and, as a result, Plaintiffs are unable to assess the potential admissibility of this proposed Exhibit at trial. |
| 29. | Darrell Kimbrough Detailed Payroll History | D*00078 | D*00077 | Disputed | The bates range fails to adequately and properly identify which document Defendants intend to use at trial, and, as a result, Plaintiffs are unable to assess the potential admissibility of this proposed Exhibit at trial. |
| 30. | Darrell Kimbrough Pay Stubs | D*000108 | D*000106 | Disputed | The bates range fails to adequately and properly identify which document Defendants intend to use at trial, and, as a result, Plaintiffs are unable to assess the potential admissibility of this proposed Exhibit at trial. |
| 31. | Screenshots of text messages between Darrell Kimbrough and Cris Rico (1/29/2018-4/18/2018) | DK-000004 | DK-000015 | Agreed | |
| 32. | Concentra offer letter to Darrell Kimbrough | DK-000016 | DK-000018 | Agreed | |
| 33. | Tina Spohn-Ledford Employment Agreement (w/handwritten note) | D*000237 | D*000238 | Agreed | |
| 34. | Tina Spohn-Ledford Employment Agreement (w/handwritten notes; | D*000651 | D*000653 | Agreed | |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBIT LIST**

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | unexecuted) |  |  |  |  |
| 35. | Tina Spohn-Ledford Request Off Form | D*000820 | D*000820 | Agreed |  |
| 36. | Tina Spohn-Ledford 2016 W-4 | D*000654 | D*000654 | Agreed |  |
| 37. | Tina Spohn-Ledford 2016 W-2 | TSL-000083 | TSL-000083 | Agreed |  |
| 38. | Tina Spohn-Ledford 2017 W-2 | TSL-000084 | TSL-000084 | Agreed |  |
| 39. | Tina Spohn-Ledford 2018 W-2 | TSL-000085 | TSL-000085 | Agreed |  |
| 40. | Tina Spohn-Ledford Payroll History | D*000138 | D*000141 | Agreed |  |
| 41. | Tina Spohn-Ledford Payroll Register | D*000142 | D*000155 | Agreed |  |
| 42. | Tina Spohn-Ledford Detailed Payroll History | D*000156 | D*000198 | Agreed |  |
| 43. | Tina Spohn-Ledford Detailed Payroll History | D*1025 | D*1034 | Agreed |  |
| 44. | Letter from Melissa Chavez re: Tina Spohn-Ledford and provider charting | D*000215 | D*000215 | Agreed |  |
| 45. | Check image: for payment to Tina Spohn-Ledford re: charts | D*000877 | D*000877 | Agreed |  |
| 46. | Mary Benard Employment Agreement | D*000224 | D*000225 | Agreed |  |
| 47. | Mary Benard Employment | D*000226 | D*000227 | Agreed |  |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBIT LIST**

| | | | | | |
|---|---|---|---|---|---|
| | Agreement | | | | |
| 48. | Mary Benard Employment Agreement | D*000228 | D*000229 | Agreed | |
| 49. | Mary Benard Employment Agreement | D*000230 | D*000234 | Agreed | |
| 50. | Mary Benard 2016 W-4 | D*000247 | D*000248 | Agreed | |
| 51. | Mary Benard 2017 and 2018 W-2 | MB-000070 | MB-000071 | Agreed | |

Defendants may offer the following exhibits:

| Def's Ex No. | Document Description | Bates | Bates | Agreed or Disputed | Basis for Objection |
|---|---|---|---|---|---|
| 52. | Darrell Kimbrough Answers to Requests for Production | | | Disputed | Plaintiffs object to the admissibility of this exhibit because such evidence is irrelevant under Federal Rule of Evidence 403. The discovery deadline has passed and there are no pending motions to compel further production from Plaintiffs as such this document is of no relevance to the claims in this case. |
| | Darrell Kimbrough Answers to Interrogatories | | | Agreed | |
| 53. | Mary Benard's Answers to Requests for Production | | | Disputed | Plaintiffs object to the admissibility of this exhibit because such evidence is irrelevant under Federal Rule of Evidence 403. The discovery deadline has passed and there are no pending motions to compel further production from Plaintiffs as such this document is of no relevance to the claims in |

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' EXHIBIT LIST**

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  |  | this case. |
|  | Mary Benard's Answers to Interrogatories |  |  | Agreed |  |
| 54. | Tina Spohn-Ledford's Answers to Interrogatories and Requests for Production |  |  | Disputed | Plaintiffs object to the admissibility of this exhibit because such evidence is irrelevant under Federal Rule of Evidence 403. The discovery deadline has passed and there are no pending motions to compel further production from Plaintiffs as such this document is of no relevance to the claims in this case. |
|  | Tina Spohn-Ledford's Answers to Interrogatories and Requests for Production |  |  | Agreed |  |
| 55. | Defendants' First Amended Answers to Plaintiffs' Second Interrogatories |  |  | Agreed |  |
| 56. | Defendants' First Supplemental Responses to Plaintiffs' Second Request for Production |  |  | Agreed |  |
| 57. | Defendants' Responses to Plaintiffs' Second Interrogatories |  |  | Agreed |  |
| 58. | Defendants' Responses to Plaintiffs' Second Request for Production |  |  | Agreed |  |