IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL KIMBROUGH, MSN, FNP-C, <br> MARY BENARD, MSN, FNP-C and <br> TINA SPOHN-LEDFORD, MSN, FNP-C, <br><br> Plaintiffs, <br><br> vs. <br><br> NAEEM KHAN, M.D. and <br> AMARILLO URGENT CARE, LLC, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL NO. 2:18-CV-00082-Z-BR |

## PLAINTIFFS' MOTION IN LIMINE

Plaintiffs filed this action in April and June of 2018 for (1) overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), (2) regular time wages pursuant to the FLSA and (3) retaliation for asserting their rights under the FLSA.[1] Defendants operate an urgent care medical clinic in Amarillo, Texas. Dr. Khan is the sole owner and manager of Amarillo Urgent Care. Between 2016 and 2018, Plaintiffs regularly worked more than forty hours per week and Defendants failed to compensate them as required under the FLSA. Plaintiffs also regularly completed patient charting on their own-time – meaning off-the-clock and unpaid. For these hours Plaintiffs are owed compensation for each hour worked at the applicable regular or overtime rate. Because Defendants failed to compensate Plaintiffs in accordance with the mandates of the FLSA, Plaintiffs brought this lawsuit and seek damages, fees, court costs, interest and injunctive relief.

---

[1] Plaintiffs also asserted state-law causes of action for defamation and tortious interference with contractual relations but will not be pursing those claims at trial.

Plaintiffs respectfully make this motion *in limine* to exclude matters that are irrelevant and/or unfairly prejudicial such that they are inadmissible at trial. If Defendants, Amarillo Urgent Care and Dr. Khan inject these matters in this case through a party, an attorney, or a witness, Defendants will cause irreparable harm to Plaintiffs' case that no jury instruction would cure. If any of these matters are brought directly or indirectly to the attention of the jury, Plaintiffs will be compelled to move for a mistrial. In an effort to avoid prejudice and a possible mistrial, Plaintiffs make this motion in limine. Plaintiffs therefore, respectfully move this Court for an order precluding Defendants from introducing the following matters at trial of this proceeding.

## **TOPICS**

1. Any testimony or other evidence, either direct or indirect, that Plaintiffs failed to mitigate their damages in connection with Plaintiffs' claims for back wages under the FLSA. Mitigation is an affirmative defense that has no application to claims for back wages owed under the FLSA. As a matter of law there is no requirement to mitigate overtime wages under the FLSA. *Nelson v. Trans Freight, Inc.*, 2014 WL 12596465, at *2 (N.D. Tex., 2014) (citing *Tran v. Thai*, Civ. A. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010) (quoting *King v. ITT Educ. Servs.*, *Inc.,* No. 3:09–cv–848, 2009 WL 3583881, at *3 (M.D. Fla. Oct.27, 2009), and citing *Gonzalez v. Spears Holdings, Inc.,* No. 09–60501–CV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009); *Lopez v. Autoserve LLC,* No. 05 C 3554, 2005 WL 3116053, at *2 (N.D. Ill. Nov.17, 2005); *Perez–Nunez,* 2009 WL 723873, at *2).

**AGREED**         **DISPUTED**

2. Defendants should be excluded from offering or eliciting testimony or submitting evidence as to whether Plaintiffs' timely or accurately recorded any off the clock hours. Plaintiffs stipulate that they did not keep contemporaneous records of time spent charting off-the-clock. This line of questioning implies that it was Plaintiffs' duty to record their off the clock hours. The FLSA requires employers—not the employees—to "make, keep and preserve records" of an employee's hours. 29 U.S.C. § 211(c). Allowing testimony on this topic is likely to confuse the jury as it mischaracterizes Plaintiffs' burden of proof on their claims for unpaid wages under the FLSA. Therefore, this line of questioning should be excluded under Federal Rule of Evidence 403.

**AGREED**         **DISPUTED**

3. Any inference, either direct or indirect, that Defendants were authorized in any way to

discharge or to transfer to Plaintiffs the Defendants' duty to keep and maintain accurate time and pay records or that any inaccuracy or deficiency in any such records is Plaintiffs' fault or responsibility. 29 U.S.C. § 211(c); *Goldberg v. Cockrell*, 303 F.2d 811, 812 n. 1 (5th Cir. 1962). Plaintiffs have the burden of proving their hours worked for which they were not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946), superseded by statute on other grounds, 29 U.S.C. § 251.When an employer's records are 'inaccurate or inadequate,' the employee may satisfy the burden by proving that he or she performed work that was improperly compensated and producing 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. 680, 687 (1946). 'The burden then shifts to the employer to come forward with the evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence." *Anderson*, 328 U.S. at 867-88; *Rosales v. Lore*, 149 f. App'x 245, 246 (5th Cir. 2005).

**AGREED**          **DISPUTED**

4.   Defendants should be excluded from offering testimony or other evidence as to whether Plaintiffs violated any of the rules or regulations of the clinic or their employment contract. The Court dismissed Defendants' breach of contract counterclaims; therefore, any testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Further, breach of contract is not a defense to a claim for payment of wages under the FLSA and cannot result in a reduction of damages for wages owed for time worked. Such testimony or evidence will only lead to confusion, mislead the jury, waste time and is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. *See also*, *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003).

**AGREED**          **DISPUTED**

5.   Defendants should be excluded from offering testimony or other evidence regarding the quality of Plaintiffs' work while employed by Defendants. The quality of an employees' work is not a defense to payment of wages under the FLSA and cannot result in a reduction of damages for wages owed for time worked. Accordingly such testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Similarly, the Court dismissed Defendants' breach of contract counterclaims; therefore, any testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Such testimony or evidence will only lead to confusion, mislead the jury, waste time and is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. *See also*, *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003).

**AGREED**          **DISPUTED**

6.   Defendants should be excluded from offering testimony or other evidence purporting to show Plaintiffs were incompetent. The competence or skill of an employee is not a defense to payment of wages under the FLSA and cannot result in a reduction of damages for wages owed for time worked. Similarly, the Court dismissed Defendants' breach of contract counterclaims which included a claim that Plaintiffs failed to use their "best efforts, skill and ability" in their

positions. Accordingly such testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Such testimony or evidence will only lead to confusion, mislead the jury, waste time and is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. *See also*, *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003).

    **AGREED**    **DISPUTED**

  7. Any testimony or other evidence concerning the standard of care applicable to nurse practitioners. This case does not contain a claim for negligence or professional malpractice such that the standard of care governing nurse practitioners will be relevant or helpful to the jury. Defendants should be excluded from offering testimony or other evidence regarding Plaintiffs' adherence or compliance with the applicable standard of care for Nurse Practitioners under Federal Rule of Evidence 401.

    **AGREED**    **DISPUTED**

  8. Any testimony or other evidence concerning the standard of care provided by Plaintiffs in their employment with Defendant. The standard of care owed by a nurse practitioner to his/her patients is not an issue in this case. Showing that Plaintiffs did or did not perform their job duties in accordance with the requisite professional standard of care has no impact on wages owed for time worked and is not a defense to a claim for unpaid wages under the FLSA. Similarly, the Court dismissed Defendants' breach of contract counterclaims which included a claim that Plaintiffs failed to use their "best efforts, skill and ability" in their positions. Accordingly such testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Such testimony or evidence will only lead to confusion, mislead the jury, waste time and is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. *See also*, *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003).

    **AGREED**    **DISPUTED**

  9. Defendants should be excluded from offering testimony or other evidence regarding any disciplinary action taken or contemplated as to Plaintiffs leading up to the end of their employment. Plaintiffs' work/performance history is not a defense to payment of wages owed under the FLSA and has no relevance to the claims in this case. Accordingly such testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Such testimony or evidence should also be excluded under Federal Rule of Evidence 403 as it will lead to confusion, mislead the jury, waste time and is unfairly prejudicial.

    **AGREED**    **DISPUTED**

  10. Defendants should be excluded from offering testimony or other evidence regarding the appropriateness of the length of time Plaintiffs' spent charting, whether on the clock or off the clock. To suggest that Plaintiffs' worked an "inappropriate" amount of time implies that they should not be paid for all time work. This is not a defense to payment of wages owed under the FLSA and has no relevance to the claims in this case. Under the FLSA, an employee is entitled

to payment for all work suffered or permitted even if the work is not expressly requested by the employer. 29 U.S.C. § 203(g). Plaintiffs suspect Defendants will attempt to put on evidence that it took Plaintiffs too long to complete charting and therefore the hours worked are "inappropriate." Such evidence on this topic, in addition to not being relevant, should be excluded because it as it will lead to confusion, mislead the jury, waste time and is unfairly prejudicial under Federal Rule of Evidence 403.

**AGREED**          **DISPUTED**

11. Defendants should be excluded from offering testimony or other evidence or in any way inferring, directly or indirectly, that Plaintiffs violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Showing that Plaintiffs did or did not comply with HIPAA when completing patient charts has no impact on wages owed for time worked and is not a defense to a claim for unpaid wages under the FLSA. Similarly, the Court dismissed Defendants' breach of contract counterclaims which included a claim that Plaintiffs breached their employment contracts because they failed to comply with HIPAA. Accordingly such testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Such testimony or evidence will only lead to confusion, mislead the jury, waste time and is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. *See also*, *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003).

**AGREED**          **DISPUTED**

12. Defendants should be excluded from offering testimony or other evidence or in any way inferring, directly or indirectly, that Plaintiffs violated patients' privacy rights violations. Whether Plaintiffs' violated patients' privacy rights when completing patient charts has no impact on wages owed for time worked and is not a defense to a claim for unpaid wages under the FLSA. Similarly, the Court dismissed Defendants' breach of contract counterclaims which included a claim that Plaintiffs breached their employment contracts because they failed to comply with HIPAA. Accordingly such testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Such testimony or evidence will only lead to confusion, mislead the jury, waste time and is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. *See also*, *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003).

**AGREED**          **DISPUTED**

13. Defendants should be excluded from offering testimony or other evidence that Plaintiffs violated the rules and/or regulations of the Clinic. Whether Plaintiffs' violated the rules and/or regulations of the Clinic has no impact on wages owed for time worked and is not a defense to a claim for unpaid wages under the FLSA. Similarly, the Court dismissed Defendants' breach of contract counterclaims which included multiple claims that Plaintiffs breached their employment contracts with the Defendants. Accordingly such testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Such testimony or evidence will only lead to confusion, mislead the jury, waste time and is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. *See also*, *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Singer v.*

*City of Waco*, 324 F.3d 813 (5th Cir. 2003).

    **AGREED**    **DISPUTED**

  14. Defendants should be excluded from offering testimony or other evidence that Plaintiffs violated or breached their employment contract with Defendants. Whether Plaintiffs' breached their employment contracts has no impact on wages owed for time worked and is not a defense to a claim for unpaid wages under the FLSA. Similarly, the Court dismissed Defendants' breach of contract counterclaims which included multiple claims that Plaintiffs breached their employment contracts with the Defendants. Accordingly such testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Such testimony or evidence will only lead to confusion, mislead the jury, waste time and is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. *See also*, *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003).

    **AGREED**    **DISPUTED**

  15. More specifically, Defendants should be excluded from offering testimony or other evidence that Plaintiffs breached the buy-out provision of the employment agreement. Whether Plaintiffs' breached their employment contracts has no impact on wages owed for time worked and is not a defense to a claim for unpaid wages under the FLSA. Similarly, the Court dismissed Defendants' breach of contract counterclaims which included multiple claims that Plaintiffs breached their employment contracts with the Defendants. Accordingly such testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Such testimony or evidence will only lead to confusion, mislead the jury, waste time and is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. *See also*, *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003).

    **AGREED**    **DISPUTED**

  16. More specifically, Defendants should be excluded from offering testimony or other evidence that Plaintiffs breached their employment contracts by failing to comply with HIPAA. Whether Plaintiffs' breached their employment contracts has no impact on wages owed for time worked and is not a defense to a claim for unpaid wages under the FLSA. Similarly, the Court dismissed Defendants' breach of contract counterclaims which included multiple claims that Plaintiffs breached their employment contracts with the Defendants. Accordingly such testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Such testimony or evidence will only lead to confusion, mislead the jury, waste time and is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403. *See also*, *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003).

    **AGREED**    **DISPUTED**

  17. Defendants should be excluded from offering testimony or other evidence of any purported disparaging comments, whether written or oral, made by Plaintiffs about Defendants. Defendants added topic to the parties' joint pre-trial order; however, there is no claim or defense

in this case to which such evidence is relevant (e.g. a claim for defamation, breach of non-disparagement clause, etc.). Accordingly evidence on this topic is inadmissible and should be excluded under Federal Rules of Evidence 401 and 403.

**AGREED**          **DISPUTED**

18. Defendants should be excluded from offering testimony or other evidence that Plaintiffs diverted patients to other providers away from Defendants' practice. Defendants added this to the parties' joint pre-trial order; however, there is no claim or defense in this case to which such evidence is relevant. Accordingly evidence on this topic is inadmissible and should be excluded under Federal Rules of Evidence 401 and 403.

**AGREED**          **DISPUTED**

19. Defendants should be excluded from offering testimony or other evidence that Plaintiffs' failure to timely complete patient charts caused health insurers to deny claims for payment and caused Defendants to incur damages. First, evidence on this topic has no impact on damages for wages owed for time worked and is not a defense to a claim for unpaid wages under the FLSA. Second this an impermissible attempt to obtain a set-off for wages owed to Plaintiffs which has been expressly prohibited under *Brennan v. Heard*, 491 F.2d 1 (5th Cir. 1974); *Singer v. City of Waco*, 324 F.3d 813 (5th Cir. 2003). Accordingly such testimony or evidence on this topic is not relevant under Federal Rule of Evidence 401. Such testimony or evidence will only lead to confusion, mislead the jury, waste time and is unfairly prejudicial and should be excluded under Federal Rule of Evidence 403.

**AGREED**          **DISPUTED**

20. Defendants should be excluded from offering testimony or other evidence suggesting that that Plaintiffs' "retroactively" created time records to the extent "retroactive" implies that Plaintiffs falsified documents. First, Plaintiffs did not create time records. Second, there is no claim or defense in this case that Plaintiffs falsified time records, back dated time records, or falsely submitted time records for time for which they were compensated. Plaintiffs will stipulate that the estimate of hours worked at home was prepared solely for purposes of this litigation. The FLSA requires employers—not the employees—to "make, keep and preserve records" of an employee's hours. 29 U.S.C. § 211(c). Here Defendants did not have a record keeping system in place to track providers' time spent charting off the clock. Defendants'' failure to keep and maintain adequate records of Plaintiffs'' hours and pay has made it difficult for Plaintiffs to prove the exact amount of their claim for unpaid wages. When an employer's records are 'inaccurate or inadequate,' the employee may satisfy the burden by proving that he or she performed work that was improperly compensated and producing 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Anderson*, 328 U.S. 680, 687 (1946). Plaintiffs prepared their best estimate of hours spent charting with the evidence available to them at that time – which was simply their own recollections of time spent charting. It was not until discovery in this case that Plaintiffs were able to subpoena and obtain the electronic medical records from Defendants' electronic billing software provider. Such records show the precise amount of time Plaintiffs spent charting off-the-clock.

**AGREED**       **DISPUTED**

21. Defendants should be excluded from offering any opinion by an expert whose qualifications are not first established to render an opinion on the particular subject matter being questions and that is not supported by admissible facts.  *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320,1131 (5th Cir. 1996); FED. R. EVID. 401, 701-703.

**AGREED**       **DISPUTED**

22. Defendants should be excluded from offering any testimony of a witness unless such witness and his testimony has been previously timely identified in answers to discovery or disclosures and in accordance with the Court's Scheduling Order regarding witness disclosures. FED. R. CIV. P. 26, 37.

23.  Defendants should be excluded from offering any testimony by "any agents and employees or custodian of records" not properly disclosed in Defendants'' pre-trial materials, specifically, the proposed Joint Pre-Trial Order and/or Defendants' Second Amended Pretrial Disclosures (Doc. 123). FED. R. CIV. P. 26, 37; Court's Scheduling Order (Doc. 122 at 8(b)).

**AGREED**       **DISPUTED**

24. Defendants should be excluded from offering any testimony by Nicole Slatten. Defendants have not made proper disclosure of the subject matter on which this witness will testify. Defendants disclosed only that these witnesses are "fact witnesses who will provide testimony regarding the facts of this case and Defendants' claims, defense and damages." Plaintiffs have repeatedly objected to this witness on this basis and Defendants have failed to cure. FED. R. CIV. P. 26, 37; Court's Scheduling Order (Doc. 122 at 8(b)).

**AGREED**       **DISPUTED**

25. Defendants should be excluded from offering any testimony by Samantha Huerta. Defendants have not made proper disclosure of the subject matter on which this witness will testify. Defendants disclosed only that these witnesses are "fact witnesses who will provide testimony regarding the facts of this case and Defendants' claims, defense and damages." Plaintiffs have repeatedly objected to this witness on this basis and Defendants have failed to cure. FED. R. CIV. P. 26, 37; Court's Scheduling Order (Doc. 122 at 8(b)).

**AGREED**       **DISPUTED**

26. Defendants should be excluded from offering any testimony by Hope Catano. Defendants have not made proper disclosure of the subject matter on which this witness will testify. Defendants disclosed only that these witnesses are "fact witnesses who will provide testimony regarding the facts of this case and Defendants' claims, defense and damages." Plaintiffs have repeatedly objected to this witness on this basis and Defendants have failed to cure. FED. R. CIV. P. 26, 37; Court's Scheduling Order (Doc. 122 at 8(b)).

**AGREED**          **DISPUTED**

27. Defendants should be excluded from offering testimony or other evidence of Plaintiffs' financial condition including but not limited to previous filings for bankruptcy. Such evidence is not relevant under Federal Rule of Evidence of 401 and would be highly prejudicial under Federal Rule of Evidence 403.

**AGREED**          **DISPUTED**

28. Any testimony or other evidence regarding Defendants' filing of complaints to the Texas Board of Nursing against Darrell Kimbrough. Dr. Khan filed a complaint against Darrell Kimbrough with the Texas Board of Nursing in retaliation for filing this lawsuit and more specifically for failing to settle this lawsuit in mediation. The substance of this complaint is entirely untrue and admitting this evidence will unfairly prejudice Darrell Kimbrough and confuse the jury. Moreover, any alleged performance issues are irrelevant to a claim for unpaid wages under the FLSA. FED. R. EVID. 401 and 403.

**AGREED**          **DISPUTED**

29. Any testimony or other evidence that references Daryl Kimbrough's alleged alcohol use or abuse. Such testimony will unfairly prejudice Darrell Kimbrough and confuse the jury and should be exclude under Federal Rules of Evidence 401 and 403. Moreover, any alleged performance issues are irrelevant to a claim for unpaid wages under the FLSA.

**AGREED**          **DISPUTED**

30. Any testimony or other evidence alleging "forgery" as there is no evidence than anyone forged any signatures on any relevant documents. FED. R. EVID. 401 and 403.

**AGREED**          **DISPUTED**

31. Defendants should be excluded from offering testimony by their expert, Casey Erick, to the extent Erick's testimony goes to the amount and reasonable of the attorneys' fees incurred by Defendants. Defendants no longer have affirmative claims in this case and cannot recover fees for defense of an FLSA case. Accordingly, Erick's testimony is not relevant to any issues in this case. Testimony on fees incurred by Defendants will only cause confusion and unnecessarily add to the length of trial. FED. R. EVID. 401 and 403.

**AGREED**          **DISPUTED**

32. Defendants should be excluded from offering testimony by their expert, Leslie Johanson.

Defendants' sought leave of Court to designate two experts (Doc. 74). Defendants presented its motion to the Court under the premise that the expert opinions were being offered by "parties opposing affirmative relief." See para. 1(a). In their motion, Defendants recognized

that this case was made more challenging because the parties would need to extrapolate the actual hours worked by the Plaintiff – off the clock. Defendants represented that "the calculation will be based upon identifying what (condition of the patient) was being charted, the estimated time to complete or update a chart with this information, compare the number of charts completed by Plaintiffs while at work versus those completed at home, and compare the same information when reviewing the log-in and log-off times received from Plaintiffs' electronic charting." To quote Defendants, again and directly: "Defendants contend their proposed expert, who is qualified to render such opinions, is not only necessary to this lawsuit but will assist the trier of fact in this case to answer the question: <u>how much time did Plaintiffs actually work when they were not at the clinic?</u> (Doc. 74 at para. 7).

Leslie Johanson's report states the following, under the heading **<u>Summary and Conclusions</u>**:

> I have been asked to address the question; [sic] Is it appropriate [sic] a provider, i.e., NP, to request additional pay to catch up on charts? And, have I ever witnessed, or heard of providers being paid extra to complete charting?

Defendants misrepresented the subject matter of their expert's testimony. As the Court is aware Defendants' breach of contract claims against Plaintiffs have been dismissed from this case. (See Doc. 92). Johanson's ultimate conclusion is that she finds "it NOT appropriate for NP's to ask for more money to complete charts." This conclusion is not relevant to any of the remaining claims at issue in this case. Therefore, such testimony is only likely to cause unfair prejudice, confusion of the issues, mislead the jury, or waste time pursuant to Fed. R. Evid. 401-403. Further, Johanson's testimony should be excluded under Fed. R. Evid. 701(a)-(d), 702-703. The expert testimony actually offered by Defendants is not relevant to the issues in this case. It will not assist the trial of fact to understand the evidence or to determine a fact in issue.

**<u>AGREED</u>**     **<u>DISPUTED</u>**

33. Defendants should be excluded from offering testimony by their expert, Diane Meehan.

Defendants' sought leave of Court to designate two experts (Doc. 74). Defendants presented its motion to the Court under the premise that the expert opinions were being offered by "parties opposing affirmative relief." See para. 1 (a). In their motion, Defendants recognized that this case was made more challenging because the parties would need to extrapolate the actual hours worked by the Plaintiff – off the clock. Defendants represented that "the calculation will be based upon identifying what (condition of the patient) was being charted, the estimated time to complete or update a chart with this information, compare the number of charts completed by Plaintiffs while at work versus those completed at home, and compare the same information when reviewing the log-in and log-off times received from Plaintiffs' electronic charting." To quote Defendants, again and directly: "Defendants contend their proposed expert, who is

qualified to render such opinions, is not only necessary to this lawsuit but will assist the trier of fact in this case to answer the question: <u>how much time did Plaintiffs actually work when they were not at the clinic?</u> (Doc. 74 at para. 7).

Meehan's report offers no such opinion. Meehan's report ultimately concludes that "the Nurse Practitioners [] breached the standard of nursing care." There is not claim or defense in this case that would merit the admission of evidence on the standard of nursing care. Therefore, this expert's testimony has no relevance to the claims remaining in the case because whether any standards were breached is irrelevant to Plaintiffs' claims brought under the FLSA. Such testimony is only likely to cause unfair prejudice, confusion of the issues, mislead the jury, and waste the Court and jury's time and should be excluded pursuant to Fed. R. Evid. 401-403. Further, Meehan's testimony should be excluded under Fed. R. Evid. 701(a)-(d), 702-703.

**AGREED**          **DISPUTED**

## CONCLUSION

Plaintiffs respectfully ask that the Court prohibit Defendants from offering any of the topics set forth in this motion at trial, or in the alternative, prohibit Defendants from offering any of the topics set forth in this motion without first asking for a ruling from the Court, outside the jury's presence, on the admissibility of the matter.

Dated: February 2, 2021           Respectfully submitted,

　　　　　　　　　　　　　　　　　　　 /s/ Elizabeth A. Chermel
　　　　　　　　　　　　　　　　　　Elizabeth A. Chermel

　　　　　　　　　　　　　　　　　　MULLIN HOARD & BROWN, LLP
　　　　　　　　　　　　　　　　　　Shawn D. Twing, SBN 00798008
　　　　　　　　　　　　　　　　　　stwing@mhba.com
　　　　　　　　　　　　　　　　　　Mark Logsdon, SBN 00795486
　　　　　　　　　　　　　　　　　　mlogsdon@mhba.com
　　　　　　　　　　　　　　　　　　500 S. Taylor St., Suite 800
　　　　　　　　　　　　　　　　　　Amarillo, Texas 79101-1656
　　　　　　　　　　　　　　　　　　(806) 372-5050 telephone
　　　　　　　　　　　　　　　　　　(806) 372-5086 facsimile
　　　　　　　　　　　　　　　　　　Elizabeth Chermel, SBN 24074026
　　　　　　　　　　　　　　　　　　bbones@mhba.com
　　　　　　　　　　　　　　　　　　2515 McKinney Avenue, Suite 900
　　　　　　　　　　　　　　　　　　Dallas, Texas 75201

                          (214) 754-0040 telephone
                          (214) 754-0043 facsimile

                          /s/ Elizabeth A. Chermel
                          Elizabeth A. Chermel

                          ***Attorneys for Plaintiffs***

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following counsel of record, via the court's ECF electronic filing system on February 2, 2021:

        Casey S. Erick
        cerick@cowlesthompson.com
        COWLES & THOMPSON
        901 Main St, Suite 3900
        Dallas, TX 75202

                          /s/ Elizabeth A. Chermel

# CERTIFICATE OF CONFERENCE (L.R. 7.1)

I hereby certify that on February 2, 2021, I submitted Plaintiffs' Motion in Limine to counsel for Defendants. An agreement could not be reached; therefore, this motion is submitted in total to the Court for determination.

                          /s/ Elizabeth A. Chermel