**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| **DARRELL KIMBROUGH, MSN, FNP-C,** | § | |
| **MARY BENARD, MSN, FNP-C and** | § | |
| **TINA SPOHN-LEDFORD, MSN, FNP-C,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL NO. 2:18-CV-00082-D** |
| | § | |
| **NAEEM KAHN, M.D. and** | § | |
| **AMARILLO URGENT CARE, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFFS' WITNESS LIST**

A.    <u>Witnesses Plaintiffs Expect to Present</u>

Plaintiffs expect to call the following witnesses at trial:

**1.    Darrell Kimbrough**

Kimbrough has been deposed.  He will testify about the terms and conditions of his employment with Amarillo Urgent Care.  He will also testify about his work hours.  In addition, Kimbrough will testify about the circumstances surrounding his separation of employment and his attempts to obtain subsequent employment.  He will testify about the retaliatory acts he endured as well as his lost wages, front pay and compensatory damages on his retaliation claim. Finally, he will testify as an expert on the issue of charting.

**2.    Mary Benard**

Benard has been deposed.  She will testify about the terms and conditions of her employment with Amarillo Urgent Care.  She will also testify about her work hours.  In addition, Benard will testify about the circumstances surrounding her separation of employment and her attempts to obtain subsequent employment.  She will testify about the retaliatory acts she


EXHIBIT
A-1

endured as well as her lost wages, front pay and compensatory damages on her retaliation claim. Finally, she will testify as an expert on the issue of charting.

**3.      Tina Spohn-Ledford**

Spohn-Ledford has been deposed.  She will testify about the terms and conditions of her employment with Amarillo Urgent Care.  She will also testify about her work hours.  In addition, Spohn-Ledford will testify about the circumstances surrounding her separation of employment and her attempts to obtain subsequent employment.  She will testify about the retaliatory acts she endured as well as her lost wages, front pay and compensatory damages on her retaliation claim. Finally, she will testify as an expert on the issue of charting.

**4.      Naeem Khan, MD**

Dr Kahn has been deposed individually and as the representative of Amarillo Urgent Care.  Dr. Kahn will testify as to the business policies, record keeping and operations at AUC in particular its employment practices, employment related decisions and compensation.  He will also testify about the policy and practice of Amarillo Urgent Care directing its Nurse Practitioners to complete charting from home off-the-clock.  He will also testify as to the authenticity of Amarillo Urgent Care's business records.

**5.      Criselda Rico**

Ms. Rico has been deposed.  She will testify as to the business policies and operations at AUC in particular its employment practices, recordkeeping, employment related decisions and compensation.  She will also testify about the policy and practice of Amarillo Urgent Care directing its Nurse Practitioners to complete charting from home off-the-clock.  She will also testify as to the authenticity of Amarillo Urgent Care's business records.

**6.      Shawn D. Twing**

Mr. Twing has not been deposed in this case.  He will present testimony concerning the attorney fees and costs incurred in this case on behalf of the plaintiffs along with the factors weighing on what constitutes a reasonable amount of hours and hourly rate.  Mr. Twing's testimony will consist of an expert opinion.

B.     Witnesses Plaintiffs May Call if the Need Arises

Plaintiffs may call the following witnesses at trial:

**1.     Vicki Ellington**

Ms. Ellington has not been deposed.  She will testify as to the business policies and operations at AUC in particular its employment practices, recordkeeping, employment related decisions and compensation.  She will also testify about the policy and practice of Amarillo Urgent Care directing its Nurse Practitioners to complete charting from home off-the-clock.  She will also testify as to the authenticity of Amarillo Urgent Care's business records.

**2.     Melissa Chavez**

Ms. Chavez has not been deposed.  She will testify as to the business policies and operations at AUC in particular its employment practices, recordkeeping, employment related decisions and compensation.  She will also testify about the policy and practice of Amarillo Urgent Care directing its Nurse Practitioners to complete charting from home off-the-clock.  She will also testify as to the authenticity of Amarillo Urgent Care's business records.

**3.     Christy Kimbrough**

Ms. Kimbrough has not been deposed.  She will testify to issues regarding compensatory damages as to Mr. Kimbrough's retaliation claims in particular his mental pain and suffering, financial distress and as a fact witness to Mr. Kimbrough's working at home.

**4.     Bryan Owens, Defendants' former counsel**

Mr. Owens has not been deposed in this case.  He will be called to testify concerning his objections to Defendants' attempt to pursue unfounded and retaliatory acts against Plaintiffs in regard to their claims in this case.

**5.      Jeremi Young, Defendants' former counsel**

Mr. Young has not been deposed in this case.  He will be called to testify concerning his objections to Defendants' attempt to pursue unfounded and retaliatory acts against Plaintiffs in regard to their claims in this case.

6.      Custodian of Records for Practice Velocity: **Matthew Logan and Chris Jensen**. These witnesses have knowledge of the practice management and electronic medical record software program Defendants used. Neither of the witnesses has been deposed in this case but Plaintiffs have provided a business records affidavit sworn to by Mathew Logan and Chris Jensen. The witnesses are familiar with the data recorded by the software program, how the data was captured, and how practitioners like Defendants and Plaintiffs utilized the program. Further the witnesses will testify as to the authenticity of the electronic medical records submitted as evidence in this case.

7.      Any other custodian of records necessary to authenticate documents, including but not limited to.

8.      Any witness on Defendants' exhibit list, including but not limited to **Melissa Chavez** and **Vicki Ellington**.

9.      Any impeachment and rebuttal witnesses as necessary.