IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL KIMBROUGH, MSN, FNP-C, <br> MARY BENARD, MSN, FNP-C and <br> TINA SPOHN-LEDFORD, MSN, FNP-C, <br> <br> Plaintiffs, <br> <br> vs. <br> <br> NAEEM KHAN, M.D. and <br> AMARILLO URGENT CARE, LLC, <br> <br> Defendants. | § § § § § § § § § § § § § § | <br> <br> <br> <br> <br> <br> CIVIL NO. 2:18-CV-00082-Z-BR |

## PLAINTIFFS' TRIAL BRIEF

COME NOW Plaintiffs Darrell Kimbrough, MSN, FNP-C, Mary Benard, MSN, FNP-C, and Tina Spohn-Ledford, MSN, FNP-C (collectively "Plaintiffs") and file this Trial Brief pursuant to the Court's August 20, 2020 Scheduling Order (Doc. 122) and would respectfully show the Court as follows:

**I.    Fair Labor Standards Act – Unpaid Wages and Overtime**

The protections of the Fair Labor Standards Act ("FLSA") apply to Plaintiffs under enterprise coverage of the Defendants because they are engaged in commerce and have annual gross sales exceeding $500,000. *See* 29 U.S.C. § 203(b), (r)-(s). In addition, the individual Plaintiffs are engaged in commerce between states because they regularly treated patients from out of state and patients that were transient, e.g., commercial drivers traveling through the State to destinations in other states. Furthermore, they routinely used medical supplies and medications manufactured outside the State of Texas and outside the United States.

The Court has already ruled that Plaintiffs did not work as independent contractors while employed by Defendants. (Doc. 66 and 72).

Plaintiffs, nurse practitioners, were employees of Defendants demonstrated by several facts concerning their employment including: (1) Defendants exercised control over Plaintiffs' scheduling, working conditions and compensation, (2) Plaintiffs did not have any investment in Defendant Amarillo Urgent Care LLC (the "Clinic"), nor did Plaintiffs share in the profits of the Clinic with Defendants, (3) Plaintiffs worked for Defendants pursuant to written employment agreements; (4) Defendants paid Plaintiffs on an IRS Form W-2, made appropriate employee withholdings and paid employer matching taxes FICA, unemployment insurance and federal income. *See* 29 U.S.C. § 203(e)(1); *Hopkins v. Cornerstone AM.*, 545 F.3d 338, 343 (5th Cir. 2008).

Defendants were employers within the meaning of the FLSA. *See* 29 U.S.C. § 203(d). The Court has already ruled that Naeem Khan, M.D. is individually and jointly liable for any FLSA violations. (Doc. 121, *Order Adopting in Part and Rejecting in Part Magistrates' Recommendations*).

Plaintiffs' were paid an hourly rate and classified as non-exempt for purposes of overtime. The Court has already ruled that the Plaintiffs were not covered under any exemption from the overtime requirements of the FLSA. (Doc. 121, *Order Adopting in Part and Rejecting in Part Magistrates' Recommendations*).

Plaintiffs were directed by Defendants and Defendants agents to work "off-the-clock" to complete their charting. Charting was performed by logging into an electronic data base and this data base could be accessed from Plaintiffs' homes or other off-site locations.

Defendants were aware that the FLSA requires employees to be paid for all compensable hours even if the work is performed off-premises and after hours if they knew the work was being performed or could have learned of the work being performed through reasonable inquiry.

*See* 29 C.F.R. §§ 785.11-13. Defendants had an obligation to make every effort to prevent unwanted work from being performed However, even if the hours worked were unwanted, unauthorized or considered unreasonable by Defendants, Plaintiffs are still entitled to be paid for those hours.

Defendants' directive to Plaintiffs to work without recording their hours constitutes a violation of the FLSA's recordkeeping requirements. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2(a)(5)-(9) The failure of Defendants to keep legally mandated records prevents Plaintiffs from asserting claims for uncompensated hours and unpaid overtime with mathematical precision. In such cases, Plaintiffs may recover a reasonable estimate of the hours they claim to have worked to the extent the reasonable estimate is proven by a preponderance of the evidence. *Olibas v. Barclay*, 838 F.3d 442 (5th Cir. 2016); *Donovan v. Hamm's Drive Inn*, 661 F.2d 316 (5th Cir. 1981).

Plaintiffs have prepared reasonable estimates from their personal knowledge and checked their recollection with digital log-in and log-off data from the electronic medical record and billing software used to complete patient charting. Plaintiffs will prepare and submit a bench brief that contains the methodology and specific amounts claimed.

Plaintiffs' reasonable estimates were calculated on a "workweek" basis and includes regular hours for which they were not paid, overtime hours for workweeks which after adding the previously unrecorded regular hours took Plaintiffs into overtime and hours over 40 within a work week which were paid at the regular rate without the overtime premium. *See* 29 C.F.R. § 785.12, 13.

Defendants' were on notice from the United States Department of Labor Wage and Hour Division (DOLWHD) on how to properly pay their Nurse Practitioners after the DOLWHD performed an audit of Defendants' payroll records that occurred before Plaintiffs were employed.

Defendants were also aware that directing employees to work "off-the-clock" is not allowed under the FLSA. Consequently, Defendants' actions were willful. *Singer v. City of Waco, Tex.,* 324 F.3d 813 (5th Cir. 2003). As such, Defendants cannot raise a viable "good faith" defense because a finding of willfulness by definition precludes a finding of good faith. Furthermore, given the nature of Defendants' conduct Plaintiffs' are entitled to liquidated damages which in a case of willful violations are mandatory and the limitations period is extended to three (3) years. *See* 29 U.S.C. § 216(b); 29 U.S.C. § 255(a).

## II.     Fair Labor Standards Act – Retaliation

Each Plaintiff made a "complaint" concerning their directive to work "off-the-clock" in a manner that implicates 29 U.S.C. § 215; *see also, Hagan v. Echostar Satellite, L.L.C*., 529 F.3d 617 (5th Cir. 2008). Plaintiffs' Darrell Kimbrough, Mary Benard and Tina-Spohn-Ledford made informal complaints challenging the legality of being directed to work from home "on their own time." Plaintiff Mary Benard also made a formal complaint: the filing of her complaint in this case. The Plaintiffs were then subjected to the following retaliatory conduct by Defendants:

   a.  Darrell Kimbrough was subjected to post-employment harassment, interference and was made party to a retaliatory lawsuit in State Court.

   b.  Tina Spohn-Ledford was subjected to retaliatory action by having her hours reduced and was later made a party to a retaliatory lawsuit in State Court.

   c.  Mary Benard was terminated from her employment 45 minutes after Defendants were served with this instant lawsuit. She was also made a party to a retaliatory lawsuit filed in State Court.

Plaintiffs maintain that the reasons proffered by Defendants for their actions were pre-textual. In summary, the issues on pre-text include the following:

a. Defendants interfered with a job offer Darrell Kimbrough received after leaving Amarillo Urgent Care to work in Lubbock, Texas by threatening legal action on a non-competition agreement even though the non-competition agreement did not extend to Lubbock, and Defendants have never had any operations in Lubbock.

b. Defendants terminated Mary Benard's employment claiming a missed shift which occurred before they were served with this lawsuit was the basis for their decision. However this matter had not been previously addressed, Mary Benard did not have prior disciplinary issues and, in fact, Defendants were attempting to calculate the amount of overtime Mary Benard was owed in the days leading up to the service of the lawsuit.

c. Defendants reduced Tina Spohn-Ledford's shifts and hours in retaliation for her multiple complaints about working hours for which she was not paid.

Dated: February 9, 2021  Respectfully submitted,

 /s/ Shawn D. Twing
Shawn D. Twing

MULLIN HOARD & BROWN, LLP
Shawn D. Twing, SBN 00798008
stwing@mhba.com
Mark Logsdon, SBN 00795486
mlogsdon@mhba.com
500 S. Taylor St., Suite 800
Amarillo, Texas 79101-1656
(806) 372-5050 telephone
(806) 372-5086 facsimile
Elizabeth Chermel, SBN 24074026
bbones@mhba.com
2515 McKinney Avenue, Suite 900
Dallas, Texas 75201
(214) 754-0040 telephone
(214) 754-0043 facsimile

***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on the following counsel of record, via the court's CM/ECF electronic filing system on February 9, 2021:

Casey S. Erick
COWLES & THOMPSON
901 Main St, Suite 3900
Dallas, TX 75202
cerick@cowlesthompson.com

                                              /s/ Leslie Ogle