IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DARRELL KIMBROUGH, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 2:18-CV-082-Z |
| | § | |
| NAEEM KHAN, M.D. and | § | |
| AMARILLO URGENT CARE, LLC, | § | |
| | § | |
| Defendants. | § | |

## ORDER

After reviewing the parties' submitted pretrial materials, the Court concludes the parties have consistently and persistently failed to comply with the Court's Scheduling Orders in this case (ECF Nos. 122, 126, 142). The parties have (1) filed documents late, (2) failed to follow clear and unambiguous instructions, (3) failed to work together to file joint documents, and (4) Defendants specifically have been less than truthful with the Court. Accordingly, the Court enters the following Order to address these issues.

### A. Defendants' Trial Brief and Responses to Motions in Limine were filed late

The Scheduling Order required Trial Briefs and Responses to Motions in Limine to be filed on February 9, 2021. ECF No. 122 at 9. The Order was unambiguous about the date. For example, the Order informed counsel that "[a] short trial brief, not to exceed 5 pages, is **required** of each party and shall be filed by **Tuesday, February 9, 2021.**" *Id.* (emphases in original). Defendants did not file these documents on time. Defendants did file a Motion for Leave to File Trial Briefs (ECF No. 145) on February 10.

The Court may extend filing periods under Fed. R. Civ. P. 6(b) for good cause. If the motion for extension of time is made after the expiration of a deadline, the party *must show* that it failed

to act because of excusable neglect.[1] FED. R. CIV. P. 6(b)(1)(B). Defendants have failed to assert any adequate arguments justifying an extension of time. Nor have Defendants cited the excusable neglect standard. Consequently, Defendants have failed to carry their burden to show excusable neglect. Furthermore, the sole justification proffered by counsel — that the responses to motions in limine and trial briefs were filed "late due to an unintentional calendaring error" — is insufficient in light of this Court's Order one day *before* the deadline reminding the parties that these filings were due. ECF No. 142.

Furthermore, Defendants' explanations for not filing a Trial Brief are inconsistent. Email records indicate that Defendants advised Plaintiffs that Defendants believed that a Trail Brief was not required, ECF No. 148 at 9, but subsequently told this Court that the Trial Brief was simply *miscalendared*. While these explanations might not necessarily be mutually exclusive, the discrepancies and repeated failures to comply with deadlines and deliverables suggest deception.

The Motion (ECF No. 145) is therefore DENIED without prejudice to refiling. Defendants may refile the Motion, but it must cite the excusable neglect standard and apply relevant Fifth Circuit case law. The motion must be filed by **February 19, 2021 at 5pm.**

**B. Plaintiffs and Defendants failed to submit a joint jury charge and verdict form ("jury charge") as required by the Scheduling Order**

The Scheduling Order required the parties to submit a joint jury charge. Specifically, the Order stated:

> The parties shall file a joint proposed jury charge and verdict form, agreed to by all parties to the maximum extent possible, no later than **Tuesday, February 2, 2021.** The parties shall simultaneously email the agreed proposed jury charge and verdict form in Word format to the Court . . . Counsel for Plaintiff(s) is responsible for typing, collating, and otherwise preparing, filing, and serving the final document.
>
> . . .

---

[1] There are four non-exclusive factors for determining whether a late filing may constitute "excusable neglect": (1) the danger of prejudice to the other party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith." *Pioneer Serv. Co. v. Burnswick Assoc. LP*, 507 U.S. 380, 395 (1993).

> The Court expects the parties to engage — in person, by telephone, or via video teleconference—in meaningful discussions to reach agreement on each portion of the proposed jury charge and verdict form. When a disagreement persists, those portions of the joint proposed jury charge that are proposed by any plaintiff, but objected to by any defendant, must be <u>underlined</u>. Those portions of the jury instructions or questions that are proposed by any defendant, but objected to by any plaintiff, must be in **boldface**. . . . To the extent that the joint proposed jury charge and verdict form includes any disputed portions, each party must also file a brief in support of its legal positions."

ECF No. 122 at 18 (emphases in original).

As shown above, the Order stated the exact format the *joint* jury charge was to be filed with the Court. Instead, Plaintiffs filed their own version on February 2, ECF No. 131, and Defendants filed for leave to file their own jury charge on February 11. ECF No. 147.

In their Motion for Leave to File their jury charge, Defendants stated that Plaintiffs emailed a draft jury charge at 3:28pm on February 2 — the day the jury charge was due. ECF No. 147 at 1. Defendants stated they needed additional time to review and make edits. *Id.* Defendants attached emails showing Plaintiffs' counsel stating he would file Plaintiffs' version without Defendants' edits because he "cannot fail to meet the Court's deadline." ECF No. 147-2. Plaintiffs' counsel did agree, however, to supplement Plaintiffs' proposed version with Defendants' edits at a later time. *Id.* The clear implication of Defendants' Motion is that Plaintiffs are at fault for giving so little time to edit the *joint* document.

Nine days later on February 11, Defendants moved to file their own version of the jury charge. ECF No. 147 at 1. Defendants stated that since February 2 they had attempted to file a joint document with Plaintiffs. *Id.* But Plaintiffs refused to file a supplemental document without leave of the Court. Defendants ascertained they had no choice but to file their own version of the proposed jury charge. *Id.* at 2.

But Defendants' Motion left out *crucial* details. Specifically, Defendants failed to advise the Court that Plaintiffs' counsel emailed a draft of the proposed jury charge to Defendants'

3

counsel on Saturday, January 30 at 1:58pm — *and* requested a time to confer for purposes of preparing a joint pleading within the deadline set by the Court. ECF No. 148 at 6–7.

Defendants' omission borders on purposeful deception. Furthermore, email records reflect that Defendants did not circulate a proposed jury charge until February 10 — eight full days *after* the deadline — while his Motion to this Court avers that " since [February 2], Defendants have been attempting to agree to a joint jury charge." ECF No. 148 at 9; ECF No. 147 at 1.

The combination of Defendants' untimeliness and facially deceptive behavior in both of his Motions for Leave provides no assurance that Defendants have been candid with opposing counsel and this Court. Defendant's Motion for Leave to File (ECF No. 147) is DENIED.

Regarding the required joint form: both parties failed to comply with the plain text of the Court's Scheduling Order. Furthermore, the Court ascertains no reasonable excuse for the parties' behavior. The Scheduling Order was issued on August 20, 2020, which gave the parties almost six months — *nearly half a year* — to prepare these pretrial documents.

Yet, it is apparent that neither party worked on the jury charge until just before it was due. For their part, Plaintiffs were responsible for typing, compiling, and filing the joint jury charge in accordance with the format mandated by the Court's Order. This they did not do. Conversely, Defendants are at fault for waiting until the last moment to respond and make edits — *e.g.*, failing to timely respond to Plaintiffs' January 30 email and attached draft. ECF No. 148 at 6–7, instead of replying to the January 30 email with Plaintiffs' initial draft. Both parties should have been proactive in communicating and complying with the Court's Order. Additionally, even after the deadline passed, the parties should have reached an agreement on a document that satisfied this Court's Order.

Because the parties failed to submit the jury charge as required and are facially incapable of voluntary cooperation, the Court hereby ORDERS Plaintiffs and Defendants to meet — either

face-to-face or via videoconference — for whatever time is required to file a **joint** proposed jury charge in accordance with the requirements of the Scheduling Order. ECF No. 122 at 8. The joint document must be filed by **February 19, 2021 at 5pm.**

### C. The submitted exhibit lists do not comply with the Scheduling Order

The Scheduling Order states "[t]he Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial." *Id.* at 7. Based on the parties' course of performance in filing the jury charge, the Court is not persuaded that the parties engaged in meaningful discussion to reduce the number of objected-to exhibits. The submitted exhibit lists reflect a failure to coordinate and cooperate. ECF Nos. 137, 141. Defendants object to sixty-nine of Plaintiffs' 124 exhibits. Plaintiffs object to twenty-eight of Defendants' fifty-one exhibits. That sums to an unacceptable total of 97 objected-to exhibits out of a total 175 exhibits. The parties are hereby ORDERED to meet and engage in meaningful, good faith discussions to reduce the number of exhibits to be ruled on at the pretrial conference. After this meeting, the parties *shall* refile their objections to the opposing party's exhibit list by **February 19, 2021 at 5pm.**

### CONCLUSION

The parties' inability to comply with the Scheduling Order and Defendants' misleading behavior do not meet the high standard expected of attorneys admitted in this District. Failure to follow this Court's Orders *or* continued inability to engage in timely, good faith discussions with opposing counsel may lead to disbarment from this District. *See* N.D. Tex. LR 83.8(b) ("A presiding Judge . . . may take *any* appropriate disciplinary action against a member of the bar.").

Defendants' Motions for Leave to File (ECF Nos. 145, 147) are DENIED.

**SO ORDERED**.

February 16, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE