**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | | |
|---|---|---|
| **DARRELL KIMBROUGH, MSN, FNP-C,** | § | |
| **MARY BENARD, MSN, FNP-C and** | § | |
| **TINA SPOHN-LEDFORD, MSN, FNP-C,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **vs.** | § | **CIVIL NO. 2:18-CV-00082-Z-BR** |
| | § | |
| **NAEEM KHAN, M.D. and** | § | |
| **AMARILLO URGENT CARE, LLC,** | § | |
| | § | |
| **Defendants.** | § | |

**JOINT PROPOSED JURY CHARGE AND VERDICT FORM**

COME NOW Plaintiffs Darrell Kimbrough, MSN, FNP-C, Mary Benard, MSN, FNP-C, and Tina Spohn-Ledford, MSN, FNP-C (collectively "Plaintiffs") and Naeem Khan, M.D. And Amarillo Urgent Care, LLC ("Defendants") and file this Joint Proposed Jury Charge and Verdict Form pursuant to the Court's August 20, 2020 and February 16, 2021 Orders (Doc. 122, Doc. 152) and would respectfully show the Court as follows:

**A.** **Counsel for the Parties**

Plaintiffs:

MULLIN HOARD & BROWN, LLP
Shawn D. Twing, SBN 00798008
stwing@mhba.com
500 S. Taylor St., Suite 800
Amarillo, Texas 79101-1656
(806) 372-5050 telephone
(806) 372-5086 facsimile
Elizabeth Chermel, SBN 24074026
bbones@mhba.com
2515 McKinney Avenue, Suite 900
Dallas, Texas 75201
(214) 754-0040 telephone
(214) 754-0043 facsimile

Defendants:

COWLES & THOMPSON, PC
Casey S. Erick, SBN 24028564
901 Main St, Suite 3900
Dallas, TX 75202
(214) 672-2138 telephone
(214) 672-2338 facsimile
cerick@cowlesthompson.com

LADIES AND GENTLEMEN OF THE JURY:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason. I will give you a number where others may contact you in case of an emergency.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions.

1.  Do not let bias, prejudice or sympathy play any part in your deliberations.

2.  Base your answers only on the evidence admitted in Court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

3.  You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4.  If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5.  All the questions and answers are important. No one should say that any question or answer that any question or answer in not important.

6.    Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence [unless you are told otherwise].

7.    Whenever a question requires an answer other than "yes" or "no", your answer must be based on a preponderance of the evidence unless you are told otherwise. The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no". A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

8.    Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

9.    Do not answer questions by drawing straws or by any method of chance.

10.    Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

11.    Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

12.    The answers to the questions must be based on the decision of at least 10 of the 12 jurors. The same 10 jurors must agree on every answer. Do not agree to be bound by a vote of anything less than 10 jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

For purposes of answering the questions below, you are to use the following instructions and definitions:

## JURY INSTRUCTIONS

### 1.

Plaintiffs, Darrell Kimbrough, Mary Benard and Tina Spohn-Ledford claim that Defendants, Amarillo Urgent Care and Naeem Khan, M.D. did not pay Plaintiffs the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA. Plaintiffs further claim that they were not paid overtime for all recorded hours and that were required to work off-the-clock. In addition, Plaintiffs claim that Defendants retaliated against them in response to their complaints.

**Defendants deny Plaintiffs' allegations in their entirety. Furthermore, Defendants contend that Plaintiffs were independent contractors and exempt from the FLSA, Plaintiffs were paid all due compensation, and, that Plaintiffs are not owed wages for time that was not recorded.  Any additional work was not actually performed or was not for the benefit of Defendants. Finally, Plaintiffs were not retaliated against and either resigned or were terminated for insubordination.**

Source: 5th Cir. Model Jury Instructions.

Accepted \_\_\_\_\_          Rejected \_\_\_\_\_          Modified \_\_\_\_\_

2.

It is unlawful for an employer to require an employee covered by the FLSA to work more than 40 hours in a workweek without paying overtime.

To succeed on their overtime claims, each Plaintiff must prove each of the following facts by a preponderance of the evidence:

1. They were employees of Defendants during the relevant period.

2. They were engaged in commerce or in the production of goods for commerce or they employed by an enterprise engaged in commerce or the production of goods for commerce.

3. Defendants failed to pay Plaintiff the overtime pay required by law.

The definition of "Employee" under the FLSA is broad, encompassing all workers who are economically dependent upon the alleged employer. There are five factors you are to consider (1) the degree of control exercised by the alleged employer; (2) the extent of the relative investments of the worker and the alleged employer; (3) the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; (4) the skill and initiative required in performing the job; and (5) the permanency of the relationship.

The term "commerce" has a very broad meaning. It includes any trade, transportation, transmission, or communication among the several states, or between any state and any place outside that state. Any contact with commerce no matter how small will result in coverage of the FLSA.

Plaintiffs Darrell Kimbrough, Mary Benard and Tina Spohn-Ledford were "engaged in commerce" if they performed (1) work related to the actual movement of commerce (2) work that regularly used channels of commerce or (3) work related to the instrumentalities of commerce. Work that is engaged in commerce includes the movement of persons or things whether tangible or intangible and including information and intelligence between any state.

Plaintiffs Darrell Kimbrough, Mary Benard and Tina Spohn-Ledford were engaged in the "production of goods" if they were employed in producing, manufacturing, mining, handling, or transporting goods, or in any other manner worked on goods or any closely related process or occupation directly essential to the production of goods.

An "enterprise engaged in commerce or the production of goods for commerce" means a business that has employees engaged in commerce or the production of commercial goods for commerce and has annual gross sales of at least $500,000.00.

Source: 5th Cir. Model Jury Instructions 11.24 (Modified); *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008); 29 U.S.C. § 203(b); 29 C.F.R. § 776.9; *Thorne v. All Restoration Serv. Inc.*, 448 F.3d 1264 (11th Cir. 2006).

Accepted \_\_\_\_        Rejected \_\_\_\_\_        Modified \_\_\_\_

3.

In this case, Defendants contend that Plaintiffs are independent contractors and are exempt from FLSA coverage.  It is not always clear whether the law considers someone an "employee," and it is not always clear who the law considers someone's "employer." Some people perform services for others while remaining self- employed as independent contractors.

In this case, you must decide whether Plaintiffs were employees of Defendants or an independent contractor. You should answer this question in light of the economic realities of the entire relationship between the parties and in light of whether Plaintiffs economically depended on Defendants. There are a number of factors you must consider, based on all the evidence in the case. The factors are as follows:

1. How much control Defendants have over Plaintiffs' work. In an employer/ employee relationship, the employer has the right to control the employee's work, to set the means and manner in which the work is done, and to set the hours of work. In contrast, an in- dependent contractor generally must accomplish a certain work assignment within a desired time, but the details, means, and manner by which the contractor completes that assignment are determined by the independent contractor, normally using special skills necessary to perform that kind of work.

2. The relative investments made by Plaintiffs compared to Defendants. An independent contractor generally makes a greater investment in his or her work, but an employee's investment is usually less than the employer's investment. For example, an independent contractor usually provides the tools, equipment, and supplies necessary to do the job, but an employee usually does  not.

3. How much risk or opportunity Plaintiffs have. An independent contractor is generally one who has the opportunity to make a profit or has a risk of taking a loss. But an employee is generally compensated at a predetermined rate, has no risk of loss, and has social security taxes paid by the employer.

4. The amount of skill and initiative required of Plaintiffs. An independent contractor usually has a specialized skill and demonstrated initiative compared to an employee. An independent contractor may have more discretion over his or her daily tasks, and may have to take initiative to find consistent work.

5. The permanency of the relationship between Plaintiffs and Defendants. This includes whether Plaintiffs worked exclusively for Defendants, the total length of the relationship, and whether the work was done on a project-by-project basis. An employee typically works exclusively for one employer, has a long-term relationship, and does not work on a project-by-project basis,  while an independent contractor  does.

You should consider all the circumstances sur- rounding the work relationship, and no single factor determines the outcome. An individual who performs services for pay may be either an employee or an independent contractor but cannot be both at the same time.

Source: 5th Circuit Model Jury Instructions 11.26.

Accepted _____          Rejected _____          Modified _____

4.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.

If an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for the time he worked after the first 40 hours. This is commonly known as "time-and-a-half pay" for overtime work.

To calculate how much overtime pay each Plaintiff earned in a particular week, multiply their regular rate of pay by one-and-one-half times the regular rate for all hours worked over 40 in that week.

Source: 5th Cir. Model Jury Instruction 11.24.

Accepted _____          Rejected _____          Modified _____

5.

The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, Plaintiffs claims that Defendants failed to keep and maintain adequate records of their hours and pay. Plaintiffs also claim that Defendants' failure to keep and maintain adequate records has made it difficult for Plaintiffs to prove the exact amount of their respective claims.

If you find that Defendants failed to keep adequate time and pay records for Plaintiffs and that Plaintiffs performed work for which they should have been paid, Plaintiffs may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which they seek payment.

An employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.

Evidence used to calculate wages owed need not be perfectly accurate, since the employee should not be penalized when the inaccuracy is due to a defendant's failure to keep adequate records.

Under the FLSA overtime damages may be estimated, especially when the employer fails to keep required payroll records. Estimates may come from representative testimony if those who do testify have personal knowledge of the work performed.

Witness testimony alone as to the hours an employee worked is sufficient to establish a reasonable estimate if the witness has personal knowledge.

Source: 5th Cir. Model Jury Instructions 11.24 (Modified); 29 U.S.C. § 211(c) and 29 C.F.R. §§ 516.2(a)(5)-(9); *Olibas v. Barclay*, 838 F.3d 442 (5th Cir. 2016); *Donovan v. Hamm's Drive Inn*, 661 F.2d 316 (5th Cir. 1981).

Accepted _____          Rejected _____          Modified _____

6.

To prevail on a claim for overtime under the Fair Labor Standards Act, a plaintiff must prove, by a preponderance of the evidence, that the employer failed to pay the plaintiff overtime for all hours worked in excess of 40 in one or more workweeks.

"Work" means any activity which is principle to the employee's job or activities that are an integral and indispensable to the principle activity.

A "workweek" is a regularly recurring period of seven days or 168 hours. The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business.

The phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. An employee's time spent primarily for the benefit of the employer or the employer's business is "hours worked" only if the employer knew or had reason to believe that the employee was doing the work. **When an employer has a policy that an employee is not to work overtime without prior authorization, an employee cannot perform overtime work without the employer's knowledge and contrary to its instructions and then assert a right to be paid.** At the same time, an employer who knows that an employee is working overtime and does not want the work to be done must make reasonable efforts to prevent it. If an employee in fact does overtime work and the employer knows or has reason to believe it, the employer cannot stand idly by and allow the employee to perform the work without proper compensation, even if the employee did not make a claim for the compensation at the time. An employer has the right to require an employee to adhere to its procedures for claiming overtime and an employee has a duty to notify his employer when he or she is working extra hours. If the employee fails to notify the employer of the overtime work or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the statute. If the employer neither knew nor had reason to believe that overtime work was being performed, the time does not constitute "hours worked."

An employee's time spent primarily for the benefit of the employer or the employer's business is "hours worked" only if the employer knew or had reason to believe that the employee was doing the work. The employer has an obligation to make every effort to prevent unwanted work being performed away from the employer's worksite or premises.

An employer who knows that an employee is working overtime and does not want the work to be done must make reasonable efforts to prevent it. If an employee in fact does overtime work and the employer knows or has reason to believe it, the employer cannot stand idly by and allow the employee to perform the work without proper compensation, even if the employee did not make a claim for the compensation at the time.

Source: 5th Cir. Model Jury Instructions 11.24 (Modified); 29 C.F.R. §§ 785.12, 13; *Integrity Staffing Solutions, Inc.*, 574 U.S. 27, 135 S.Ct. 513 (2014); *Newton v. City of Henderson*, 47 F.3d 746 (5th Cir. 1995).

Accepted _____         Rejected _____         Modified _____

7.

Employer's violation of FLSA is "willful," for statute of limitations purposes, if employer either knew or showed reckless disregard for whether its conduct was prohibited by statute.

If you find that the Defendants' violation of the FLSA was willful, Plaintiffs are entitled to recover unpaid wages and overtime going back three years.

Source: *Singer v. City of Waco, Tex.*, 324 F.3d 813 (5th Cir. 2003).

Accepted _____        Rejected _____        Modified _____

10.

The FLSA makes it unlawful for any person: to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee;

An employee's informal complaint to his employer may constitute protected activity under the FLSA. Specifically the phrase "filed any complaint," as used in the anti-retaliation provision of the does contemplate some degree of formality, certainly to the point where the recipient has been given fair notice that a grievance has been lodged and does, or should, reasonably understand the matter as part of its business concerns. However, an informal complaint is satisfactory if it is sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection. An employee must step outside of his normal job role and assert a right adverse to the company.

Source: 29 U.S.C. § 215; *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1; 131 S.Ct. 1325 (2001) *Hagan v. Echostar Satellite, L.L.C.,* 529 F.3d 617 (5th Cir. 2008).

Accepted _____        Rejected _____        Modified _____

11.

To prevail on their retaliation claims, each Plaintiff must make a prima facie showing of: (1) participation in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the activity and the adverse action.

Once Plaintiff has made a prima facie showing, the burden then shifts to the Defendants to articulate a legitimate, non-retaliatory reason for the adverse action.

Once Defendants have done so, the burden shifts back to the Plaintiff to identify evidence from which a jury could conclude that Defendants proffered reason is a pretext for retaliation.

You may consider temporal proximity between the protected conduct and the adverse action when considering whether a causal link between the two exists.

Source: 29 U.S.C. § 215; *Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617 (5th Cir. 2008).

Accepted _____          Rejected _____          Modified _____

12.

If you find that Defendants violated the FLSA, then you must determine the amount of any damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiffs have proved liability.

The amount of damages is the difference between the amount Plaintiffs should have been paid and the amount they were actually paid. Plaintiffs are entitled to recover lost wages for the two years before they filed this lawsuit, unless you find that Defendants either knew or showed reckless disregard for whether the FLSA prohibited their conduct. If you find that Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct, then Plaintiffs are entitled to recover lost wages for three years before the date they filed this lawsuit. Plaintiff Darrell Kimbrough filed his lawsuit on April 27, 2018 and Plaintiffs Mary Benard and Tina Spohn-Ledford filed their lawsuits on June 15, 2018.

Source: 5th Cir. Model Jury Instructions 11.25.

Accepted _____      Rejected _____      Modified _____

13.

If you find that Defendants are liable to Plaintiffs, then you must determine an amount that is fair compensation for all of Plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiffs whole— that is, to compensate Plaintiffs for the damage they have suffered.   Compensatory damages are not limited to expenses that Plaintiffs may have incurred because of their injury. If Plaintiffs win they are entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that they have suffered because of Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiffs prove were proximately caused by Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of Plaintiffs' damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiffs have actually suffered or that Plaintiffs are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

If you find that the Defendants violated the FLSA by retaliating against one or more of the Plaintiffs for retaliation, you may award damages in the form of lost wages, and damages for emotional distress.

Source: 5th Circuit Model Jury Instruction 15.2; *Pineda v. JTCH Apartments, L.L.C.*, 843 F.3d 1062 (5th 2016); *Starnes v. Wallace*, 849 F.3d 672 (5th Cir. 2017); 29 U.S.C.  29 U.S.C. § 215(a)(3); 29 U.S.C. § 216(b).

Accepted _____          Rejected _____          Modified _____

## JURY QUESTIONS

### Question No. 1

Has Plaintiff Darrell Kimbrough proved that he was an employee of Defendants Amarillo Urgent Care and Naeem Khan, M.D. during the relevant period?

Answer "Yes" or "No."



If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

### Question No. 2

Has Plaintiff Darrell Kimbrough proved that he was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of commercial goods?

Answer "Yes" or "No."



If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

### Question No. 3

Has Plaintiff Darrell Kimbrough proved that Defendants Amarillo Urgent Care and Naeem Khan, M.D failed to pay him for all work hours including overtime as required by law?

Answer "Yes" or "No."



If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

**Question No. 4**

Has Plaintiff Darrell Kimbrough proved that Defendants Amarillo Urgent Care and Naeem Khan, M.D knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?

Answer "Yes" or "No."



**Question No. 5**

Has Plaintiff Mary Benard proved that she was an employee of Defendants Amarillo Urgent Care and Naeem Khan, M.D. during the relevant period?

Answer "Yes" or "No."



If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

**Question No. 6**

Has Plaintiff Mary Benard proved that she was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of commercial goods?

Answer "Yes" or "No."



If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

**Question No. 7**

  Has Plaintiff Mary Benard proved that Defendants Amarillo Urgent Care and Naeem Khan, M.D failed to pay her for all work hours including overtime as required by law?

    Answer "Yes" or "No."

    _____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

**Question No. 8**

  Has Plaintiff Mary Benard proved that Defendants Amarillo Urgent Care and Naeem Khan, M.D knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?

    Answer "Yes" or "No."

    _____

**Question No. 9**

  Has Plaintiff Tina Spohn-Ledford proved that she was an employee of Defendants Amarillo Urgent Care and Naeem Khan, M.D. during the relevant period?

    Answer "Yes" or "No."

    _____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

**Question No. 10**

  Has Plaintiff Tina Spohn-Ledford proved that she was engaged in commerce or in the production of goods for commerce or employed by an enterprise engaged in commerce or in the production of commercial goods?

Answer "Yes" or "No."



If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

## Question No. 11

Has Plaintiff Tina Spohn – Ledford proved that Defendants Amarillo Urgent Care and Naeem Khan, M.D failed to pay her for all work hours including overtime as required by law?

Answer "Yes" or "No."



If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

## Question No. 12

Has Plaintiff Tina Spohn-Ledford proved that Defendants Amarillo Urgent Care and Naeem Khan, M.D knew that its conduct was prohibited by the FLSA or showed reckless disregard for whether the FLSA prohibited its conduct?
Answer "Yes" or "No."



## Question No. 13

Has Plaintiff Darrell Kimbrough proved that he made a complaint under the FLSA to Defendants Amarillo Urgent Care and Naeem Khan, M.D. during the relevant period?

Answer "Yes" or "No."

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

**Question No. 14**

   Has Plaintiff Darrell Kimbrough proved that he was subjected to retaliatory conduct by Defendants Amarillo Urgent Care and Naeem Khan, M.D.  in whole or in part because of his complaint?

     Answer "Yes" or "No."

     _____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.


**Question No. 15**

   Has Plaintiff Darrell Kimbrough proved that he suffered damages as a result of the retaliation committed by Defendants Amarillo Urgent Care and Naeem Khan, M.D?

     Answer "Yes" or "No."

     _____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.


**Question No. 16**

   What amount in today's dollars do you find Darrell Kimbrough was damaged?

Back-pay: _____

Emotional Pain and Suffering _____


**Question No. 17**

   Has Plaintiff Mary Benard proved that she made a complaint under the FLSA to Defendants Amarillo Urgent Care and Naeem Khan, M.D. during the relevant period?

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

## Question No. 18

Has Plaintiff Mary Benard proved that she was subjected to retaliatory conduct by Defendants Amarillo Urgent Care and Naeem Khan, M.D. in whole or in part because of his complaint?

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

## Question No. 19

Has Plaintiff Mary Benard proved that she suffered damages as a result of the retaliation committed by Defendants Amarillo Urgent Care and Naeem Khan, M.D?

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

## Question No. 20

What amount in today's dollars do you find Mary Benard was damaged?

Back-pay: _____

Emotional Pain and Suffering: _____

**Question No. 21**

Has Plaintiff Tina Spohn-Ledford proved that he made a complaint under the FLSA to Defendants Amarillo Urgent Care and Naeem Khan, M.D. during the relevant period?

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

**Question No. 22**

Has Plaintiff Tina Spohn-Ledford proved that he was subjected to retaliatory conduct by Defendants Amarillo Urgent Care and Naeem Khan, M.D.  in whole or in part because of his complaint?

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

**Question No. 23**

Has Plaintiff Tina Spohn-Ledford proved that he suffered damages as a result of the retaliation committed by Defendants Amarillo Urgent Care and Naeem Khan, M.D?

Answer "Yes" or "No."

_____

If your answer is "Yes," answer the next question. If your answer is "No," do not answer the next question.

**<u>Question No. 24</u>**

What amount in today's dollars do you find Tina Spohn-Ledford was damaged?

Back-pay: _____

Emotional Pain and Suffering: _____

Dated: February 18, 2021                    Respectfully submitted,


MULLIN HOARD & BROWN, LLP                   COWLES & THOMPSON, PC


/s/ Shawn D. Twing                          By: _____
Shawn D. Twing, SBN 00798008                Casey S. Erick
stwing@mhba.com                             Texas Bar No. 24028564
Mark Logsdon, SBN 00795486                  Email:  cerick@cowlesthompson.com
mlogsdon@mhba.com                           901 Main Street
500 S. Taylor St., Suite 800                Suite 3900
Amarillo, Texas 79101-1656                  Dallas, Texas 75202
(806) 372-5050 telephone                    Tel. (214) 672-2138
(806) 372-5086 facsimile                    Fax. (214) 672-2338
Elizabeth Chermel, SBN 24074026
bbones@mhba.com                             ATTORNEYS FOR DEFENDANTS
2515 McKinney Avenue, Suite 900
Dallas, Texas 75201
(214) 754-0040 telephone
(214) 754-0043 facsimile


ATTORNEYS FOR PLAINTIFFS