IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL KIMBROUGH, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:18-CV-082-Z |
| NAEEM KHAN, M.D. and AMARILLO URGENT CARE, LLC, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are the parties' respective Motions in Limine (ECF Nos. 125, 129). After considering the Motions, the related pleadings, and the applicable law, the Courts finds that Defendants' Motion (ECF No. 125) should be DENIED in its entirety. Plaintiffs' Motion (ECF No. 129) is GRANTED IN PART and DENIED IN PART in accordance with the order below.

### DEFENDANTS' MOTION FOR LEAVE TO FILE

As a preliminary matter, Defendants missed the deadline for filing their trial brief and response to the motion in limine. *See* ECF Nos. 122, 142. Defendants filed a Motion for Leave to File Trial Briefs (ECF No. 145), which this Court rejected for failing to satisfy the "excusable neglect" standard. *See* ECF No. 152. Defendants, at the Court's direction, filed their First Amended Motion for Leave to File Trial Briefs (ECF No. 159).

After examining the Motion, the Court is satisfied that Defendants have met the excusable neglect standard. Accordingly, Defendants' Motion is GRANTED. The Clerk is DIRECTED to file Defendants' attached Trial Brief (ECF No. 159-1) and attached Response to Plaintiff's Motion in Lime (ECF No. 159-2) as separate ECF documents. Those documents are considered filed as of February 19, 2021.

**LEGAL STANDARDS**

Motions in limine are limited in scope. "A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds." *O'Rear v. Freuhauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977).

"The trial court's granting of a motion in limine does not actually exclude evidence or preserve error regarding the exclusion of evidence; a motion in limine simply prevents a party from mentioning particular evidence in the presence of the jury before the trial court has made a determination of admissibility." 75 AM. JUR. 2d Trial § 37 (2020); *see Alexander v. Davis*, No. 4:18-CV-298-0, 2019 WL 2225022, at *4 (N.D. Tex. May 23, 2019) ("The granting of a motion in limine is a preliminary ruling only. During the trial when the party desires to introduce the evidence which is the subject of the motion in limine, the trial court determines the admissibility of the evidence . . ..").

**DEFENDANTS' MOTION IN LIMINE**

Defendants' Motion raises four issues. Plaintiffs are opposed to all four. The Court will address each in turn, in the order they appear in the Motion:

1. **DENIED.** Defendants contend Plaintiffs should be prohibited from introducing "[a]ny testimony or other evidence, either direct or indirect, regarding Plaintiffs' calculations regarding damages, including the "mental reconstructions" of the alleged off-the-clock hours worked by Plaintiffs using EMR time stamps." ECF No. 125. Defendants cite to the Court's Order on Plaintiffs' Motion for Partial Summary Judgment (ECF No. 121) as the sole authority in support of exclusion of Plaintiffs' damages evidence in its totality. But Plaintiffs are allowed to use "mental reconstructions" to shift the burden where an employer does not keep accurate records. *Olibas v. Barclay*, 838 F.3d 442, 449-450 (5th Cir. 2016); *Donovan v. Hamm's Drive Inn*, 661 F.2d 316 (5th Cir. 1981).

2

    Without further support or argument illustrating why Plaintiffs' damages evidence should be excluded, Defendants' *in limine* topic is DENIED.

2. **DENIED.** Defendants' second *in limine* topic seeks to exclude testimony or other evidence by Defendants' previous counsel, Jeremi Young, under Federal Rule of Evidence ("FRE") 401, 402, 403, 801. Mr. Young's comments in this case, however, are relevant to Plaintiffs' retaliation claims as indicated in Plaintiffs' pretrial filings (ECF No. 134). Defendants have not presented any argument, other than a conclusory statement, as to why the testimony should be excluded under Rule 403.

3. **DENIED.** Defendants' third *in limine* topic seeks to exclude any evidence or reference under FRE 401, 402, 403, and 801 to Defendants' pleadings in the state court case or Defendants' service of those documents. The pleadings and service of the state court petitions are relevant to Plaintiffs' claims of retaliation. Statements by opposing counsel are not hearsay. Defendants have not presented any argument, other than a conclusory statement, as to why the testimony should be excluded under Rule 403.

4. **DENIED.** Defendants' fourth *in limine* topic seeks to exclude testimony for lack of proper disclosure by three witnesses: Melissa Chavez, Defendants' former office manager; Vicki Ellington, Defendants' current office manager; and Christy Kimbrough, wife of Darrell Kimbrough. The Court finds Plaintiffs have made adequate pretrial disclosures. *See* ECF No. 134 at 3.

**PLAINTIFFS' MOTION IN LIMINE**

Plaintiffs' Motion in Limine covers thirty-three topics. Defendants oppose all thirty-three. In their Response, Defendants failed to cite any caselaw in violation of the Court's Scheduling Order. ECF No. 122 at 9 ("Responses must contain legal authority (e.g., Fifth Circuit precedent, relevant statutes, relevant federal rules, etc.) that support the respondent's position."). Nevertheless, the Court will fully address each opposed *in limine* topic:

1. **GRANTED IN PART.** Plaintiffs' first *in limine* topic seeks to exclude "Any testimony or other evidence, either direct or indirect, that Plaintiffs failed to mitigate their damages in connection with Plaintiffs' claims for back wages under the FLSA." As a matter of law, there is no duty to mitigate damages for overtime under the FLSA. *Tran v. Thai*, Civ. A. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010). To the extent, Defendants argue mitigation as a defense in relation to the retaliations claims, this will be allowed.

3

2. **DENIED.** Plaintiffs' second *in limine* topic seeks to prohibit Defendants "from offering or eliciting testimony or submitting evidence as to whether Plaintiffs' timely or accurately recorded any off the clock hours." Plaintiffs argue this line of questioning may "confuse the jury as it mischaracterizes Plaintiffs' burden of proof on their claims for unpaid wages under the FLSA." The Court finds this testimony is relevant to whether Plaintiffs' estimates raised a "just inference" under *Mt. Clemens*. Plaintiffs may object at trial if Defendants' questioning becomes misleading.

3. **GRANTED.** Plaintiff' third *in limine* topic seeks to exclude "[a]ny inference, either direct or indirect, that Defendants were authorized in any way to discharge or to transfer to Plaintiffs the Defendants' duty to keep and maintain accurate time and pay records or that any inaccuracy or deficiency in any such records is Plaintiffs' fault or responsibility." The FLSA puts the burden on employers to maintain accurate time records. 29 U.S.C. § 211(c); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946).

Topics 4-19 are all variations on Plaintiffs' conduct while employed, quality of work and standard of care. Plaintiffs ask for these topics to be excluded because they are irrelevant to FLSA wage claims. To that extent, the Court agrees. However, Plaintiffs' *in limine* topics are too broad as Plaintiffs' conduct during employment *is* relevant to Plaintiffs' *retaliation* claims and Defendants' reasons for terminating Plaintiffs' employment. Accordingly, the Court will grant each topic in part. Defendants may broach these issues regarding the retaliation claims, but the Court will ensure that these issues do not overshadow or dominate the trial in a way that prejudices Plaintiffs' FLSA wage claims. Plaintiffs are free to object at trial if Defendants' arguments become unfairly prejudicial.

4. **GRANTED IN PART.** Plaintiffs' fourth *in limine* topics seeks to prohibit Defendants "from offering testimony or other evidence as to whether Plaintiffs violated any of the rules or regulations of the clinic or their employment contract." Whether Plaintiffs violated any of the rules or regulations of the clinic or their employment contract is *not* relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

5. **GRANTED IN PART.** Plaintiffs' fifth *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence regarding the quality of Plaintiffs' work while employed by Defendants." The quality of an employee's work is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

6. **GRANTED IN PART.** Plaintiffs' sixth *in limine* topics seeks to prohibit Defendants "from offering testimony or other evidence purporting to show Plaintiffs were incompetent." The competence and skill of an employees is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

7. **GRANTED IN PART.** Plaintiffs' seventh *in limine* topic seeks to exclude "[a]ny testimony or other evidence concerning the standard of care applicable to nurse practitioners." The standard of care applicable to nurse practitioners and whether Plaintiffs adhered or complied with that standard is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

8. **GRANTED IN PART.** Plaintiffs' eighth *in limine* topic seeks to exclude "[a]ny testimony or other evidence concerning the standard of care provided by Plaintiffs in their employment with Defendant." Whether Plaintiffs did or did not perform their job duties in accordance with the requisite professional standard of care is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

9. **GRANTED IN PART.** Plaintiffs' ninth *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence regarding any disciplinary action taken or contemplated as to Plaintiffs leading up to the end of their employment." Plaintiffs' disciplinary history is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

10. **GRANTED IN PART.** Plaintiffs' tenth *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence regarding the appropriateness of the length of time Plaintiffs' spent charting, whether on the clock or off the clock." The appropriateness of the amount of time spent working is not relevant to FLSA wage claims. This is not to say Defendants cannot argue Plaintiffs did not actually spend as much time charting as they claim. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

11. **GRANTED IN PART.** Plaintiffs' eleventh *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence or in any way inferring, directly or indirectly, that Plaintiffs violated the Health Insurance Portability and Accountability Act of 1996 (HIPAA)." Whether Plaintiffs' violated HIPAA is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

12. **GRANTED IN PART.** Plaintiffs' twelfth *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence or in any way inferring, directly or indirectly, that Plaintiffs violated patients' privacy rights violations." Whether Plaintiffs violated patients' privacy is not relevant to FLSA wage claims. To the extent

Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

13. **GRANTED IN PART.** Plaintiffs' thirteenth *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence that Plaintiffs violated the rules and/or regulations of the Clinic." Whether Plaintiffs violated the rules and/or regulations of the Clinic is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

14. **GRANTED IN PART.** Plaintiffs' fourteenth *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence that Plaintiffs violated or breached their employment contract with Defendants." Whether Plaintiffs breached their employment contracts is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

15. **GRANTED IN PART.** Plaintiffs' fifteen *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence that Plaintiffs breached the buy-out provision of the employment agreement." Whether Plaintiffs breached their employment contracts is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

16. **GRANTED IN PART.** Plaintiffs' sixteenth *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence that Plaintiffs breached their employment contracts by failing to comply with HIPAA." Whether Plaintiffs breached their employment contracts is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

17. **GRANTED IN PART.** Plaintiffs' seventeenth *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence of any purported disparaging comments, whether written or oral, made by Plaintiffs about Defendants." Whether Plaintiffs disparaged Defendants is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

18. **GRANTED IN PART.** Plaintiffs' eighteenth *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence that Plaintiffs diverted patients to other providers away from Defendants' practice." Whether Plaintiffs diverted patients away is not relevant to FLSA wage claims. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

19. **GRANTED IN PART.** Plaintiffs' nineteenth *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence that Plaintiffs' failure to timely complete patient charts caused health insurers to deny claims for payment and caused Defendants to incur damages." Whether Plaintiffs' failure to timely complete patient

   charts caused health insurers to deny claims for payment and caused Defendants to incur damages is not relevant to FLSA wage claims and cannot provide a basis for an offset. To the extent Defendants argue this topic as a defense in relation to the retaliations claims, this will be allowed.

20. **GRANTED.** Plaintiffs' twentieth *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence suggesting that that Plaintiffs' 'retroactively' created time records to the extent 'retroactive' implies that Plaintiffs falsified documents." There is no claim or defense in this case that Plaintiffs falsified time records, back dated time records, or falsely submitted time records for time for which they were compensated. However, Defendants are not prohibited from attacking the reasonableness of Plaintiffs' estimate of hours.

21. **DENIED.** Plaintiffs' twenty-first *in limine* topic seeks to prohibit Defendants "from offering any opinion by an expert whose qualifications are not first established to render an opinion on the particular subject matter being questions and that is not supported by admissible facts." Plaintiffs have not articulated any specific evidence or testimony they seek to prohibit Defendant from offering. To the extent that Plaintiffs' Motion in Limine seeks a ruling that the Court will generally adhere to the Federal Rules, Plaintiff's request is improper and is denied on this ground for vagueness.

22. **DENIED.** Plaintiffs' twenty-second *in limine* topic seeks to prohibit Defendants "from offering any testimony of a witness unless such witness and his testimony has been previously timely identified in answers to discovery or disclosures and in accordance with the Court's Scheduling Order regarding witness disclosures." Plaintiffs have not articulated any specific evidence or testimony they seek to prohibit Defendant from offering. To the extent that Plaintiffs' Motion in Limine seeks a ruling that the Court will generally adhere to the Federal Rules, Plaintiff's request is improper and is denied on this ground for vagueness.

23. **DENIED.** Plaintiffs' twenty-third *in limine* topic seeks to prohibit Defendants "from offering any testimony by 'any agents and employees or custodian of records' not properly disclosed in Defendants' pre-trial materials, specifically, the proposed Joint Pre-Trial Order and/or Defendants' Second Amended Pretrial Disclosures." Plaintiffs have not articulated any specific evidence or testimony they seek to prohibit Defendant from offering. To the extent that Plaintiffs' Motion in Limine seeks a ruling that the Court will generally adhere to the Federal Rules, Plaintiff's request is improper and is denied on this ground for vagueness.

24. **DENIED.** Plaintiffs' twenty-fourth *in limine* topic seeks to exclude testimony by Nicole Slatten because Defendants have not made a proper disclosure of the subject matter on which this witness will testify. The Court's Order requires the witness list to "contain a brief narrative summary of the testimony to be elicited from each witness." ECF No. 122 at 7. Defendants disclosed only that this witness would "provide testimony regarding the facts of this case and Defendants' claims, defense and damages." ECF No. 139. Such a summary statement fails to comply with the

Scheduling Order. The Court therefore **ORDERS** Defendants to supplement their witness list by **Tuesday, February 23, 2021** to comply with the Scheduling Order.

25. **DENIED.** Plaintiffs' twenty-fifth *in limine* topic seeks to exclude testimony by Samantha Huerta because Defendants have not made a proper disclosure of the subject matter on which this witness will testify. The Court's Order requires the witness list to "contain a brief narrative summary of the testimony to be elicited from each witness." ECF No. 122 at 7. Defendants disclosed only that this witness would "provide testimony regarding the facts of this case and Defendants' claims, defense and damages." ECF No. 139. Such a summary statement fails to comply with the Scheduling Order. The Court therefore **ORDERS** Defendants to supplement their witness list by **Tuesday, February 23, 2021** to comply with the Scheduling Order.

26. **DENIED**. Plaintiffs' twenty-sixth *in limine* topic seeks to exclude testimony by Hope Catano because Defendants have not made a proper disclosure of the subject matter on which this witness will testify. The Court's Order requires the witness list to "contain a brief narrative summary of the testimony to be elicited from each witness." ECF No. 122 at 7. Defendants disclosed only that this witness would "provide testimony regarding the facts of this case and Defendants' claims, defense and damages." ECF No. 139. Such a summary statement fails to comply with the Scheduling Order. The Court therefore **ORDERS** Defendants to supplement their witness list by **Tuesday, February 23, 2021** to comply with the Scheduling Order.

27. **GRANTED.** Plaintiffs' twenty-seventh *in limine* topic seeks to prohibit Defendants "from offering testimony or other evidence of Plaintiffs' financial condition including but not limited to previous filings for bankruptcy." Defendants in their response did not give any reasons for why this topic would be relevant or necessary to any element of any claim in this case.

28. **GRANTED.** Plaintiff's twenty-eighth *in limine* topic seeks to exclude "[a]ny testimony or other evidence regarding Defendants' filing of complaints to the Texas Board of Nursing against Darrell Kimbrough." Defendants in their response did not give any reasons for why this topic would be relevant or necessary to any element of any claim in this case.

29. **GRANTED.** Plaintiffs' twenty-ninth *in limine* topic seeks to exclude "[a]ny testimony or other evidence that references Daryl Kimbrough's alleged alcohol use or abuse." Defendants in their response did not give any reasons for why this topic would be relevant or necessary to any element of any claim in this case.

30. **GRANTED.** Plaintiffs' thirtieth *in limine* topic seeks to exclude "[a]ny testimony or other evidence alleging 'forgery' as there is no evidence than anyone forged any signatures on any relevant documents." Defendants have not alleged "forgery" in their Answers, Counterclaims, Motions, or Responses to Plaintiffs' Motion in Limine. Consequently, factual or legal allegations of "forgery" or fabrication may be not be referenced at trial.

31. **GRANTED.** Plaintiffs' thirty-first *in limine* topic seeks to prohibit Defendant from offering testimony by their expert Casey Erick to the extent his testimony is relevant to the amount and reasonableness of the attorneys' fees incurred by Defendants. Defendants no longer have affirmative claims in this case and cannot recover fees for defense of an FLSA case.

32. **DENIED.** Plaintiffs' thirty-second *in limine* topic seeks to exclude testimony by defense expert, Leslie Johanson. Plaintiffs contend Defendants misrepresented the subject matter of the expert's testimony. The expert report, however, is not in the record for the Court to review. Plaintiffs are free to object to the testimony at trial or file for leave to file an expert objection as expert objections were due April 3, 2020. ECF No. 76 at 4; ECF No. 122 at 4.

33. **DENIED.** Plaintiffs' thirty-third *in limine* topic seeks exclude testimony by defense expert, Diane Meehan. Plaintiffs contend Defendants misrepresented the subject matter of the expert's testimony. The expert report, however, is not in the record for the Court to review. Plaintiffs are free to object to the testimony at trial or file for leave to file an expert objection as expert objections were due April 3, 2020. ECF No. 76 at 4; ECF No. 122 at 4.

CONCLUSION

For the reasons stated above, Defendants' Motion for Leave to File Trial Briefs (ECF No. 159) is GRANTED. The Courts finds that Defendants' Motion (ECF No. 125) should be DENIED in its entirety. Plaintiffs' Motion (ECF No. 129) is GRANTED IN PART and DENIED IN PART.

Additionally, the Court ORDERS that at least one Plaintiff and one Defendant shall be **present in person** at the pretrial conference scheduled for **Wednesday, February 24, 2021**, and counsel shall certify that said person shall have unlimited settlement authority for each party.

**SO ORDERED**.

February 22, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

9