IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL KIMBROUGH, MSN, FNP-C, <br> MARY BENARD, MSN, FNP-C and <br> TINA SPOHN-LEDFORD, MSN, FNP-C, <br><br> Plaintiffs, <br><br> vs. <br><br> NAEEM KHAN, M.D. and <br> AMARILLO URGENT CARE, LLC, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL NO. 2:18-CV-00082-Z-BR |

**JOINT MOTION FOR ENTRY OF A PERMANENT INJUNCTION**

COME NOW Plaintiffs Darrell Kimbrough, MSN, FNP-C, Mary Benard, MSM FNP-C and Tina Spohn-Ledford (collectively "Plaintiffs") and Defendants Naeem Khan, M.D. And Amarillo Urgent Care, LLC (collectively "Defendants") and file this Joint Motion for Entry and in support thereof state as follows:

1. This Motion is brought pursuant to Federal Rule of Civil Procedure 65(d); Fair Labor Standards Act 29 U.S.C.§§ 215(a)(3); 216(b) and the inherent authority of this Court to provide injunctive relief.

2. Plaintiffs and Defendants reached a compromise and settlement of all claims between them on all issues in this case.  A Notice of Compromise and Settlement Agreement was filed with the Court on February 24, 2021.  The Court entered an Order on February 25, 2021 directing the Parties to file a Joint Stipulation of Dismissal in compliance with Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

3. A material term of the Parties' Settlement Agreement is that they would request that the Court enter a Joint Permanent Injunction to enjoin specific practices that gave rise to the

4. claims and defenses asserted in this lawsuit. A copy of the proposed Permanent Injunction is attached to this Motion as Exhibit "A."

4. The Parties represent to the Court that the entry of the proposed Permanent Injunction will further the purposes of the Fair Labor Standards Act and serve to avoid future violations of the Fair Labor Standards Act.

**WHEREFORE PREMISES CONSIDERED**, separate Plaintiffs Darrell Kimbrough, MSN FNP-C, Mary Benard, MSN FNP-C and Tina Spohn-Ledford, MSN FNP-C and Naeem Khan, M.D. and Amarillo Urgent Care, LLC respectfully pray that the Court enter the Permanent Injunction as attached as Exhibit "A" to this joint motion.

Dated: March 11, 2021                                    Respectfully submitted,

Plaintiffs:                                              Defendants:

/s/ Shawn D. Twing                                       /s/ Casey S. Erick

MULLIN HOARD & BROWN, LLP                                COWLES & THOMPSON, PC
Shawn D. Twing, SBN 00798008                             Casey S. Erick, SBN 24028564
500 S. Taylor St., Suite 800                             901 Main St, Suite 3900
Amarillo, Texas 79101-1656                               Dallas, TX 75202
(806) 372-5050 telephone                                 (214) 672-2138 telephone
(806) 372-5086 facsimile                                 (214) 672-2338 facsimile
stwing@mhba.com                                          cerick@cowlesthompson.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DARRELL KIMBROUGH, MSN, FNP-C, <br> MARY BENARD, MSN, FNP-C and <br> TINA SPOHN-LEDFORD, MSN, FNP-C, <br><br> Plaintiffs, <br><br> vs. <br><br> NAEEM KHAN, M.D. and <br> AMARILLO URGENT CARE, LLC, <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL NO. 2:18-CV-00082-Z-BR |

## PERMANENT INJUNCTION

COMES NOW BEFORE THE COURT Plaintiffs Darrell Kimbrough, MSN, FNP-C, Mary Benard, MSM FNP-C and Tina Spohn-Ledford (collectively "Plaintiffs") and Defendants Naeem Khan, M.D. and Amarillo Urgent Care, LLC (collectively "Defendants") (all collectively referred to herein as "the Parties") appearing through their undersigned counsel, and present for consideration a Joint Motion for Entry of a Permanent Injunction and in support thereof represent to the Court as follows:

1. The Parties have entered into a Compromise and Settlement Agreement concerning all claims and counterclaims asserted in this case;

2. The Parties have filed a Joint Stipulation of Dismissal in accordance with FED. R. CIV. P. 41 (a) (1) (ii);

3. Along with their Joint Stipulation of Dismissal in accordance with FED. R. CIV. P. 41 (a) (1) (ii), the Parties have filed a Joint Motion for Entry of a Permanent Injunction pursuant to Federal Rule of Civil Procedure 65(d) and Fair Labor Standards Act 29 U.S.C.§§ 215(a)(3); 216(b);



4. The Parties represent to the Court that the entry of Permanent Injunctive relief is a material term of their Settlement Agreement, subject to the Court's approval;

5. By virtue of the Parties' Settlement Agreement, Defendants do not admit any liability to Plaintiffs or to anyone else for any alleged violation of the Fair Labor Standards Act;

6. The Parties represent that a Permanent Injunction will effectuate the policy and purposes of 29 U.S.C. § 215(a)(3) of the Fair Labor Standards Act; and

7. That compliance with the terms of this Permanent Injunction shall constitute evidence that Defendants acted "in good faith conformity" with the Department of Labor as provided under 29 U.S.C. §§ 259 and 260 and that Defendants may assert such a defense to any future allegations of violations of the Fair Labor Standards Act.

WHEREFORE, after reviewing the Parties' Joint Motion, arguments from counsel along with all matters properly before it, the Court FINDS that entry of permanent injunctive relief is justified under the law and facts of this case; THEREFORE, Defendants are hereby permanently and prospectively enjoined from:

1. Discharging, or in any manner discriminating against any employee because the employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to 29 U.S.C. §§ 206 or 207;

2. Failing to maintain complete and accurate time and payroll records are required 29 U.S.C. § 211(c) and 29 C.F.R. Part 516;

3. Failing to maintain a written policy and procedure which allows employees to raise questions or communicate concerns regarding compliance with the Fair Labor Standards Act and submit a complaint under the Fair Labor Standards Act.  The policy and procedure must identify

the person to whom an inquiry or complaint should be addressed, and the method of submitting an inquiry or complaint.

    4. Failing to maintain a written policy and procedure regarding when and under what circumstances an employee may or may not work overtime hours, including whether overtime hours must be approved in advance, how approval must be secured and any consequences of accumulating unauthorized overtime hours.

    5. Failing to maintain a written policy and procedure regarding when and under what circumstances an employee may or may not work remotely and if allowed how hours worked remotely must be recorded and compensated.

SO ORDERED.

March \_\_\_\_\_, 2021

 

                                                _____
                                                MATTHEW J. KACSMARYK
                                                UNITED STATES DISTRICT JUDGE