IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| DARRELL KIMBROUGH, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § | 2:18-CV-082-Z |
| | § § | |
| NAEEM KHAN, M.D. and AMARILLO URGENT CARE, LLC, | § § § | |
| Defendants. | § | |

**PERMANENT INJUNCTION**

Before the Court are the parties' Joint Motion for Entry of a Permanent Injunction (ECF No. 165) and the parties' Joint Stipulation of Dismissal without Prejudice (ECF No. 166). Having reviewed the Joint Motion, the Court GRANTS the motion.

To support the motion, the parties have offered the following stipulations:

1. The Parties have entered into a Compromise and Settlement Agreement concerning all claims and counterclaims asserted in this case;

2. The Parties have filed a Joint Stipulation of Dismissal in accordance with Fed. R. Civ. P. 41(a)(1)(ii);

3. Along with their Joint Stipulation of Dismissal in accordance with FED. R. CIV. P. 41 (a)(1) (ii), the Parties have filed a Joint Motion for Entry of a Permanent Injunction pursuant to Federal Rule of Civil Procedure 65(d) and Fair Labor Standards Act 29 U.S.C.§§ 215(a)(3); 216(b);

4. The Parties represent to the Court that the entry of Permanent Injunctive relief is a material term of their Settlement Agreement, subject to the Court's approval;

5. By virtue of the Parties' Settlement Agreement, Defendants do not admit any liability to Plaintiffs or to anyone else for any alleged violation of the Fair Labor Standards Act;

6. The Parties represent that a Permanent Injunction will effectuate the policy and purposes of 29 U.S.C. § 215(a)(3) of the Fair Labor Standards Act; and

7. That compliance with the terms of this Permanent Injunction shall constitute evidence that Defendants acted "in good faith conformity" with the Department of Labor as provided under 29 U.S.C. §§ 259 and 260 and that Defendants may assert such a defense to any future allegations of violations of the Fair Labor Standards Act.

After reviewing the Parties' Motion, the applicable law, and the facts of the case, the Court FINDS that entry of permanent injunctive relief is justified. Accordingly, Defendants are hereby PERMANENTLY ENJOINED from:

1. Discharging, or in any manner discriminating against any employee because the employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to 29 U.S.C. §§ 206 or 207;

2. Failing to maintain complete and accurate time and payroll records are required 29 U.S.C. § 211(c) and 29 C.F.R. Part 516;

3. Failing to maintain a written policy and procedure which allows employees to raise questions or communicate concerns regarding compliance with the Fair Labor Standards Act and submit a complaint under the Fair Labor Standards Act. The policy and procedure must identify the person to whom an inquiry or complaint should be addressed, and the method of submitting an inquiry or complaint.

4. Failing to maintain a written policy and procedure regarding when and under what circumstances an employee may or may not work overtime hours, including whether overtime hours must be approved in advance, how approval must be secured and any consequences of accumulating unauthorized overtime hours.

5. Failing to maintain a written policy and procedure regarding when and under what circumstances an employee may or may not work remotely and if allowed how hours worked remotely must be recorded and compensated.

The Court acknowledges the parties' Joint Stipulation of Dismissal WITHOUT PREJUDICE pursuant to Fed R. Civ. P. 41(a)(1)(A)(ii). Accordingly, this case has been terminated. The Court hereby ORDERS the United States District Clerk to CLOSE this civil case.

**SO ORDERED.**

March 12, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE